BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP
Michael Vatis
Paul A. Del Aguila
1155 Avenue of the Americas, 26th Floor
New York, NY 10036
Tel.: 646.593.7050
mvatis@beneschlaw.com
pdelaguila@beneschlaw.com

Attorneys for Plaintiff
Vinci Brands LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VINCI BRANDS LLC,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>COACH SERVICES, INC., KATE SPADE, LLC, TAPESTRY, INC., and CASE-MATE, INC.<br><br>                    Defendants. | Civil Action No. 1:23-CV-05138 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO FILE ITS REPLY BRIEF AND ACCOMPANYING**
**EXHIBITS UNDER SEAL**

Plaintiff Vinci Brands LLC ("Plaintiff" or "Vinci"), by its attorneys, Benesch Friedlander Coplan & Aronoff, for its Memorandum of Law in Support of its Motion to File its Reply in Support of its Motion for Temporary Restraining Order and Preliminary Injunction ("Reply Brief") and Accompanying Exhibits under Seal ("Motion to File Under Seal"), states as follows:

**INTRODUCTION**

As demonstrated herein and in the accompanying Motion to File a Reply Brief and Accompanying Exhibits Under Seal, good cause exists to seal Plaintiff's Reply Brief and Exhibits.

As stated in Plaintiff's Motion to File Under Seal, Plaintiff's Reply Brief and its accompanying exhibits reference or incorporate terms of the parties' License Agreement, which is the contract at issue. As the parties agreed to maintain the confidentiality of the information contained therein, Plaintiff's Reply Brief and accompanying exhibits should be sealed.

## BACKGROUND

On or about April 25, 2014, Incipio Technologies, Inc. ("Incipio") and Kate Spade, entered into a License Agreement, and entered into various amendments to the same over the course of several years, all of which incorporated the terms of the License Agreement. Vatis Dec., ¶ 1. The License Agreement contains a broad confidentiality clause that obligates Plaintiff to keep the information therein confidential. Vatis Dec., ¶ 2.

## LEGAL STANDARD

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 20060. First, a court must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Finally, the Court must balance competing considerations against the presumption of access. *Lugosch*, 435 F.3d at

120 (internal quotation marks and citation omitted). One consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F.Supp.3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted). Importantly, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Further, in the past the Second Circuit has allowed sealing of judicial documents containing protected or confidential information when the need for the same properly arises. *See Mersen USA EP Corp. v. TDK Elecs. Inc.*, 594 F.Supp.3d 570, 585-88 (S.D.N.Y. 2022) (complaint filed under seal because it contained confidential business information).

## ARGUMENT

Here, as illustrated by the contemporaneously filed Vatis Declaration, the contents of Plaintiff's Reply Brief and Accompanying Exhibits meet the standard for sealing. While the Reply Brief and its Exhibits are judicial documents that play a central role in this Court's exercise of its Article III judicial power, allowing access to the same will necessarily negatively impact the privacy interests of the parties to the Licensing Agreement, as the parties are contractually bound to keep the information and terms set forth therein confidential. Even beyond the bounds of the confidentiality agreement, Plaintiff's Reply Brief includes references and attachments related to Plaintiff's highly confidential and sensitive business information which, if publicly known, could harm Plaintiff's business. Simply put, the potential public interest (if any) in learning the specifics of the License Agreement and certain dealings between private actors is outweighed by the interest in protecting the confidentiality agreed to by the parties to the License Agreement and protecting

Plaintiff's continued viability as a going concern.

The proposed sealing is narrowly tailored to achieve the goal of protecting the confidentiality of the terms and conditions that the parties agreed to keep confidential. As evidenced by the fact that Plaintiff has already filed its Amended Complaint publicly along with several other filings with limited redactions, Plaintiff proposes filing under seal only the materials which describe or detail the terms and conditions set forth in the License Agreement, which here means its Reply Brief and Accompanying Exhibits.

## CONCLUSION

For the reasons set forth above, and as set forth in the Vatis Declaration, Plaintiff respectfully request that the Court grant its Motion for Leave to file its Reply Brief and Accompanying Exhibits under Seal.

Dated:  July 10, 2023                    Respectfully submitted,


                                         By: /s/ Michael Vatis_____
                                             Michael Vatis

                                         **BENESCH, FRIEDLANDER, COPLAN**
                                          **& ARONOFF LLP**
                                         1155 Avenue of the Americas, 26th Floor
                                         New York, NY 10036
                                         Tel: 646.593.7050
                                         mvatis@beneschlaw.com

                                         *Attorney for Plaintiff*