

July 18, 2023

Christine Cesare
Partner
Direct:  +1 212 541 1228
Fax:  +1 212 904 0506
cbcesare@bclplaw.com

Honorable Lorna G. Schofield
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Via ECF**

Re:   *Vinci Brands LLC v. Coach Services, Inc. et al.*, 1:23-cv-05138-LGS ("Vinci Action"):
   –  **Request for Leave to File Sur-Reply**

Dear Judge Schofield:

We write on behalf of Defendants Coach Services, Inc., Kate Spade LLC, and Tapestry, Inc. (collectively, "KSNY") for leave to file a combined surreply and reply Memorandum of Law ("Memorandum") annexed hereto as Exhibit A, the accompanying Declaration of Jacquelynne de Lagarde (with exhibits) annexed hereto as Exhibit B, and the accompanying Declaration of Christine Cesare (with exhibits) annexed hereto as Exhibit C (collectively, "Surreply Declarations"), in response to the Reply filed by Vinci Brands LLC ("Vinci") on July 11, 2023 (ECF Nos. 86) in this action.

Rather than seek leave to file a surreply memorandum that would have been in addition to a reply memorandum in the related case, *Kate Spade LLC et al. v. Vinci Brands LLC*, 1:23-cv-05409-LGS ("KSNY Action"), we have combined them into a single Memorandum because the issues raised in the Surreply and Reply overlap. The Memorandum addresses issues that are common to both the KSNY Action and the Vinci Action, including questions raised by the Court at the June 27, 2023 hearing in both actions. More, the Memorandum totals only 10 pages (not including the signature block). Therefore, this filing will not burden the Court, but rather ensure the record is complete in both the Vinci and KSNY Actions.

KSNY's filing of arguments and Declarations in sur reply in the Vinci Action are warranted because Vinci raised three new issues in its reply papers that it did not raise in its opening brief, as follows:

(i)   Vinci alleges that KSNY had, and allegedly breached, an obligation to renegotiate a substantial amount of Guaranteed Minimum Royalties, given an allegedly "unexpected variance" under the terms of the License Agreement.  (Vinci Action ECF No. 83, p.3.)

The Honorable Lorna G. Schofield
July 18, 2023
Page 2



(ii)   In three declarations, from Steve Latkovic, Alex Wang, and Adam Levin, Vinci purports to provide a substantial amount of new material regarding its argument relating to the Force Majeure provision in the License Agreement.  (Vinci Action ECF Nos. 81-1, 81-2, 81-3.)

(iii)  Vinci provided additional information regarding a loan from Siena Lending Group LLC (Vinci Action ECF No. 83, p.9; ECF No. 81-1, ¶51 and Exh. I, all under seal), which had not been fully disclosed except in general terms (*see* Vinci Action ECF No. 37-5, ¶28 and Exh. 11).  This newly detailed information is material to KSNY's arguments.

Fairness requires providing KSNY an opportunity to consider and respond to these new arguments.  *See, e.g., Ellenburg v. JA Solar Holdings Co. Ltd.*, 262 F.R.D. 262, 265 n.1 (S.D.N.Y. 2009) (granting leave to file surreply where movant first presented its arguments on an issue in its reply).

We requested consent from Vinci's counsel, and he advised that Vinci would only consent to a five page surreply, which is not sufficient under the circumstances.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Christine Cesare*

**Christine Cesare**
Partner

cc:   All Counsel Via ECF