UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
VINCI BRANDS LLC,
                     Plaintiff,

        -against-                      23 Civ. 5138 (LGS)

COACH SERVICES, INC., et al.,
                     Defendants.

-------------------------------------------------------------   **ORDER**

KATE SPADE LLC, et al.,
                     Plaintiffs,

        -against-                      23 Civ. 5409 (LGS)

VINCI BRANDS LLC, et al.,
                     Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on September 12, 2023, this Court issued a preliminary injunction opinion and order (the "PI Order") finding a clear or substantial likelihood that Defendants would be able to show that the license agreement (the "Agreement") between Kate Spade LLC ("Kate Spade") as licensor and Vinci Brands LLC ("Vinci") as licensee for mobile phone cases and similar products terminated as of July 18, 2023.  As injunctive relief and without prejudice to the parties' legal arguments, the PI Order directs the parties to follow the post-termination procedures set forth in Section 12 of the Agreement and to file within a week a joint letter setting forth their compliance with the PI Order;

WHEREAS, on September 19, 2023, the parties filed a joint letter asking for the Court's assistance to facilitate winding up their relationship and implementing the post-termination provisions in the Agreement;

WHEREAS, after termination of the Agreement, and subject to the PI Order and the License Agreement's Section 12.3: (i) Vinci is permitted to complete production of items that were in process as of July 18, 2023, <u>or</u> part of a written (non-cancelable) order received before or as of July 18, 2023, and (ii) after production of those items is complete, the items are subject to Kate Spade's Inventory Purchase Option;

WHEREAS, after termination of the Agreement, and under the PI Order and Section 12.2 of the License Agreement, Vinci is permitted to sell an item directly to a customer: (i) if the item existed in Vinci's inventory as of July 18, 2023, <u>and</u> (ii) that same item, as of July 18, 2023, was the subject of a written order from the customer, but as set forth below, whether the order is cancelable or not is immaterial;

WHEREAS, Vinci asks for two separate letters of authorization permitting Vinci's suppliers and customers, respectively, to act in accordance with the PI Order.  Kate Spade seeks certain information and assurances that Vinci's proposal to complete production of "in process" items and to sell items directly to customers complies with the above restrictions.  Neither party's requests are required by the Agreement, but the PI Order cannot be executed without a resolution of the parties' requests.  In response to the parties' request for assistance, the Court orders as follows: it is hereby

**ORDERED** that, as set forth above, Vinci may fulfill written orders it received from customers as of July 18, 2023, whether or not such orders are cancelable.  The Agreement does not require customer orders to be canceled.  The only section of the Agreement that requires all cancelable orders to be canceled, Section 12.1(b), uses the term "non-cancelable orders" as

referring to orders for "work in process and materials . . . in the possession of contractors and in transit, including non-cancelable orders" -- i.e., Vinci's orders with contractors.  This interpretation is consistent with the last sentence of Section 12.1(b), which requires that "all cancelable orders for Licensed Merchandise and/or related materials shall promptly be canceled."  Orders for "Licensed Merchandise" (rather than "Approved Licensed Merchandise") are Vinci's orders with its contractors because the Agreement permits customer orders only for Approved License Merchandise.  Sections 12.2 and 12.3 address written orders received from customers and use the term "Approved License Merchandise."  It is further

  **ORDERED** that Vinci shall provide the information to Kate Spade for items in the "in process" category, which (subject to the parties' comments) may consist of the following:

> (1) the item designation (Kate Spade SKU) and brief description; (2) the date a written (non-cancelable) order was received, as applicable; (3) basis for the written order being non-cancelable; (4) the total units in process and (5) the date of completion of production or an estimate thereof.

Along with such information, Vinci shall confirm in writing that the items were in process as of July 18, 2023, <u>or</u> part of a written (non-cancelable) order received before or as of July 18, 2023.  Kate Spade is not entitled to information on Vinci's suppliers, the units' location and landing costs.  It is further

  **ORDERED** that Vinci shall provide the following information to Kate Spade for items Vinci intends to sell, which (subject to the parties' comments) may consist of the following:

> (1) the item designation (Kate Spade SKU) and brief description; (2) the date the written order was received; (3) the total units in inventory that Vinci seeks to sell; (4) the wholesale unit price and (5) total wholesale value of the units in inventory that Vinci seeks to sell.

Along with such information, Vinci shall confirm in writing that the items (i) existed in Vinci's inventory as of July 18, 2023, <u>and</u> (ii) as of as of July 18, 2023, were the subject

of a written order from the customer.  Kate Spade is not entitled to information about Vinci's customers.  It is further

      **ORDERED** that, by **September 22, 2023**, each party may file a letter proposing any modification to the above lists of information and explaining such proposal.  It is further

      **ORDERED** that, by **September 22, 2023**, Kate Spade may file a letter explaining any proposed revisions to the two letters of authorization proposed by Vinci (appended to Dkt. No. 151) and appending copies of the letters in "track changes" showing the revisions.

      Upon the Court's approval of the lists of information Vinci is to provide Kate Spade, Vinci shall provide the information to Kate Spade as soon as possible, and shall file a letter with the Court confirming that the information as ordered has been provided.  Upon the later of the Court's approval of the letters of authorization and Kate Spade's receipt of the required information, Kate Spade shall forthwith provide Vinci signed copies of the letters of authorization.  Vinci is authorized to disseminate the signed letters only to the suppliers and customers that meet the criteria above.

Dated: September 21, 2023
       New York, New York

                                                  LORNA G. SCHOFIELD
                                            UNITED STATES DISTRICT JUDGE