UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCI BRANDS LLC,<br><br>Plaintiff,<br><br>v.<br><br>COACH SERVICES, INC., KATE SPADE, LLC, TAPESTRY, INC. and CASE-MATE, INC.,<br><br>Defendants. | Civil Action No.: 1:23-cv-5138<br><br>CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |

LORNA G. SCHOFIELD, United States District Judge:

  This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  *See* 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  *[If all parties consent, the remaining paragraphs need not be completed.]*

2.  The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

3.  This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

  a.  An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
    No

  b.  A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
    No

  c.  A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
    No

  d.  A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
    No

Revised January 3, 2023

4. Alternative Dispute Resolution/Settlement

    a. Settlement discussions have taken place between Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc. and Vinci Brands LLC. Case-Mate has not participated in any settlement discussions.

    b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
N/A

    c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
Pursuant to an Order in Case No. 1:23-cv-5138, dated June 29, 2023, Vinci Brands LLC, Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc. were referred to a settlement conference with Hon. Valerie Figueredo. ACS Group Acquisitions LLC also participated in that settlement conference, which took place on July 5, 2023. The identified parties attended from 2:00pm to 7:20pm. The identified parties were unable to reach a resolution.

    d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
Vinci Brands LLC, Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc., propose a settlement conference before Hon. Valerie Figueredo within the next 60 days. Case-Mate does not object to participating in a settlement conference, but asks that the Court address its pending request for leave to move to dismiss.

    e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined without leave of Court.

6. Amended pleadings under Fed. R. Civ. P. 15(a)(1) may not be filed without leave of Court.

7. Case-Mate, Inc. proposes that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 30 days after the last answer is filed. The other parties propose that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than October 11, 2023. [Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]

8.     Fact Discovery

    a.    Vinci Brands LLC proposes, given the unique complexities of its claims, the multiple parties involved in this matter and the likelihood of written and oral discovery in China, that all fact discovery be completed no later than April 1, 2024. Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc. propose that all fact discovery shall be completed no later than March 1, 2024. Case-Mate asks the Court to stay discovery pending ruling on the pending requests for leave to move to dismiss. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

    b.    Vinci Brands LLC proposes that initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by March 1, 2024. Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc. propose that initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by January 31, 2024. Case-Mate asks the Court to stay discovery pending ruling on the pending requests for leave to move to dismiss.

    c.    Vinci Brands LLC proposes that responsive documents shall be produced by April 1, 2024. Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc. propose that responsive documents shall be produced by March 1, 2024. Case-Mate asks the Court to stay discovery pending ruling on the pending requests for leave to move to dismiss.
Do the parties anticipate e-discovery? <u>Yes, and the parties will separately submit a proposed Order Governing the Discovery of Electronically Stored Information ("ESI") (including emails and other electronic communications).</u>

    d.    Vinci Brands LLC proposes that interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by March 1, 2024. Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc. propose that interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by January 31, 2024. Case-Mate asks the Court to stay discovery pending ruling on the pending requests for leave to move to dismiss.

    e.    Vinci Brands LLC proposes that depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by April 1, 2024. Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc. propose that depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by March 1, 2024. Case-Mate asks the Court to stay discovery pending ruling on the pending requests for leave to move to dismiss.

    f.    Vinci Brands LLC proposes that requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by March 1, 2024. Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc. propose that requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by January 31, 2024. Case-Mate asks the Court to stay discovery pending ruling on the pending requests for leave to move to dismiss.

      g.      Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. Expert Discovery [if applicable]

    a.    Anticipated types of experts if any:
          The parties anticipate potential industry experts, liability experts, causation experts, and damages experts, reserving all rights to challenges to expert testimony.

    b.    Given the number of anticipated experts in this matter, Vinci Brands LLC proposes that all expert discovery shall be completed no later than May 31, 2024 (or 60 days following the fact discovery deadline). Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc. propose that all expert discovery shall be completed no later than April 26, 2024 (or 56 days following the fact discovery deadline). Case-Mate asks the Court to stay discovery pending ruling on the pending requests for leave to move to dismiss. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

    c.    Vinci Brands LLC proposes that by March 1, 2024, and Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc. propose that by January 31, 2024, *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b). Case-Mate asks the Court to stay discovery pending ruling on the pending requests for leave to move to dismiss.

10. This case is to be tried to a jury.

11. Counsel for the parties have conferred, and Vinci Brands LLC and Case-Mate's best estimate of the length of trial is 8-10 court days, and Coach Services, Inc., Kate Spade, LLC, and Tapestry, Inc.'s best estimate is 6-8 court days.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

Case-Mate respectfully submits that discovery, including the exchange of initial disclosures, should be stayed until the Court rules on the parties' several pending requests for leave to move to dismiss.
Given that the parties, including Case-Mate, have already exchanged documents and presented evidence at the July 7, 2023, Preliminary Injunction hearing, Vinci Brands LLC respectfully submit that discovery should not be stayed.

13. Status Letters and Conferences

    a. By December 4, 2023 *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

    b. By 14 days after the close of fact discovery, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. 14 days after the close of all discovery, at a time to be set by the Court, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference, even though the conference will be held by telephone.

SO ORDERED.

Dated: _____
      New York, New York

                                                  LORNA G. SCHOFIELD
                                            United States District Judge

Counsel for the Parties:

Michael A. Vatis
BENESCH, FRIEDLANDER, COPLAN &ARONOFF LLP
1155 Avenue of the Americas, 26th Floor
New York, New York 10036
Tel: 646.593.7050
mvatis@beneschlaw.com
*Counsel for Vinci Brands, LLC*

Nick E. Williamson
BRYAN CAVE LEIGHTON PAISNER LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Tel: (314) 259-2661
nick.williamson@bclplaw.com
*Counsel for Coach Services, Inc., Kate Spade, LLC and Tapestry, Inc.*

Erika C. Birg
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Tel: (404)322-6110
*Counsel for Case-Mate, Inc.*