Good UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
VINCI BRANDS LLC,                                           :
                              Plaintiff,                    :
                                                            :
            -against-                                       :      23 Civ. 5138 (LGS)
                                                            :
COACH SERVICES, INC., et al.,                               :
                              Defendants.                   :
                                                            :
-----------------------------------------------------------:       **ORDER**
                                                            :
KATE SPADE LLC, et al.,                                     :
                              Plaintiffs,                   :
                                                            :
            -against-                                       :      23 Civ. 5409 (LGS)
                                                            :
VINCI BRANDS LLC, et al.,                                   :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Vinci Brands LLC ("Vinci") has filed five motions to seal documents submitted in connection with Vinci's Amended Complaint and the parties' cross-motions for a temporary restraining order and preliminary injunction. Kate Spade LLC ("Kate Spade") and Coach Services, Inc. (together, "KSNY") has filed nine motions to seal in connection with KSNY's complaints and the parties' cross-motions for a temporary restraining order and preliminary injunction. Because the motions present similar issues and the memoranda of law submitted in connection with the motions present similar arguments, they are addressed together below.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is

"a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1]  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.*  The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).  Examples of "higher values" include protecting the attorney-client privilege, *see Lugosch*, 435 F.3d at 125, the privacy of innocent third parties, *see United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, the exhibits to the parties' complaints and the cross-motions for a temporary restraining order and preliminary injunction, accompanying exhibits and the memoranda of law

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

in support of the cross-motions are judicial documents.  The documents are "relevant to the performance of the judicial function and useful in the judicial process."  *See Lugosch*, 435 F.3d at 119.  "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016).  The presumption of public access is particularly strong for these documents.  *See id.* at 142 ("[W]e easily determine that the weight of the presumption here is strong.  Pleadings, such as the complaint here, are highly relevant to the exercise of Article III judicial power.").  Similarly, documents submitted in connection with motions for a temporary restraining order and preliminary injunction are documents that "directly affect an adjudication," s*ee Lugosch*, 435 F.3d at 119, and should thus "generally be subject to public scrutiny," *see Pers. Staffing Grp., LLC v. XL Ins. Am., Inc.*, No. 22 Civ. 10259, 2023 WL 4304688, at *2 (S.D.N.Y. June 30, 2023).

WHEREAS, "a strong presumption of access attaches" because these are documents "used to determine litigants' substantive legal rights."  *Lugosch*, 435 F.3d at 121.

WHEREAS, one consideration that may override the presumption of public access is the confidentiality of sensitive commercial information.  *Syntel*, 2021 WL 1541385, at *3.  With the exceptions described below, the parties have not sufficiently explained why the information sought to be sealed or redacted, such as copies of the termination notices and letters between the parties, is commercially sensitive.  That the information the parties seek to redact may be subject to the confidentiality clause of the license agreement between Kate Spade and Vinci is insufficient to overcome the presumption of public access.  *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for

3

confidentiality does not overcome the presumption of access to judicial documents." (collecting cases)).  For example, the parties do not explain how public access to the termination notices -- the substance of which is included in the preliminary injunction opinion itself in explaining this Court's reasoning -- would "cause competitive harm" that outweighs the right of public access. *See Syntel*, 2021 WL 1541385, at *3.  "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations . . . insufficient to justify sealing." *Id.* at *2.  The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values." *Lugosch*, 435 F.3d at 120. The parties have not offered a sufficient factual basis to make these findings.

WHEREAS, where the parties seek to redact financial information such as licensing fees and the Siena loan amount, production timelines and information about manufacturers, suppliers or distributors, the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to these filings.  However, to the extent the parties request to seal entire documents, with the exception of the license agreement and its amendments, the parties' justifications are often insufficient to seal the documents in their entirety.  In addition, the commercial sensitivity of some documents, such as the fall 2023 line-up of Kate Spade-branded phone cases, now appears to be stale.  It is hereby

**ORDERED** that the parties' motions to seal at Dkts. 12, 33, 52, 65, 98 and 106 in Case No. 23 Civ. 5138 and Dkts. 5, 26 and 54 in Case No. 23 Civ. 5409 are **DENIED** without prejudice to renewal except they are **GRANTED** in accordance with the rulings described above on the parties' license agreement and its amendments, along with the parties' proposed redactions for financial information such as licensing fees and the Siena loan amount, production

timelines and information about manufacturers, suppliers or distributors.  The parties' motions at Dkts. 80 and 92 in Case No. 23 Civ. 5138 and Dkts. 30 and 39 in Case No. 23 Civ. 5409 are **DENIED** because in each case the movant modified the requested relief in a subsequent motion. Vinci's motion at Dkt. 47 is **GRANTED**.  All documents currently filed under seal shall remain under seal at this time.  It is further

    **ORDERED** that by **October 11, 2023**, the parties shall either (1) file renewed motions or (2) file unredacted versions of the remaining documents at issue on the public docket.  If the parties file renewed motions, they shall group the information sought to be redacted into categories and provide further detail of why the public disclosure of each category would result in harm to the parties' business interests.  Any renewed motions shall comply with the Court's Individual Rule I.D.3 ("[T]he filing party shall . . . electronically file under seal a copy of the unredacted document with the proposed redactions <u>highlighted</u>.").  Each category shall also be assigned a color and number.  The parties shall highlight the proposed redactions in that category's color and annotate each highlight with the category's number.

    The Clerk of Court is respectfully directed to close the motions at Dkts. 12, 33, 52, 65, 80, 92, 98 and 106 in Case No. 23 Civ. 5138 and Dkts. 5, 26, 30, 39, 47 and 54 in Case No. 23 Civ. 5409.

Dated:  September 27, 2023  
        New York, New York

                                                  LORNA G. SCHOFIELD  
                                       UNITED STATES DISTRICT JUDGE