Application **DENIED**. The Court will neither consolidate Case Nos. 23 Civ. 5138 and 23 Civ. 5409 nor sever the claims against Case-Mate in Case No. 23 Civ. 5138. The two cases involve similar factual backgrounds but different claims. Consolidation will not promote judicial economy when the two cases already follow a similar discovery schedule.

The Clerk of Court is respectfully directed to close the motion at Dkt. 211.

Dated: February 7, 2024
      New York, New York

*[signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**VIA ECF**
The Honorable Lorna G. Schofield
United State District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:   *Kate Spade LLC, et al. v. Vinci Brands LLC, et al.*, Case No. 23-cv-05409;
          <u>*Vinci Brands LLC v. Coach Services, Inc., et al.*, Case No. 23-cv-05138</u>

Dear Judge Schofield:

    The undersigned firms represent ACS Group Acquisitions LLC ("ACS") and Vinci Brands LLC ("Vinci") in the above-referenced action. We write, pursuant to Rule III.A.1 of Your Honor's Individual Practice Rules, to respectfully request leave to move to consolidate the above-captioned actions and that a pre-motion conference be held on February 1, 2024, ten (10) days after the filing of this letter, or as soon thereafter as counsel may be heard.

    The Court is well-aware of the facts of this case. For eight years beginning in 2014, Kate Spade[1], a trademark owner, gave a license to Vinci to use Kate Spade trademarks in its manufacture and sale of mobile products. On June 14, 2023, Kate Spade purported to terminate the license, and, on the same day, entered into a license with Case-Mate, Inc. ("Case-Mate") – Vinci's direct competitor, who just months prior feigned interest in buying a portion of Vinci's business, only to twice renege after it obtained Vinci's confidential and proprietary business information. Multiple litigations ensued both in federal and state court: Vinci sued Kate Spade, LLC and its two affiliates, and Case-Mate (the "Vinci Action"); Kate Spade, LLC and only one of its affiliates sued Vinci under separate caption (the "KSNY Action")[2]; ACS – as the secured lender of Vinci with rights to all its collateral – sued Kate Spade in New York State court. Rather than counterclaiming in state court, Kate Spade amended its complaint, adding ACS into the lawsuit.

    The last seven months of litigation in this Court – including multiple settlement conferences, the preliminary injunction hearing, numerous Orders, competing motions to dismiss, and most recently, more TROs and injunctions – show that these are interrelated cases that have substantially the same parties and involve substantially the same issues. Though the matters have not been consolidated, Your

---

[1]    Kate Spade, LLC, Coach Services, Inc. and Tapestry, Inc. are collectively referred to as "Kate Spade."
[2]    The Vinci Action and the KSNY Action are collectively referred to as the "Actions."

*January 22, 2023*
*Page 2 of 4*

Honor has treated *all* conferences, hearings, and orders as if the matters were consolidated, and thus have involved all parties and counsel across the two actions.  In addition, the Court determined that discovery in both actions would follow the same track and schedule.  And because the litigations arise out of a common nucleus of facts, the written discovery propounded by all parties – and the documents responsive to such requests – do and will have significant overlap.

Because of these entities' relationship and the Actions overlap in issues and facts, the Vinci Action directly affects the outcome of the KSNY Action and vice versa.

## **THE ACTIONS SHOULD BE CONSOLIDATED**

Federal Rules of Civil Procedure Rule 42(a) "empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990); FRCP Rule 42(a).  The court has broad discretion in making a consolidation determination.  *Id.* at 1284.  Consolidation should be granted to promote "judicial economy," avoid "the waste associated with duplicative discovery and multiple trials" and avoid "the danger of inconsistent verdicts."  *Internet Law Library, Inc. v. Southridge Capital Management, LLC,* 208 F.R.D. 59, 61 (S.D.N.Y. 2002).  In making this decision, "the court must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation."  *Sheet Metal Contractors Ass'n of Northern New Jersey v. Sheet Metal Workers' Int'l,* 978 F.Supp. 529, 531 (S.D.N.Y. 1997).

Here, consolidation is necessary to expedite and facilitate litigation, conserve judicial resources, and avoid duplicative proceedings and increased costs to the parties.  There is no question that the Actions are interrelated and concern competing claims of breach of contract, trademark infringement, and certain post-license termination rights to inventory and collateral.  They involve the same parties and arise from the same set of facts: termination of a license agreement leading to disputes of which entity has control over and can sell the manufactured goods bearing the Kate Spade trademarks.  As such, a determination in one action necessarily affects the other.  For example, in the Vinci Action, the dispute arises out of whether Kate Spade properly terminated the license agreement and whether Kate Spade and Case-Mate colluded to terminate the license agreement and damage Vinci.  The determination on these issues directly affects ACS should its motion to dismiss be denied and it remains a party in this case.  If Kate Spade and Case-Mate acted to damage Vinci, ACS – which is a lender to Vinci on a $170 million note – would have counterclaims against Kate Spade and Case-Mate and would have several defenses based on Kate Spade's unclean hands.  Further, if the Court determines that the license agreement was not properly terminated, neither Vinci nor ACS would be liable for "infringement" in the KSNY Action.

