
Paul Del Aguila
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.212.4938
Fax: 312.767.9192
pdelaguila@beneschlaw.com

February 22, 2024

**VIA ECF**

Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Vinci Brands, LLC v. Case-Mate, Inc., et al.*, Case No. 23-cv-05138
             Letter Motion for Pre-Motion Conference Regarding Discovery Deficiencies

Dear Judge Schofield:

Pursuant to Local Rule 37.2 and Rules III.C.3 and III.A.1 of Your Honor's Individual Rules and Procedures for Civil Cases, Plaintiff Vinci Brands, LLC ("Vinci") respectfully requests a pre-motion discovery conference on March 4, 2024 to address the deficiencies in Defendant Case-Mate, Inc.'s ("Case-Mate") responses to Vinci's written discovery.

**Procedural Background**

On November 20, 2023, Vinci propounded its First Set of Interrogatories and Requests for Production on Case-Mate. After requesting, and receiving, two separate extensions of time to respond to Vinci's written discovery, Case-Mate, on January 12, 2024, served its responses to Vinci's written discovery.

**Case-Mate's Deficient Discovery Responses and the Parties' Meet and Confer**

Despite having nearly two months to respond to Vinci's written discovery requests, Case-Mate asserted objections to every single one of Vinci's discovery requests and failed to produce ***any*** responsive documents on January 12, 2024, including documents identified in its Initial Disclosures. Accordingly, on January 31, 2024, Vinci sent a letter, identifying the various deficiencies with Case-Mate's responses and requested a meet and confer to discuss said deficiencies. During the parties' February 16, 2024 meet and confer, Case-Mate refused to supplement its written discovery responses, standing on its objections, as further set forth in its February 13, 2024 written response to Vinci's discovery deficiency letter.

**Written Discovery at Issue**[1]

Vinci respectfully submits that the Court should compel Case-Mate to produce the following categories of information and documents:[2]

---

[1] In light of Your Honor's 3-page limitation on submissions pursuant to Rule III.A.1, Vinci has not attached Case-Mate's written discovery responses, but can do so at the Court's request.
[2] In addition to the below requests, Case-Mate should be compelled to respond to RFP 1, 3, 15-16, 23-26, and 42.

1. **Documents and Communications Relating to the Negotiation and Execution of the License Agreement between Case-Mate and the Kate Spade Defendants.**

RFP Nos. 3 and 54-55 seek the production of documents and communications regarding the negotiation and execution of the License Agreement between Case-Mate and the Kate Spade Defendants. Such communications and documents are clearly relevant as Vinci has alleged, in sufficient detail, that Case-Mate tortiously interfered with the Vinci License Agreement, (Vinci Compl. at ¶¶ 248-258.), and that it schemed with the Kate Spade Defendants to unfairly compete with Vinci, (¶¶ 266-274), breach its fiduciary duties as Vinci's lender (*Id.* at ¶¶ 275-282), and breach its confidentiality obligations to Vinci (*Id.* at ¶¶ 282-296), conduct and communications which occurred in the months[3] leading up to Kate Spade's June 14, 2023 Notice of Termination and the execution of the June 14, 2023 License Agreement between Case-mate and Coach. Despite these allegations and the Kate Spade Defendants' agreement to produce all such responsive documents, *see* Kate Spade Response to RFP No. 22, Case-Mate refuses to produce anything but the actual License Agreement, improperly limiting the scope of permissible discovery based on its own, misguided, belief as to relevancy of such documents. While Case-Mate is understandably interested in keeping such communications and documents from seeing the light of day, given Vinci's claims, and allegations in support, such communications and documents are clearly relevant, as even Case-Mate's limited production to date has already revealed.

