Application **GRANTED** in part. The time periods for Rulings #1 and #2 from the Dkt. 273 order are modified as below:

1. Case-Mate shall produce all correspondence (including text messages) between Case-Mate and KSNY for the period from March 1, 2023, to July 30, 2023.
2. Case-Mate shall produce all internal correspondence (including text messages) relating to Vinci, Incase, Siena or KSNY for the period from January 1, 2023, to August 18, 2023.

To the extent Vinci seeks to renew its request for these communications and the communications sought in Ruling #6 through December 31, 2023, Vinci shall file a letter by **March 14, 2023**, supporting its request using the factors outlined in Fed. R. Civ. P. 26(b)(1). Such letter shall also include a response to Case-Mate's request to limit the communications in Ruling #6 using the search string "licens* w/3 exclusive."

Case-Mate's time for production is extended through **March 22, 2024**, but Case-Mate shall make substantial interim productions by **March 15, 2024**, and **March 20, 2024**. Case-Mate's request for a 300-hour cap on its ESI hours is **DENIED**. So Ordered.

Dated: March 13, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

RE:   *Vinci Brands LLC v. Coach Services, Inc., et al.* Case No. 1:23-cv-05138-LGS
Letter Motion for Reconsideration of the Court's Order Regarding Certain Discovery Issues [ECF 273]

Dear Judge Schofield:

Defendant Case-Mate, Inc. ("Case-Mate") submits this letter seeking limited relief on reconsideration from the Court's Order on discovery dated March 12, 2024 [ECF 273 (the "Order")]. Case-Mate does not make this request lightly, but the simple truth is that, although Case-Mate is working diligently to comply with the Court's Order, it is not possible for Case-Mate to complete the entirety of the ordered production by this Friday, March 15, 2024. Case-Mate thus respectfully requests that the Court either: (1) modify the Order to lessen the burden on Case-Mate (described more fully below) so that it can comply under the current deadline; or (2) give Case-Mate more time to comply with the Order, or both.

I.   Background Facts—The "Joint" Discovery Letter Leading to the Court's Order.

The Court instructed Plaintiff Vinci Brands LLC ("Vinci") and Case-Mate to file a "joint" letter updating the Court on the status of the Parties' discovery disputes, and, if needed, to submit proposed specific orders to resolve any outstanding discovery issues, by 7:00 P.M. on March 11, 2024 [ECF 271]. Despite having an agreement on six issues to be raised, Vinci raised *additional* issues at 6:35 p.m. and, while misrepresenting Case-Mate's discovery efforts and production in Vinci's portion of the "Joint" Letter [ECF 272], refused to accept any edits from Case-Mate to address Vinci's newly raised issues not discussed in any conference between the parties. Case-Mate was and is entitled to an opportunity to address any "discovery disputes," including those Vinci raised for first time in its submission. By putting Case-Mate in the position of either refusing to sign the letter or signing and having to take later action, Vinci precluded any opportunity meet and confer. While the joint submission was pending and before the Court ruled, Case-Mate was preparing to file a request for leave to respond, noting the issues below. Now, given the Court has

Honorable Lorna G. Schofield, U.S.D.J.
March 13, 2024
Page 2

ruled, Case-Mate asks the Court to reconsider certain of its rulings based on the facts and proportionality under Federal Rule of Civil Procedure ("Rule") 26(b)(1).

## II. Case-Mate is Working Diligently to Comply with the Court's Order.

At present, the Order requires Case-Mate to produce six categories of documents:[1]

1. **All correspondence (including text messages) between Case-Mate and KSNY for the period from March 1, 2023, to December 31, 2023.**
2. **All internal correspondence (including text messages) relating to Vinci, Incase, Siena, or KSNY from January 1, 2023, to December 31, 2023.**
3. *All correspondence with Siena Lending and/or with DA Davidson from January 1, 2023, to December 31, 2023.*
4. *All document hits from Vinci's revised search terms as described in this letter, except as modified in this Order.*
5. *Documents and communications relating to Case-Mate and KSNY's negotiations of the Case-Mate license agreement from March 1, 2023.*
6. **Case-Mate's communications with [Vinci's] suppliers, vendors and customers for the period from April 1, 2023, through July 31, 2023.**

The Court also ordered Case-Mate to "identify, by Bates label and by specific document request, all documents produced by Case-Mate responsive to the Vinci RFPs as ordered by Dkts. 247 and 252."

