Vinci and Case-Mate's discovery disputes are resolved as below.  These rulings supersede any prior rulings:

1.  Case-Mate's request to limit the scope of Ruling #6 of the Dkt. 273 order by applying the search string "licens* w/3 exclusive" to Case-Mate's communications with Vinci's suppliers, vendors and customers is **DENIED**.  The date range for this production shall be April 1, 2023, through October 31, 2023.
2.  The date range for the production of Ruling #1 of the Dkt. 273 order regarding Case-Mate's correspondence (including text messages) between Case-Mate and KSNY shall be March 1, 2023, to October 31, 2023.
3.  The date range for the production of Ruling #2 of the Dkt. 273 order regarding Case-Mate's internal correspondence (including text messages) shall be January 1, 2023, to October 31, 2023, for those relating to Vinci or KSNY, and shall be January 1, 2023, to August 18, 2023, for those relating to Incase or Siena.

The parties may revise any of the above orders upon the consent of both parties.  Future discovery disputes, broadly defined, shall continue to be presented jointly.  So Ordered.

Dated:  March 15, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:    ***Vinci Brands LLC v. Coach Services, Inc. et al.* – 1:23-cv-05138-LGS**
       **Vinci's Response to Dkt. 279**

Dear Judge Schofield:

Counsel for Vinci Brands LLC ("Vinci") respectfully submits this letter in response to Your Honor's invitation to address the Orders and comments set forth in its March 13, 2024 Order (Dkt. 279).  Your Honor requested that Vinci respond to "Case-Mate's request to limit the communications in Ruling #6 using the search string 'licens* w/3 exclusive'" as well as Vinci's position on the date constraints on production by Case-Mate of various other documents.

**Dkt. 273, Ruling #6 – Vinci's Response to CM's Request to Limit its Search String**

To begin, Case-Mate misrepresents the discovery that Vinci has sought, and the discovery that Case-Mate has previously been ordered to produce (without the newly proposed limitation) (Dkt. 273), and what information it has provided about its efforts to respond to Vinci's requests. (Dkt. 277).

Indeed, as to the latter, Case-Mate misrepresented to the Court that "Case-Mate provided the information sought by Vinci via email on March 11, 2024 at 6:55 p.m. (as it indicated to Vinci it would)" (fn 2 to Dkt. 277).  This is blatantly untrue and was called to the attention of Case-Mate's counsel prior to Case-Mate's submission of its Letter Motion for Reconsideration.  While Vinci did receive an email from Case-Mate on March 11, the email did not attach referenced spreadsheets that included necessary and critical information to determine what Case-Mate had done to comply with the Court's Orders compelling the production of key categories of information  (Dkt. 247 and Dkt. 252).  Vinci followed up immediately on March 11, notifying Case-Mate of the same; no response was received.  Vinci again reached out to Case-Mate to seek the spreadsheets on March 12; Case-Mate finally responded and acknowledged the issue on March 13, at 11:08 a.m., claiming that the spreadsheets would be sent "later today [March 13]." As of the time of this filing, Vinci has *still not received those spreadsheets* that ostensibly show what Case-Mate has done to comply with the Court's orders.  Although Case-Mate conceded to Vinci that it had not provided this necessary and critical information, Case-Mate falsely represented to the Court later that same afternoon that it had done so.  Given the multiple requests from Vinci's counsel and the multiple promises by Case-Mate's counsel to send that information, Case-Mate's failure to provide the information cannot be dismissed as a mere oversight.

