Case 1:23-cv-05138-LGS   Document 289   Filed 03/18/24   Page 1 of 2

In light of Vinci and ACS's responsive letter at Dkt. 288, Case-Mate's requests are **DENIED** except as below:

1. Vinci and its counsel shall not give access to its discovery database to anyone other than as provided by the Protective Order without prior notice to Case-Mate and an opportunity to object.
2. By **March 22, 2024**, all parties, including KSNY, shall meet and confer and file a joint letter proposing deposition procedures that are reasonably efficient and protect Case-Mate's confidential business information. That letter shall include ACS's explanation of the asserted centrality of Case-Mate's conduct to ACS's defense in Case No. 23 Civ. 5409.

So Ordered.  The Clerk of Court is respectfully directed to close the motion at Dkt. 284.

Dated: March 18, 2024
      New York, New York

*[Signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

RE:   *Vinci Brands, LLC v. Coach, Inc., et al.*, Civil Action No. 1:23-cv-05138-LGS
      <u>Additional Letter Regarding Asserted Breaches of the Protective Order [ECF 233]</u>

Dear Judge Schofield:

Defendant Case-Mate, Inc. ("Case-Mate") respectfully requests the Court to enter relief further to its March 13 Order [ECF 278] in relation to Plaintiff Vinci Brands, LLC's ("Vinci") and Non-Party ACS Group Acquisitions LLC's ("ACS") breaches of this Court's Protective Order [ECF 233], given the representations made in their joint letter to the Court.

As detailed below, Case-Mate asks the Court to order (i) ACS's counsel to provide the additional information that Case-Mate requested; (ii) Vinci to provide a log of all non-Vinci executives or counsel who accessed Case-Mate AEO material, which documents, and when; (iii) Steve Latkovic to provide the declaration Case-Mate requested; (iv) Vinci and their counsel to be prohibited from giving access to its document production database to anyone else (other than as explicitly and directly provided by the Protective Order) without prior notice to Case-Mate and an opportunity to object; and (v) an award of attorney's fees to cover addressing these issues.

As an initial point, neither Vinci nor ACS has provided the detailed information Case-Mate requested concerning the scope of the breaches, whereby (1) Vinci provided ACS's counsel with access to Case-Mate's Confidential and Attorneys' Eyes Only ("AEO") document productions, and (2) Vinci provided access to their client (Vinci executive Steve Latkovic) to Case-Mate's AEO information.

With regard to ACS's counsel, Case-Mate had requested detailed information regarding the scope of that breach. In their letter to the Court, ACS represented that "**<u>no</u> *attorney*** at Lazare Potter Giacovas & Moyle LLP accessed or reviewed a single document produced by Case-Mate, including any AEO material. [ACS' counsel] also confirmed that our co-counsel, Harlan Lazarus, personally reviewed *some* AEO materials but did not share any document or information with ACS. Moreover, Mr. Lazarus did not download or photograph any AEO document." [ECF 276] (bold and underline in original) (bold and italics added).

However, ACS's counsel did not state, for example, whether ***any non-attorney or other personnel*** "at Lazare Potter Giacovas & Moyle LLP accessed or reviewed a single document produced by Case-Mate, including any AEO material." Likewise, there was no representation as to whether anyone else at Mr. Lazarus's office reviewed any Confidential or AEO Information or

The Honorable Lorna G. Schofield, U.S.D.J.                                          March 13, 2024
Page 2

emailed it from the review system. Furthermore, neither Vinci nor ACS (or their respective counsel) represented that they are unaware of anyone else who may have improperly received access—or whether any of Case-Mate's protected information was discussed with anyone else. We would respectfully request that both Vinci and ACS be required to make complete and detailed representations in that regard.

In addition, during the prior meet-and-confer call, on the morning of Tuesday, March 12, we asked whether Vinci's counsel (who is apparently hosting the information) can provide a log regarding who may have accessed Case-Mate's information (who was not otherwise entitled to do so), when they accessed it, what they accessed, etc. To date we have not received a response to that request. We respectfully request that Vinci counsel be required to provide the requested log.

In relation to Mr. Latkovic, on March 7, 2024, Case-Mate demanded that Vinci provide a sworn declaration detailing the scope of the disclosure. Although Vinci provided "Exhibit A" to the Protective Order executed by Mr. Latkovic, it has not provided the requested declaration. Case-Mate respectfully requests that it be required to do so.

On the presumption that, once Case-Mate receives the responses to the requested information that nothing is revealed that is materially different from the representations currently made to the Court (with a full reservation of rights), Case-Mate also respectfully requests that ACS not be permitted to attend or participate in depositions that implicate Case-Mate's protected information (including all depositions of all Case-Mate personnel). Not only is that request supported by the fact that ACS's counsel has now reviewed Case-Mate's protected information (including AEO material), it is wholly consistent with the Court's Protective Order. The Protective Order allows a Disclosing Party to "designate testimony as Confidential Testimony after the deposition has concluded by letter to the other party no later than thirty (30) calendar days after receipt from the court reporter of the final deposition transcript."  [ECF 233 ¶ 8.] Case-Mate's ability to designate some or all of the deposition transcripts as "AEO" or "Confidential" within that thirty-day period will be vitiated if any non-parties (ACS or otherwise) are permitted to be present during the deposition itself.

Case-Mate further requests that Vinci and their counsel be prohibited from giving access to its document production database to anyone else (other than as *explicitly and directly* provided by the Protective Order) without prior notice to Case-Mate and an opportunity to object.

Finally, Case-Mate respectfully requests an award of $10,000 in attorneys' fees and costs that it incurred in addressing these breaches. While Case-Mate is confident that the fees spent researching, drafting submissions to the Court, corresponding with opposing counsel/counsel for ACS, etc. exceed that amount, we believe that is a fair resolution on this issue. However, if required by the Court, we would be happy to submit a more detailed fee schedule, but would then respectfully reserve the right to request the full amount of the fees, expenses and costs.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Erika C. Birg*
Erika C. Birg