Vinci shall provide 30(b)(6) testimony on KSNY's Topics 5 and 24.  The parties are directed to meet and confer again on the number of documents to be identified before the deposition and when, including whether the Vinci and KSNY parties will adopt the Pre-Identified Document Procedure that Vinci and Case-Mate have agreed to in Dkt. 307.  So Ordered.

Dated: April 2, 2024
       New York, New York

L<small>ORNA</small> G. S<small>CHOFIELD</small>
U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>

**Re:**   *Vinci Brands LLC v. Coach Services, Inc., et al.*, 1:23-cv-05138-LGS
         *Kate Spade LLC, et al. v. Vinci Brands LLC, et al.*, 1:23-cv-05409-LGS
         **Joint Letter Concerning KSNY's 30(b)(6) Topics to Vinci**

Dear Judge Schofield:

Pursuant to Rule III.A.1 of Your Honor's Individual Rules and the Court's March 6, 2024 Order, Kate Spade LLC, Coach Services, Inc. and Tapestry, Inc. (together, "KSNY") and Vinci Brands LLC ("Vinci") submit this joint letter to seek resolution from the Court over disputes about 2 topics for which KSNY seeks Vinci's 30(b)(6) testimony.

**KSNY Introductory Statement**

On February 12, 2024, KSNY served a Notice of 30(b)(6) deposition on Vinci seeking testimony on 36 topics. Vinci served objections on February 19, 2024. Through the conferral process, KSNY and Vinci were able to resolve Vinci's objections for all but 2 topics. For these 2 topics—Topic 5 and Topic 24—KSNY asks the Court to compel Vinci to provide 30(b)(6) testimony.

**Vinci Introductory Statement**

KSNY and Case-Mate, Inc. ("Case-Mate") have issued separate 30(b)(6) Notices to Vinci, seeking testimony on 88 topics,[1] with many topics seeking testimony on irrelevant subject matters and matters beyond the scope of the issues raised in this Litigation.  Nonetheless, in a good faith attempt to address KSNY's and Case-Mate's requests, Vinci has agreed to designate a witness to testimony on the vast majority of topics, as revised per the agreement of the parties through their meet and confer efforts, leaving just the below KSNY requested topics in dispute.

   A.   Topic 5.

**KSNY Position**:

KSNY's Topic 5 originally was: "Vinci's financial condition from January 1, 2021 through today, including its ability to pay its debts, its revenue, and all monetary claims against Vinci for that time period." Vinci made the following objection to Topic 5:

> Vinci objects to this Topic as vague and ambiguous with respect to the terms "financial condition" and "monetary claims." Vinci further objects to this Topic as overbroad to the extent it seeks information not relevant to the above-captioned lawsuits nor reasonably

---

[1] Vinci has agreed to seven hours for its 30(b)(6) deposition, so KSNY and Case-Mate will need to figure out how to allocated those seven hours among their 88 combined topics.



> calculated to lead to the discovery of relevant evidence. Vinci further objects to this Topic on the grounds that it is not described with reasonable particularity. Subject to and without waiving its objections, Vinci states it will designate a witness who will testify regarding Vinci's revenues and debts through March 31, 2023.

After conferral, KSNY clarified Topic 5 to address Vinci's objections as follows: "Vinci's financial condition from July 1, 2021 until July 18, 2023, focusing on Vinci's cash, revenue, debt, cash flow, borrowing ability, ability to pay its debts, capitalization, and compliance with its other debt instruments."

Vinci continues to object to Topic 5 on the ground that the time period of July 1, 2021 to July 18, 2023 is overbroad. Vinci's objection has no merit. Vinci's financial condition during this time period goes to the heart of the case because it is probative of when KSNY validly terminated the License Agreement.

First, Vinci's financial condition during this time period is probative of whether the claimed force majeure prevented Vinci from making payments under License Agreement, and thus prevented KSNY from terminating the License Agreement under Section 3.3(a) due to Vinci's failure to make required payments. In ruling on the preliminary injunction, this Court found that Vinci had shown a reasonable probability that KSNY's first termination was ineffective because "the Force Majeure Event and *not [Vinci's] overall financial condition* … caused Vinci's non-payment." Dkt. 96 in 23-cv-05409 at 10 (emphasis added).