The interests of judicial economy far outweigh any "delay, confusion, or prejudice."  The cases have been subject to identical orders and are on similar schedules, and so there would be no delay or confusion.  Consolidation at this time would not prejudice the parties and, in fact will facilitate discovery, as it would allow the parties to enter into one ESI protocol, one confidentiality order, and streamline document production and depositions, thus reducing attorney's fees and costs.  Should any discovery disputes arise, these issues could be addressed at once with all counsel of record rather than the court needing to address the same issues with different subsets of counsel.

During the meet-and-confer on discovery issues and in advance of submitting this application, we inquired whether Kate Spade and Case-Mate would consent to consolidating the Actions. Though counsel have indicated that they are considering the request to consolidate, the positions they have taken during discussions pertaining to the Protective Order indicate that they are, in fact, opposed to consolidation.[3] Though it is evident that bifurcated actions would lead to duplicative discovery and increase costs, expense, and inefficiency, Kate Spade and Case-Mate appear to oppose consolidation. Kate Spade wants to exclude ACS from accessing and reviewing documents they deem to be "highly confidential" for business competition purposes and Case-Mate wants to exclude ACS from accessing and reviewing *any* documents it produces, claiming, without providing any support, that ACS is a "competitor."[4] These arguments are without merit and do not amount to prejudice to either Kate Spade or Case-Mate that warrant denial of consolidation.

To begin, Case-Mate and Kate Spade's desire to preclude ACS's principal from viewing documents is not an appropriate ground for denying consolidation. Putting aside that any such concerns can be addressed in a unified and standard confidentiality agreement, the key factors for the Court's consideration on consolidation are judicial economy, duplicative discovery and trials, financial waste, and prejudice – not alleged "confidentiality" concerns that can be readily resolved.

Kate Spade and Case-Mate's position is also nonsensical. That ACS is a party *at all* in the litigation is Kate Spade's very own doing – *they* are the ones who dragged ACS into this action, lodging baseless claims of "trademark infringement." Further, if it wasn't for the interference and bad acts of Case-Mate, including Case-Mate's default of Vinci with the connivance of Kate Spade, ACS would not be a party to this Action. Accordingly, consolidation is necessary as ACS is entitled to view all documents from Case-Mate and Kate Spade as without the default of Vinci under the Case-Mate Loan and the subsequent termination of the License Agreement, ACS would not be a defendant.

Importantly, and irrespective of whether it remains a party or not, ACS is the secured lender of Vinci and is thus entitled to all documents in a litigation that may directly impact Vinci's ability to pay on that note. The loan documents make clear that ACS has the rights to serve as Vinci's Power of Attorney and Vinci agreed to fully cooperate in any litigation brought against ACS– which rights include the right to review all of Vinci's books and records and necessarily extend to all documents that Vinci may receive in *any* litigation.

For these reasons, ACS and Vinci respectfully request that the actions be consolidated in their entirety. However, should the Court deem that consolidation with respect to trial be premature, we respectfully request that the Court grant consolidation for discovery purposes and reserve determination of whether consolidation for trial is warranted until after the close of discovery and any motions for summary judgment. *See Stevens v. Hanke,* 20 Civ. 8181 (JPC), 20 Civ. 4765 (JPC), 2022 WL 489054, at *4 (S.D.N.Y. Feb. 17, 2022).

We thank the Court for its continued assistance in this matter.

---

[3] In response to an email to all counsel inquiring about whether each party would agree to consolidation, counsel for Case-Mate responded that they would not be able to provide an answer until Friday, January 26th, and, once again, removed counsel for ACS from the email.

[4] Yet Case-Mate apparently has no problem filing an appearance in matters in which it is not a party (the KSNY Action and a related lawsuit filed by Coach against ACS), thereby securing access to any filings made by ACS.

*January 22, 2023*
*Page 4 of 4*

                                        Respectfully Submitted,

| LAZARE POTTER GIACOVAS & MOYLE LLP | BENESCH FRIEDLANDER COPLAN & ARONOFF LLP |
|---|---|
| By: /s/ Robert Giacovas | By: /s/ Michael Vatis |
| Robert Giacovas | Michael Vatis |
| Anna Pia D. Felix | Susan White |
| Christina Dellaporte | Paul Del Aguila |
| 747 Third Avenue, Floor 16 | 1155 Avenue of the Americas, Floor 26 |
| New York, NY 10017 | New York, NY 10036 |
| (212) 758-9300 | (646) 593-7050 |
| rgiacovas@lpgmlaw.com | mvatis@beneschlaw.com |
| afelix@lpgmlaw.com | swhite@beneschlaw.com |
| cdellaporte@lpgmlaw.com | pdelaguila@beneschlaw.com |

cc:      All Counsel