2. **Documents and Communications Relating to the Impact of Force Majeure Events on Case-Mate**

Vinci's RFP Nos. 9-12, 35, and 39 (and others)[4] seek documents and communications regarding the impact, if any, of certain force majeure events on Case-Mate resulting from COVID-19 restrictions and labor protests at iPhone manufacturing facilities in China. Case-Mate has refused to produce documents responsive to these Requests on the basis that they "have no relevancy to this action." Yet that is certainly not the position that its CEO, Steve Marzio, took at the September 6, 2024 Preliminary Injunction hearing, where he self-servingly testified that those events had absolutely no impact on Case-Mate's sales. (*See* Tr. of Prelim. Inj. Hr'g at 196:16-21.) Case-Mate's communications with the Kate Spade Defendants on these issues are also relevant to both Case-Mate's and KSNY's understanding and knowledge of these events and their larger impact on the mobile phone accessory industry, and the Kate Spade Defendants have agreed to produce such communications. (*See* KSNY Resps. to Vinci RFPs Nos. 17-20, 21, 52.) Notwithstanding Mr. Marzio's own belief that his testimony on this topic was relevant, Case-Mate now claims it is not pointing to the Court's finding that Mr. Marzio was not a credible witness on that topic. Vinci agrees with the Court's preliminary finding, but it is only preliminary, and there is no indication that Mr. Marzio has been deemed a non-credible witness for all purposes in this litigation. Simply put, Vinci is entitled to discovery regarding the factual basis (or lack thereof) for Mr. Marzio's testimony. Additionally, discovery on this issue goes to Case-Mate's bias (<u>i.e.</u>,

---

[3] Case-Mate and the Kate Spade Defendants cannot get their story straight on this point with Case-Mate claiming that communications started in March 2023, while the Kate Spade Defendants claim they started in May 2023.

[4] While certain Requests seek relevant documents and communications prior to January 1, 2022, Vinci has agreed to narrow the scope of its Requests from January 1, 2022 to the present.

why is he testifying as he is), which is not only discoverable, but is also generally admissible at trial. *See Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 323 (S.D.N.Y. 2009).

### 3. Documents and Communications Relating to Vinci's Damages.

RFP Nos. 9-10, 36-38 and 46 seek relevant documents and communications concerning Case-Mate's sale of KSNY-branded goods after the purported termination of the License Agreement. Case-Mate has objected to producing any responsive documents, claiming that such documents are irrelevant and/or not proportionate to the needs of the case. In so doing, Case-Mate seemingly ignores the allegations set forth, and the damages sought, in connection with Vinci's claims against Case-Mate for tortious interference with the License Agreement (Count V), unfair competition (Count VII), breach of confidentiality obligations (Count X), and tortious interference with its contracts and prospective business relationships (Counts XII and XIV), all of which necessarily implicate Vinci's lost sales, revenues, and profits (i.e., Case-Mate's sales, revenues, and profits) as a component of Vinci's damages. Indeed, lost profits are a recognized category of damages available for the specific claims that Vinci has pled here. *See Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 406 N.E.2d 445 (N.Y. 1980) (affirming a modified award representing the "total lost profits" that the plaintiff sustained); *see also Suburban Graphics Supply Corp. v. Nagle*, 5 A.D.3d 663, 666, 774 N.Y.S.2d 160, 163 (N.Y.A.D 2d Dept. 2004) (finding lost profits to be the measure of damages for unfair competition). Case-Mate's characterization of Vinci's damages has no bearing on this issue and Case-Mate should be compelled to produce responsive documents.

### 4. Documents and Communications with Vinci's Supplier and Customers, and Communications Relating to Vinci's Confidential Information.

RFP Nos. 30-31 and 56-57 seek Case-Mate's communications regarding its status as a licensee of Kate Spade and its communications with Vinci's suppliers and customers from January 1, 2023. Such communications are directly relevant to Case-Mate's defense and claim that it is an "exclusive" licensee of Kate Spade—a claim which is belied by its License Agreement—and to Vinci's claims that Case-Mate tortiously interfered with Vinci's contracts and prospective business relationships. Case-Mate has refused to produce responsive documents, claiming it needs Vinci to first identify such suppliers and customers.

We thank you for your continued assistance in this matter.

Sincerely,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

/s/ Paul A. Del Aguila

*One of the Attorneys for Plaintiff
Vinci Brands, LLC*