As to the *italicized* items above (3, 4, 5), and the request for Case-Mate to identify by Bates label documents it has produced in response to the Court's prior directives, Case-Mate understands its obligations, is working diligently to complete production of those documents and identification, and, barring any unforeseen obstacles, anticipates being able to comply with production of those items by the current March 15, 2024 deadline.[2] Case-Mate is *not* seeking relief from the Court as to items 3, 4, 5, or 7 of the Court's Order.

The remaining **bolded** items (1, 2, and 6), however, present an undue burden on Case-Mate that it cannot comply with in short order. Accordingly, Case-Mate respectfully asks that this Court reconsider these aspects of its Order.

---

[1] The Court did not put a deadline on this production. But out of an abundance of caution, given the Court's earlier deadline, Case-Mate seeks this relief.

[2] From the outset, Case-Mate has taken steps to ensure the ability to identify documents by Bates label and corresponding document request(s) (even though Vinci has not), and was baffled to learn that *Vinci* claimed Case-Mate did not comply. Had Vinci not raised this (non)issue for the first time at the eleventh hour, just minutes before the parties' joint submission was due, the parties could have met and conferred on this issue and avoided unnecessarily burdening the Court. Case-Mate provided the information sought by Vinci via email on March 11, 2024 at 6:55 p.m. (as it indicated to Vinci it would), and Case-Mate previously provided a chart noting the RFP Nos. corresponding with the documents produced by Case-Mate via email on March 8, 2024.

Honorable Lorna G. Schofield, U.S.D.J.
March 13, 2024
Page 3

### A.   Vinci's Demands are Not Proportional to the Needs of the Case.

"Of course, as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014). The amendment to Rule 26(b)(1) emphasizing proportionality in discovery is "intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry v. Morgan's Hotel Grp., Inc*., No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (internal quotations omitted). The parties should keep in mind that "proportionality, not perfection and scorched-earth, must be their guiding principles." *Winfield v. City of New York*, 15CV05236LTSKHP, 2017 WL 5664852, at *11 (S.D.N.Y. Nov. 27, 2017).

Vinci's demands are not "proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" for several reasons. *See* Rule 26(b)(1). First, the Court has already decided that Vinci does not have a strong likelihood of success on the merits for its claims against Case-Mate as to the tortious interference claims, in particular. [ECF 149.] Second, all Defendants have pending, fully briefed motions to dismiss that would moot these requests entirely if successful [*See* ECF 206, 206-1, 242.] Third, Vinci has not yet disclosed the amount in controversy, as it has not provided discovery on that issue. Finally, and as explained below, the burden and expense of the proposed discovery, especially under current time constraints, is extraordinary and well beyond the needs of this case as there is no emergency relief pending, and, if the motions to dismiss are not successful, the case is not going to go to trial until at least 2025. It also is overly broad in time such that the discovery sought is not important—and Vinci has not shown the Court why it is so important.

### 1.   *Case-Mate's Expenditure of ESI Hours is Appropriate and Proportional.*

As an initial matter, Vinci's misstates Case-Mate's rate of review, which, as of yesterday—with many new reviewers to meet Vinci's demands—was on average 34.4 documents per hour, well within acceptable parameters. *See, e.g., Lawson v. Spirit Aerosystems, Inc.*, No. 18-1100-EFM, 2021 WL 4844058, at *4 (D. Kan. Oct. 18, 2021) (upholding magistrate judge's finding that 26 documents per hour is not unreasonable for commercial litigation involving lengthy, complex documents); *see also Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 367, 645 (S.D.N.Y. 2019) ("The average rate of review is about 40-60 documents per hour, *though the rate of review can vary considerably based on the complexity of the documents and the experience of the reviewers*."). Moreover, Case-Mate's total ESI hours—*per this Court's standing rules*—are not limited to merely time expended on document review but also inclusive of other ESI matters. No party asked to change the way ESI hours were calculated in the original ESI protocol. The proper time to ask for revisions was then. Vinci cannot now simply ignore what this Court has unambiguously denoted as contributing to a party's ESI hours just to paint Case-Mate's efforts in a negative light.