The Honorable Lorna G. Schofield
March 14, 2024
Page 2

> **From:** Erika Birg <Erika.Birg@nelsonmullins.com>
> **Sent:** Wednesday, March 13, 2024 11:08 AM
> **To:** Del Aguila, Paul <PDelAguila@beneschlaw.com>; Hamilton, Caroline <CHamilton@beneschlaw.com>; Vatis, Michael <MVatis@beneschlaw.com>; White, Susan <SWhite@beneschlaw.com>
> **Cc:** Ben Sitter <ben.sitter@nelsonmullins.com>; Alan Kaufman <alan.kaufman@nelsonmullins.com>; Nicole Phe <nicole.phe@nelsonmullins.com>; Paige Nettles <paige.nettles@nelsonmullins.com>
> **Subject:** RE: CONFIDENTIAL - Response to Paul's email after 9-om-email on Friday night
>
> Paul,
>
> The spreadsheets were left off inadvertently. You'll get them later today.
>
> ~Erika
>
> **From:** Del Aguila, Paul <PDelAguila@beneschlaw.com>
> **Sent:** Tuesday, March 12, 2024 11:06 PM
> **To:** Erika Birg <Erika.Birg@nelsonmullins.com>; Hamilton, Caroline <CHamilton@beneschlaw.com>; Vatis, Michael <MVatis@beneschlaw.com>; White, Susan <SWhite@beneschlaw.com>
> **Cc:** Ben Sitter <ben.sitter@nelsonmullins.com>; Alan Kaufman <alan.kaufman@nelsonmullins.com>; Nicole Phe <nicole.phe@nelsonmullins.com>; Paige Nettles <paige.nettles@nelsonmullins.com>
> **Subject:** RE: CONFIDENTIAL - Response to Paul's email after 9-om-email on Friday night
>
> Case-Mate counsel,
>
> This is our second request for the spreadsheets referenced in Erika's non-confidential email. We cannot even begin to assess the reasonableness of what Case-Mate has done to comply with the Court's orders, including, but not limited, to the order issued today—so please provide those spreadsheets immediately. We are not sure why Case-Mate continues to play games; this is the complete opposite of the "fair litigation" Case-Mate counsel claimed to espouse. And while I know Erika is out of pocket today for personal reasons, there are other Nelson Mullins attorneys on this thread who have had no issue sending missives today. Why don't you include the spreadsheets as well?
>
> Please note we are reserving all rights regarding this transparent attempt to continue delaying the production of key categories of documents.
>
> Paul

To the next issue, ***Vinci opposes Case-Mate's requested revision*** to the search term as it changes the essence of the search term in a way that would likely exclude highly relevant documents -- documents that Case-Mate has already agreed to produce without limitation.

By adding the additional qualifying language of "*licens\* w/3 exclusive*" **Vinci would receive only documents wherein Case-Mate refers to itself (or others refer to Case-Mate) as an "exclusive licensee" or refers to an "exclusive license"**; <u>**that is not the intent of Vinci's discovery requests**</u> and Vinci previously objected to Case-Mate's counsel's attempt to modify the search in this manner.[1]   Vinci has requested in its RFPs, and is entitled to receive, all communications between Case-Mate and Vinci's customers and suppliers without limitation to documents that refer to an "exclusive licensee" or "exclusive license". [2]

---

[1] It's likely that, on an ongoing basis, Case-Mate likely referred to itself as only a licensee as opposed to an exclusive licensee, or even more likely that Case-Mate ceased referring to itself as a licensee at all after its initial communication with the suppliers and customers established that it was KSNY's licensee.

[2] See Vinci's RFPs 30, 31, 32, 33, 35, 39, 46, 56 and 57. For instance, RFP 31 requests "All Communications with any of Vinci's suppliers or manufacturers from January 1, 2023 to the present."

The Honorable Lorna G. Schofield
March 14, 2024
Page 3

In an attempt to limit the universe of document hits using just the names of Vinci's customers and suppliers, Vinci drafted a proposed search term. This search term would only hit on documents by or between Case-Mate and the third party wherein *any* of the following words also appeared: Vinci, Incipio, Kate Spade, KS, KSNY, Tapestry. As a catchall, Vinci also included "licens*" (which would hit on licensee, licensor, license, etc) and "exclusive" with an "*OR*" operator in addition to Vinci, Incipio, Kate Spade, KS, KSNY, Tapestry.[3] However, at no time did Vinci request that "licens*" or "exclusive" be *mandatory* term hits—i.e., that the document be identified and produced only if "licens*" and "exclusive" be present in the document. The search term as Case-Mate has now proposed **would return only documents that hit on "exclusive licensee" or "exclusive license"** and that also hit on Vinci (or Incipio, Kate Spade, KS, KSNY, Tapestry) and that also hit on one of the third party names; **this is not Vinci's intent**. To require the search to be run like this would be too limiting and prejudice Vinci, since it would not produce all documents responsive to Vinci's requests for production.