KSNY thus is entitled to discovery about Vinci's financial condition, going back to at least July 1, 2021. Shortly thereafter, on August 6, 2021, Vinci purchased the assets of Incipio Technologies, Inc. ("Incipio") in a UCC Article 9 sales, including Incipio's rights under the License Agreement. At the time, Incipio was a distressed company, and Vinci's owners sought to infuse capital so that Vinci, unlike its predecessor Incipio, would be in a financially sustainable position. KSNY is seeking discovery to prove that Vinci failed to raise funds and consequently suffered from the same financial woes and cash flow problems as Incipio. As a result, Vinci lacked cash flow to pay all of its creditors and chose to stop paying KSNY in 2022 in breach of the License Agreement. This evidence is important because it could show that Vinci's claim of force majeure was merely a pretext raised to try to excuse Vinci's own financial mismanagement and undercapitalization. More, as revealed in document discovery, Vinci defaulted on certain financial covenants to certain lenders in early 2022. This further supports the time period requested in Topic 5 and entitles KSNY to discovery on whether Vinci's financial condition was the actual cause of its non-payment.

Second, Vinci's financial condition is relevant to whether the License Agreement was automatically terminated without the need for notice due to Vinci's insolvency. Under Section 3.3(b), an event of default occurs and the License Agreement automatically terminates without notice, if Vinci "is unable to pay its debts generally as they become due." For this additional reason, Vinci's financial condition is relevant for the entire period that Vinci was arguably a licensee, *i.e.*, August 6, 2021 (*i.e.*, the date Vinci acquired Incipio's assets) to July 18, 2023 (*i.e.*, the date of KSNY's second termination notice).

Contrary to Vinci's assertions, KSNY's identification of narrowed topics is reasonably particular and sufficiently detailed for Vinci to prepare its corporate witness. Vinci did not raise its proposal that it only prepare a witness to testify about 10-15 documents identified by KSNY in advance of the deposition during the multi-week conferral process; it first raised this proposal in a draft of this letter it sent at 6:42 PM on April 1. That alone is reason to deny Vinci's proposal. Vinci's proposal also is inadequate because KSNY seeks answers to key questions about Vinci's financial condition, which may not be apparent or contained in documents produced in the case. The purpose of a 30(b)(6) deposition is not simply for a



corporate representative to regurgitate documents products in the case. There also is no justification to artificially limit KSNY's questions to a narrow set of documents on this critical issue.[2]

**Vinci Position**:

KSNY's revised Topic 5 is patently overbroad and would subject Vinci's designee to memorize over two years' worth of financial information. Specifically, Vinci's designee would have to be prepared to testify about Vinci's ***"cash, revenue, debt, cash flow, borrowing ability, ability to pay its debts, capitalization, and compliance with its other debt instruments"*** for over a two-year period. While Vinci does not dispute that Vinci's financial condition is relevant to its claims and KSNY's defenses, Vinci has proposed that KSNY select certain dates within that two-year period so that Vinci can adequately prepare a witness to testify about all of the financial information requested by KSNY. Alternatively, Vinci proposes that KSNY identify 10-15 documents produced by Vinci relating to Vinci's financial condition in advance of Vinci's 30(b)(6) deposition and that Vinci will designate a witness to testify about those 10-15 documents.

Although KSNY claims that Vinci's proposal to identify 10-15 documents in advance of the 30(b)(6) deposition is untimely[3] and inadequate, that is exactly what KSNY proposed, and agreed to do, to prepare its 30(b)(6) witness(es) to testify on certain topics issued by Vinci. For example, for its own Topic 24, Vinci requested testimony on KSNY's communications with Vinci's suppliers and did not, contrary to KSNY's assertions, limit it to documents or *written communications produced in the case*. In response, KSNY agreed to designate a witness as follows, per its March 20, 2024 email:

> Topic 24. The KSNY Parties will make available a corporate representative to testify about this topic. However, given the volume of documents produced in the case, a corporate representative cannot be expected to be prepared to discuss every unidentified communication. Thus, please send or identify by bates number up to 10 communications that you plan to inquire about at least 14 days before the deposition, and the witness will be prepared to discuss them.