Notably, as of March 8, 2024, Vinci had **spent only 94 hours** reviewing documents for Case-Mate. Requiring Case-Mate to expend nearly *triple* what Vinci has done is not proportional or equitable. And Vinci has never undertaken to explain why it is. Vinci boasts that it has reviewed 19,000+ documents, **but has produced only 38% of those**—with relatively few of those being related to the claims against Case-Mate, even if they hit search terms—and also in response to KSNY's requests, against whom Vinci asserts separate claims.[3]

Vinci is suing four different defendants, of which Case-Mate is just one. And the claims against Case-Mate are wholly separate from the claims against KSNY defendants, with only one claim having a common factual nucleus—Vinci's unlikely-to-succeed claim that Case-Mate tortiously interfered with Vinci's KSNY license agreement so as to cause KSNY to breach the license agreement. [ECF 198 ¶¶ 248–58.] This is a very short time period, ending no later than July 18, 2023. The remaining claims go to a six-month time period between late January 2023 and June 5, 2023. [*Id.* ¶¶ 239–65, 266–74, 275–82, 287–96, 307–15, 326–35.] Thus, it is not remarkable that Case-Mate has fewer documents than Vinci and is producing different documents than the exchange between KSNY and Vinci, which is a much broader dispute and actually involves two separate lawsuits—one of which Case-Mate is not a party. So, comparing the two when Vinci is the plaintiff in this suit and a defendant in the second suit and is counting all of its production as though it is taking place in this case is not apple-to-apples or fair.

       2.  *Vinci's Demands Do Not Correlate to its Requests.*

What Vinci requested in the Joint Letter, and what the Court has now Ordered, is beyond what is proportional to the needs of the case, what is realistically possible to achieve by March 15th, and what Vinci even requested during discovery.

Notably, Vinci's actual requests for Case-Mate's communications with KSNY were limited to communications pertaining to alleged issues in this case such as (i) negotiation of Case-Mate's License Agreement, (ii) iPhone 15 production issues, (iii) Vinci and its former License Agreement, and (iv) Vinci's vague, and-still-unspecified "Confidential Information." Vinci did not ask for ALL communications, regardless of topic, until its letter submission yesterday. [*See* Vinci's First Set of Requests for Production to Case-Mate, November 20, 2023 ("RFP") Nos. 4, 12, 15, 27, 30, and 55.] And, again, although the Parties have conferred on an ongoing basis about ESI searches, review, and production, Vinci's counsel never indicated a desire to prioritize *text* messages before including it in a sweeping request to the Court this week.

Vinci did not articulate why the time period for production in this case should extend to the end of 2023, and there is no justification for doing so. Vinci's license was terminated in July 2023, and by September 13, 2023, Vinci was under an order from this Court to stop selling KSNY-branded merchandise. All of the claims against Case-Mate were factually set. [ECF 149.] Thus,

---

[3] Case-Mate's ratio of production to review is not materially different at approximately 33%. That Vinci reviewed 12,000 supposedly irrelevant documents cannot show that it was using ESI time effectively. Instead, it shows that the discovery process in this case is not returning meaningful data to get the parties ready for fact witness depositions. Vinci's scorched earth approach is hurting efficiency, not helping it.