In fact, the search string as drafted by Vinci begins:

(licens* **OR** exclusive **OR** vinci **OR** KS **OR** "kate spade" **OR** "KSNY" **OR** incipio **OR** tapestry) **AND** (… *a listing of Vinci's customers and suppliers by name*)

As shown, Vinci's proposed search is for hits for: (A) *and* (B). Case-Mate's revision changes the search to: (X) *and* (A) *and* (B), and only when X and A and B all appear within the document will it be considered a hit. This will certainly exclude from production a large number of documents that are responsive to Vinci's RFPs, and that are highly relevant to Vinci's claims. Accordingly, Vinci renews its request that Case-Mate produce all documents and correspondence by and between Case-Mate and Vinci's customers and suppliers in accordance with the search string as drafted by Vinci (and without the limitation proposed by Case-Mate).

### Dkt. 277, Ruling #1, #2 and sentence no. 3 – Vinci's Requested Date Range for Productions

Vinci respectfully requests modification of the ordered date restrictions as to orders #1 and #2 from Dkt. 279 as well as to the customer and supplier communications that are mentioned above. For all three categories of correspondence, Vinci requests that the date constraints be **expanded through and including October 31, 2023**.[4]

Any shorter period would fail to account for communications and correspondence that occurred during the time prior to Your Honor's ruling on the preliminary injunction (September 13, 2023, Dkt. 149) as well as the time period prior to and shortly after Your Honor's Order dated **October 3, 2023 requiring KSNY to issue the letters of authorization** which Vinci needed to provide to its customers and suppliers regarding Vinci's authority to produce and sell goods that were in-process and/or subject to a written customer order as of July 18 (Dkt. 169). Prior to this ruling, and prior to Vinci receiving the Letters of Authorization, Vinci's suppliers and customers were left in limbo as to Vinci's legal right to continue producing and selling such goods. And prior to these dates, Case-Mate's communication with Vinci's customers and suppliers – and Case-Mate's intentional creation of doubt in said suppliers and customers as to those entities' ability to legally continue their contracts with Vinci – was intentional interference with Vinci's business relations and in direct contradiction of Vinci's rights under the License Agreement (including but

---

[3] Vinci also indicated to Case-Mate that it would agree to remove "licens*" and "exclusive" as search terms.

[4] Vinci's previous request, and this Court's Order, required production through December 31, 2024 (Dkt. 274).

The Honorable Lorna G. Schofield
March 14, 2024
Page 4

not limited to Vinci's post-termination rights).  To wit, ***Case-Mate intentionally told Vinci's Chinese suppliers that their continuance of production and shipment of Vinci's in-process goods would be considered a Customs violation and that Case-Mate would take legal action against the suppliers***; this caused panic and resulted in Vinci's suppliers halting production to the detriment of Vinci (See, Exhibit C to the declaration of A. Wang at Dkt. 19-2).  And in the immediate aftermath of the Court's October 3 Order, there are almost certainly highly relevant communications between Case-Mate and Vinci's suppliers and customers, as the suppliers and customers sought to understand the import of the Court's orders and how to reconcile them with the false information they had previously received from Case-Mate, and Case-Mate likely continued to pressure those suppliers and customers not to do business with Vinci despite the letter of authorization it had received.

As such, Vinci requests that the time period for all documents subject to this letter extend through October 31, 2023, the end of the month in which KSNY finally issued the Letters of Authorization to Vinci.  Accordingly, as for time constraints for the productions of these three categories of documents, Vinci requests as follows:

As to **Case-Mate and KSNY correspondence (including text messages)**:  Your Honor set the date range as March 1, 2023, to July 30, 2023 (Dkt. 279), however Vinci seeks to expand this date range from **March 1, 2023 through October 31, 2023**.

As to **Case-Mate's own internal correspondence (including text messages)**:  Your Honor set the date range as January 1, 2023, to August 18, 2023 (Dkt. 279), however Vinci seeks to expand this date range from **January 1, 2023 through October 31, 2023**.[5]

As to **Case-Mate's correspondence with Vinci's Customers and Suppliers**: Your Honor set the date range as April 1, 2023, to July 31, 2023 (Dkt. 273), however Vinci seeks to expand this date range from **April 1, 2023 through October 31, 2023**.

Respectfully Submitted,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

Susan M. White
One of the counsel for Vinci Brands LLC

---

[5] For any correspondence ordered to be produced from August 18 through October 31, 2023, Vinci is willing to eliminate "incase" and eliminate "siena" from the search string.