B.    Topic 24.

**KSNY Position**:

KSNY's Topic 24 originally was: "The business relationship between ACS and Vinci, including, but not limited to, ACS's level of control over Vinci's business operations since June 1, 2023 and ACS's support and/or financing of Vinci in the Litigation or in other endeavors." Vinci objected to Topic 24 as follows:

> Vinci objects to this Topic as vague and ambiguous with respect to the terms "business relationship," "business operations," "support," and "other endeavors." Vinci further objects to this Topic as overbroad to the extent it seeks information not relevant to the

---

[2] Vinci's comparison to Topic 24 is inapt because Vinci's Topic 24 seeks testimony about KSNY's communications produced in the case with Vinci's suppliers. By contrast, KSNY's Topic 5 is not about documents produced in the case.

[3] Contrary to KSNY's assertions and in light of the volume of documents produced in this litigation, Vinci and KSNY have, for weeks, discussed identifying documents in advance of the 30(b)(6) depositions.

The Honorable Lorna G. Schofield
April 1, 2024
Page 4



above-captioned lawsuits nor reasonably calculated to lead to the discovery of relevant evidence. Subject to and without waiving its objections, Vinci states it will meet and confer with Kate Spade regarding the Topic.

After conferral, KSNY clarified Topic 24 to address Vinci's objections as follows: "For the time period June 1, 2023 to the present, ACS's [business] relationship[4] with Vinci, ACS's level of control over Vinci's business operations, ACS's support and financing of Vinci in this Litigation, and any interest ACS had in purchasing Vinci or Vinci's assets." Vinci has refused to provide a witness on revised Topic 24.

Topic 24 is relevant and important because KSNY alleges that ACS's transactions and business relationship with Vinci at some point may have amounted to an unauthorized change in control, which would have triggered an automatic termination under Section 3.3(f) of the License Agreement.[5] KSNY did not approve any change in control to ACS, and thus should be entitled to examine a Vinci corporate designee about the level of ACS's involvement with Vinci's business since June 1, 2023. Indeed, document discovery has revealed that one reason ACS purchased the Monroe Loan was to preserve Vinci's right to sue KSNY and Case-Mate. This fact tends to show that ACS exercises a high level of control over Vinci's current operations and actions, including ACS's assertion of rights over Vinci's inventory, and that an unauthorized change in control may have occurred. Moreover, in light of ACS's purchase of the Monroe Loan to preserve claims, any discovery on litigation financing is particularly relevant as such financing may constitute champerty.

**Vinci Position**:

As an initial matter, Vinci has not refused to provide a witness on revised Topic 24 but has instead repeatedly conveyed to KSNY that portions of Topic 24 are so broad that a witness cannot be properly prepared to testify on such broad topics. Vinci's objections have fallen on deaf ears as KSNY has broadened the scope of Topic 24. Initially, KSNY requested testimony on the "business relationship" between ACS and Vinci but has now inexplicably broadened that request to the "relationship" between ACS and Vinci. Such a topic is patently overbroad and would touch on every ACS and Vinci interaction and communication, and given that KSNY requests testimony on that "relationship" from June 1, 2023 to the present, the scope of the request is simply beyond what any witness could be prepared to testify about. Moreover, Vinci has objected to the time period covered by Topic 24 and KSNY has offered no reason why the present "relationship" between ACS and Vinci, or their relationship following the filing of the Second Amended Complaint, is relevant to any claim or defense. In addition, any supposed litigation financing is irrelevant to any claim or defense in this Litigation, and KSNY's half-hearted attempt to show relevance falls flat.

Lastly, Vinci is agreeable to designate a witness to testify about "ACS's level of control over Vinci's business operations" and whether ACS offered to purchase Vinci or Vinci's assets.

---

[4] KSNY intended and intends relationship to mean "business relationship."

[5] Section 3.3 states that an Event of Default occurs "If Licensee, without the prior written approval of Licensor: (i) sells (regardless of how designated) all or substantially all of its assets, (ii) merges or consolidates with or into another corporation or entity, or (iii) if there is a change in control of Licensee, in each case whether in a single transaction or as the aggregate result of a series of transactions, and whether the transaction or transactions involve an affiliated or unaffiliated Person or entity."

The Honorable Lorna G. Schofield
April 1, 2024
Page 5



                                   Respectfully Submitted,

                                   _/s/ Adam B. Stern_
                                   One of the counsel for Kate Spade LLC and Coach Services, Inc.

                                   _/s/ Paul Del Aguila_
                                   One of the counsel for Vinci Brands LLC