Honorable Lorna G. Schofield, U.S.D.J.
March 13, 2024
Page 5

the time period beyond the Court's Order, certainly, or after July 18, 2023, when this Court ruled that Vinci's license with KSNY was terminated, has no bearing on any of the claims or defenses in this case.[4]

In particular, as to Issue #2, as KSNY was a licensor, Case-Mate producing internal communications about KSNY and all of its products for an extended period of time likely will yield many irrelevant documents about styles of phone cases, materials, and other everyday—but still highly confidential—business information, particularly from three custodians who work with KSNY-licensed material. Case-Mate collected an additional 17GB of data yesterday following the Court's order, and that data is being processed. It could yield as many as 850,000 to 1,275,000 pages of documents.[5] It also may yield significant amounts of privileged information as KSNY is a co-defendant in this case and there likely will be discussions among at least three of the executives that need to be reviewed for privilege and work-product if they are discussing legal advice from counsel or litigation strategy (which will also slow Case-Mate's document review rate).

With just the documents that hit search terms that the Court previously ordered, adding the new data, and reviewing that plus the existing 10,000 documents brought in by Issue #6 and the existing searches. At Case-Mate's average review rate Case-Mate is looking ***at least another 250 hours of document review*** and production (not including the data collected for the extended time period to December 31, 2023). Case-Mate has already ***expended over 215 hours as of this past Sunday***. Meaning that Vinci is asking Case-Mate to review and produce documents on a scale more than two-and-a-half (and possibly three or four-times when the new data is added) the 160 hours the Court typically allots for *all* ESI discovery. As such, completion of the entirety of review and production of these documents by Friday is impossible, and Case-Mate must have an extension to complete its review and production.

Case-Mate has considered other options for expediting review and production, including producing the documents without review subject to the claw-back rights. But recent developments compound Case-Mate's challenges. Vinci disclosed Case-Mate's Confidential and Attorney's Eyes Only documents on two separate occasions in the last ten days alone. Specifically, and in violation of the Protective Order [ECF 233], Vinci's counsel disclosed at least one document designated Attorneys' Eyes Only (Case-Mate's License Agreement) to at least one of Vinci's executives. Just a few days later, Vinci confessed that it has also disclosed Case-Mate's

---

[4] Vinci served its requests on November 20, 2023, even before the time period it now demands. The Second Amended Complaint, filed November 3, 2023, did not expand the relevant time period for the case. Thus, Case-Mate collected and has been reviewing documents through September 2023. Case-Mate has collected the additional data from the designated custodians and is reviewing that data.

[5] https://cloudnine.com/ediscoverydaily/electronic-discovery/ediscovery-best-practices-perspective-on-the-amount-of-data-contained-in-1-gigabyte/ This is before de-duping, which is being done on ingestion into the Relativity database, and before threading, which should reduce the population. Case-Mate never considered this time period relevant, but even if it had, the same concerns would be in place as to why this period of time must be searched and produced, and what would Vinci do with it if it was.

Confidential and Attorneys' Eyes Only documents to third-party ACS's counsel, notwithstanding the Court's clear directive in the Protective Order that "ACS shall not have access to Case-Mate's confidential information."[6] In light of these developments, Case-Mate has heightened and legitimate concerns about producing any potentially non-responsive but confidential documents without an opportunity to properly review them and mark them, especially as non-party ACS and Vinci still take the position that these disclosures were appropriate.

And, Case-Mate has been reviewing and producing documents to Vinci based on Vinci's prioritized search terms. So the documents are being produced at Vinci's direction.[7]

Because the burden of this review during a time period that cannot yield highly relevant information is great, requiring Case-Mate to do so is not proportional to the needs of the case. Instead, it will just give Vinci insight into how Case-Mate does business, which is not part of this case, and because Vinci seemingly answers to ACS—a direct competitor of Case-Mate to whom Vinci has already disclosed confidential information—the danger to Case-Mate outweighs the need. It also risks inadvertent production of privileged and work-product material. This is particularly true given that Vinci did not articulate any reason why December 31, 2023 is an appropriate cut-off.

### B. Producing the Additional Volume of Documents Will Not Advance This Case.

Case-Mate respectfully asks that the Court reconsider and modify its rulings 1 and 2 [ECF 273] both because, had Case-Mate been given any opportunity to address these alleged "discovery disputes" when the "Joint" Letter was submitted or before the Court ruled, it would have been able to show the Court that what Vinci demanded is unfeasible,[8] especially considering the burden that would be placed on Case-Mate to produce documents from an expanded time span within a matter of days.

Case-Mate was not afforded a meaningful opportunity to address Vinci's apparent "issue" related to Case-Mate's text messages. Case-Mate conferred with Vinci's counsel on numerous occasions in effort to resolve discovery matters, or, at the very least, to narrow the issues to be presented to the Court in the Parties' Joint Letter. In all of those conversations, Vinci never raised a concern about Case-Mate's text messages to support its sudden broad, overreaching request for an Order compelling production of text messages, seemingly treating it as a separate component of ESI. Only as to one custodian, Tanuj Verma, did Vinci specifically request production of text messages. By Vinci's own admission, the Parties exchanged search terms, revised search terms, and hit reports, discussing *emails*. In any event, text messages were expected to be in Friday's upcoming production, so there was no basis for Vinci to claim that Case-Mate was purposefully

---

[6] Case-Mate requested relief on this separately [ECF 275].

[7] Of course, some documents hit on more than one search term.

[8] Again, Case-Mate continues its efforts to complete discovery in this case and is endeavoring to the best of its ability to comply with the Court's Order. However, the reality is that, despite its ongoing efforts, Case-Mate cannot produce the requested information by the current March 15, 2024 deadline given the associated burden and the last minute demand. Case-Mate needs more time.

withholding them—they either just had not hit on any of Vinci's hundreds of search terms or were not included because Vinci asked Case-Mate to prioritize emails over text messages. Indeed, Vinci has produced no internal text messages of its own regarding any of the issues. It has produced just two chains of text messages *with* Case-Mate executives, but no text messages between Vinci executives or anyone else relating to the issues in this case. And Vinci should be ordered to do so before depositions begin.[9]

Case-Mate also asks the Court to reconsider its sixth ruling from the Order (requiring production of Case-Mate's communications with [Vinci's] "suppliers, vendors and customers" for the period from April 1, 2023, through July 31, 2023) to reject Case-Mate's proposed limitation of "licens* w/3 exclusive," as that was the allegation that Vinci has made. What is relevant—at least referring back to the Second Amended Complaint—is whether Case-Mate was interfering with Vinci's relationships by claiming rights Vinci contends—but cannot prove—Case-Mate did not have. Doing so will right-size the requested production.

### III.    Request for Relief.

As, Case-Mate is working diligently to comply with the Court's orders, it represents that it is in a position to comply with *parts* of that Order by March 15th. But the remaining items the Court ordered produced simply cannot be produced by March 15th for the reasons discussed above.

Case-Mate therefore respectfully requests that the Court modify its Order to:

1. Limit the time frame for Issue #1 from March 1, 2023 through July 30, 2023, as decided previously [*see* ECF 247];
2. Limit the time frame for Issue #2 from January 1, 2023 through July 30, 2023;
3. Put a cap on all ESI hours for Case-Mate at 300 hours; and
4. Extend Case-Mate's time for production through March 31, 2024.

The extension will not prejudice Vinci because it has not finished its document production yet either and these issues are ancillary. There is also no procedural or substantive prejudice for potentially rescheduling two of the depositions (of their witnesses) or moving these when the expert deadline is not until August 9, 2024, the motions to dismiss are pending, and whatever claims might survive will not be tried until 2025. Discovery should be a process, not a race, and not a game of gotcha. The entire process has enough difficulties without adding to them hurried, unrealistic time-frames that do not correspond to the needs of the case or all parties. If Vinci must have these documents to prosecute its case, then Case-Mate needs the time to prepare them. Parties who are engaged, responsive, and working in good faith should not be penalized by an overly

---

[9] Case-Mate intends to raise this issue in a conference with Vinci this week and, if necessary, will seek the Court's assistance.

Honorable Lorna G. Schofield, U.S.D.J.
March 13, 2024
Page 8

zealous, scorched earth process, which is where Plaintiff has driven this case. That is not in the spirit of Rule 1 or 26.

      We thank the Court for its attention to this matter.

                            Respectfully submitted,

                            */s/ Erika C. Birg*

                            Erika C. Birg

cc:      Counsel of Record (via ECF)