By **April 23, 2024**, Case-Mate shall select and file seven Case-Mate-redacted text messages and seven Vinci-redacted text messages.  By **April 23, 2024**, Vinci shall select and file seven Case-Mate-redacted text messages and seven Vinci-redacted text messages.  By **April 24, 2024**, Case-Mate and Vinci shall each file ex parte and under seal unredacted versions of the text messages that each respectively produced in redacted form, highlighting the redacted text, so that the Court may conduct an in camera review of the text messages.  So Ordered.

Dated: April 22, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**Re:** *Vinci Brands LLC v. Case-Mate, Inc., et al.* **(1:23-cv-05138-LGS)**
Joint Letter on Vinci's Motion to Compel Case-Mate, Inc. to Produce Unredacted Text Messages and Case-Mate's Requests for (i) Protective Order under Rule 26 and (ii) appointment of a special master under Rule 53.

Dear Judge Schofield:

Counsel for Vinci Brands LLC ("Vinci") and Case-Mate, Inc. ("Case-Mate"), submit this Joint Letter concerning Vinci's motion to compel Case-Mate to produce unredacted text messages.

**Vinci's Position**:

As this Court is well aware, Case-Mate requested and received multiple extensions of time to complete its document production, with the Court granting Case-Mate until March 22, 2024 to complete that production.  [ECF 279]. Despite the Court's Order, Case-Mate dumped over 2,500 documents on Vinci on Friday, April 5, 2024 at 10:48 p.m., providing Vinci essentially no time to review these documents before Vinci took the depositions of key Case-Mate executives on April 8, 9, and 10 in Atlanta, Georgia.

Case-Mate's late-night document dump on April 5, 2024 is not its first[1] and, once again, demonstrates Case-Mate's lack of good faith in the discovery process.[2] Indeed, after reserving its right to seek additional time to depose Case-Mate's executives and reviewing Case-Mate's late-night document dump, Vinci's counsel discovered that **Case-Mate produced 148 pages of text messages among the Case-Mate executive team** discussing every single important aspect of this dispute during the relevant time period (January 2023 through June 2023), including, but not limited to, (a) Case-Mate's interest in purchasing Vinci and/or its brands, (b) Case-Mate's access to and use of Vinci's confidential information; (c) Case-Mate's and KSNY's clandestine

---

[1] This was not Case-Mate's first document dump.  As the Court will recall, on March 22 and March 23, 2024, Case-Mate dumped over 8,000 documents on Vinci, designating over 7,000 documents as AEO and Confidential.  Although the Court denied Vinci's request to reschedule the April 8-10 depositions of the Case-Mate witnesses, it ordered Case-Mate to re-review its designations and re-designate as appropriate.

[2] Case-Mate's complaints of Vinci's discovery demands ring hollow as it is Case-Mate's own conduct in this litigation, **which has caused the Court to issue no fewer than five orders compelling Case-Mate to produce documents improperly withheld**, that has needlessly wasted the parties' resources.  Moreover, on April 11, 2024, Case-Mate issued six ridiculously overbroad subpoenas to various third-parties, seeking the production of documents to 253 document requests (when counting all sub-sections).

negotiations for Case-Mate to "takeover" the Vinci licensing agreement **months before** KSNY attempted to terminate the Vinci License Agreement; (d) Case-Mate's abuse of its position as Vinci's lender to financially strangle Vinci; (e) Case-Mate's refusal to sell the loan to any interested party so that it could maximize its profits at the expense of Vinci; and (f) Case-Mate's efforts to interfere with Vinci's rights under the Vinci License Agreement and Vinci's contracts and relationships with its suppliers and customers. Case-Mate's overly aggressive and improper approach to redactions was not limited to the Case-Mate executive team text message string, but was also applied to **all text message strings produced by Case-Mate**.

Accordingly, Vinci requested that Case-Mate "re-produce" all text message strings without any redactions (other than those withheld based on privilege), but Case-Mate has refused to do so, claiming that it is entitled to redact non-responsive and irrelevant text messages (as well as privileged messages). Case-Mate is wrong.

"The weight of authority in the Second Circuit[3] goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy." *Al Thani v. Hanke*, 2022 WL 1684271, at *1 (S.D.N.Y. May 26, 2022) (citing *Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd.*, 327 F.Rd. 52, 54 (S.D.N.Y. 2018) (collecting cases)); *see also In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed suspicions" and "may deprive the reader of context"). In addition, unilateral redactions based on concerns about personal privacy or business sensitivity are routinely disallowed, particularly where [as is the case here] a protective order is in place allowing the parties to designate that information 'confidential' and restrict its use." *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, 2022 WL 621957, at *2 (S.D.N.Y. Mar. 3, 2022).

There is no reason, and Case-Mate has not provided any, to go against the weight of authority in this Circuit, which holds that the parties may not unilaterally redact otherwise discoverable documents for reasons other than privilege. Indeed, the *Al Thani* court **compelled the defendant to produce all unredacted text messages**, despite the defendant's claims that the redacted text messages were irrelevant and "have absolutely nothing to do with the present case nor are likely to lead to the discovery of admissible evidence," finding that it "is a rare document that contains only relevant information and 'irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.'" 2022 WL 1684271 at *2 (citation omitted). And that is exactly the case here – as demonstrated by the testimony of one of Case-Mate's co-defendant's witnesses, Jackie de Lagarde, who testified, on April 15, 2024, that **she needed additional context in order to respond to questions about certain text messages exchanged by the Case-Mate executive team during the relevant time period**. Simply put, Case-Mate cannot be left to unilaterally determine what may be relevant; indeed, a "single text message, standing alone, is oftentimes meaningless without other messages in the text chain to provide context." *Id.* And given that these text messages were exchanged by

---

[3] Apparently dissatisfied with the weight of authority in the Second Circuit and this District, Case-Mate cites to cases from other Circuits and districts in order to cobble together its factually and legally unsupported position that it need not produce unredacted text message strings.

key members of the Case-Mate executive team amongst themselves and with others during the key period of time, ***these text messages are, at a minimum, relevant to providing context for the other text messages in the chain***. *Id.; see also Richmond v. Montefiore Medical Center*, 2023 WL 6211978 (S.D.N.Y. Sept. 25, 2023) (compelling production of unredacted text messages as embarrassment is not a basis for sealing).

Accordingly, Vinci respectfully requests that the Court compel Case-Mate to produce unredacted text message strings for all custodians. In the alternative, Vinci respectfully requests that Case-Mate produce unredacted text message strings between and among Case-Mate executives and personnel during the relevant time period as those messages touch on Case-Mate's conduct giving rise to Vinci's claims.

In an attempt to deflect from its own overly aggressive and improper redactions of text messages of Case-Mate's executive team during the key period of time, Case-Mate points the finger at Vinci, claiming that Vinci has redacted text messages. What Case-Mate fails to advise the Court, however, is that Vinci has agreed to meet and confer regarding any alleged redactions and is more than willing to unredact any messages should any be identified.

**Case-Mate Position:**

Vinci's scorched earth,[4] leave-no-stone-unturned, outrageous discovery demands continue unabated. Vinci has tossed all concepts of proportionality out the window. Vinci's latest tactic is to demand Case-Mate produce ***all*** unredacted personal and private text messages between fact witnesses, ***regardless of relevancy or responsiveness***. What Vinci asks for is beyond the scope of any right to discovery under Rules 26 or 34. *See, e.g.*, *Millenium Health, LLC v. Gerlach*, No. 15CV7235WHPJLC, 2015 WL 9257444, at *1 (S.D.N.Y. Dec. 18, 2015) ("It should go without saying that even if these privileges do not apply, if the information sought is not relevant, it need not be produced."). Thus, Case-Mate asks the Court to issue a protective order.

A text message string is not a single document; it is a compilation of multiple messages over long periods of time which wind between numerous different topics. Some topics are relevant (and produced); most are not. While Vinci selectively produced text messages with screen shots and in excel form that do not reveal whether information was withheld, Case-Mate produced text messages in the string's original form to aid in collection and production and remain consistent with the requirements of Rule 34(b)(2)(E). Case-Mate's production format limits text conversations to relevant portions, but also provides context for the relevant portions of the conversations. *See, e.g., Sandoz, Inc. v. United Therapeutics Corp.,* No. 19-CV-10170, 2021 WL 2453142, at *1 (D.N.J. June 16, 2021) (Special Master required production of contextual messages where party produced only single messages). So Case-Mate's production included numerous pages of text conversations, many of which were non-responsive, personal and private, and highly confidential business messages wholly unrelated to Vinci and KSNY that Case-Mate appropriately did not produce.

---

[4] Vinci accuses Case-Mate of document "dumps," yet Vinci itself dumped 33,000+ pages of documents on Case-Mate just days before its key witness, Steve Latkovic, sat for his deposition. Vinci points a lot of fingers, revealing that its true nature is to cast aspersions in some attempt to prejudice the Court. Vinci lives in a glass house, and Case-Mate continues to have to battle with Vinci to produce documents that it has withheld.

Vinci ignores that the outcome of this dispute is fact dependent.[5] In *Al Thani v. Hanke,* 2022 WL 1684271 (S.D.N.Y. May 26, 2022) a defendant produced self-redacted (without assistance of counsel) text messages in tabular form; she argued the redactions at issue were proper because each text message is its own document. *See id.,* Case 1:20-cv-04765-JPC, ECF No. 282. After an *in camera* review, the court found that defendant's argument that each text message was a singular document ignores the importance of context and "[a]t a minimum, the redacted text messages are relevant to providing context for the other messages in the text chain . . . deemed responsive." *Id.* at *2. Here, Case-Mate did not produce single texts. It provided messages with context, which required appropriate redactions under Rule 26. *See, e.g., Kaiser Aluminum Warrick, LLC v. US Magnesium* LLC, 2023 WL 2482933 (S.D.N.Y. Feb. 27, 2023) (noting that relevance redactions are appropriate when they comply with Federal Rules 1 and 26). Further, redactions are permitted where the Court finds good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Howell v. City of New York*, No. 06 Civ. 6347 (ERK) (VVP), 2007 WL 2815738, at *2 (E.D.N.Y. Sept. 25, 2007). That is precisely what is needed here. The Court should protect Case-Mate from Vinci's relentless assault into Case-Mate's business beyond the facts of this case. The text messages do not support any of Vinci's outlandish accusations, all of which remain subject to Case-Mate's pending motion to dismiss because Vinci cannot succeed on its claims as a matter of law. It also is not proportional, and Vinci has not shown any right to overcome the protections offered by Rules 26 and 34.

Finally, Case-Mate's custodians retain a constitutional right to individual privacy that includes nondisclosure of personal information contained in text messages. *See Laub v. Horbaczewski*, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)). Nonetheless, Vinci has repeatedly attempted to pry into Case-Mate's and its officers' business out of spite and revenge; it knows no boundaries for Case-Mate's personal and private lives and should not be allowed to view text message conversations regardless of relevance or responsiveness. *See Advanced Magnesium Alloys Corp. v. Dery,* No. 120CV02247RLYMJD, 2022 WL 3139391, at *4 (S.D. Ind. Aug. 5, 2022) (Defendants ordered to produce the text messages but allowed redactions for any portion of a message that were personal or unrelated business matters).

*Case-Mate's Proposed Resolution:*

Case-Mate offered to reproduce the text messages in an alternative format similar to the format used by Vinci. True to form, **Vinci refused any reasonable resolution**, reflecting its primary purpose is to harass Case-Mate through continued discovery disputes and a never-ending thirst for everything Case-Mate related. Vinci's purported alternative is no alternative. It ignores the very substance of Case-Mate's argument that the text messages are strings of conversations that thread in and out of relevancy as they consist of multiple topics, over numerous days. These conversations include unrelated business conversations and personal and private messages. Producing strings of conversations between executives does not solve for that. Vinci fails to provide the Court with any reason why a subset of the same request is proportional to the needs of the case.

Case-Mate remains willing to reproduce responsive text message conversations in a format that will eradicate the dispute. In the event that the Court finds this to be a workable solution, then Case-Mate requests that the Court allow 14 days to re-produce relevant text conversations given the ongoing depositions next week.

---

[5] Case-Mate does not dispute or ignore the case law in this Circuit. The general rule with respect to redactions does not apply given the facts and circumstances at issue, and Vinci has not cited to a case precisely on point.

Alternatively, Case-Mate requests that the Court or a magistrate judge review the text messages *in camera* (as in *Al Thani*) or that the Court appoint a special master under Rule 53(a) to determine relevancy of the text messages and whether good cause exists to protect Case-Mate from unnecessary annoyance or embarrassment. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* 2023 WL 3966703 at *3 (S.D.N.Y. June 13, 2023) (court appointed a special master "[g]iven the lack of cooperation among the parties," and the particularly "thorny" issues to be decided). Neutral review of the messages would protect Case-Mate from Vinci's overeager, zealous, and unwarranted intrusion into Case-Mate's and its officers' affairs outside of this litigation. Case-Mate also requests appointment of a special master to review any disputes over privilege redactions and documents withheld on privilege grounds.

*Vinci's Text Messages:*

If any party should be compelled to re-produce text messages, it is Vinci. Vinci's position is disingenuous as **Vinci itself redacted texts**. It also appears that **Vinci has selectively produced text messages based on its own interpretation of what was responsive or relevant**, although frankly, that is difficult for Case-Mate to ascertain because Vinci did not produce the texts in their original form, but in Excel format or in selective screen shots that do not retain their original formatting and do not provide any relevant context. *See Doe v. Willis,* No. 8:21-CV-1576-VMC-CPT, 2023 WL 2918507, at *12 (M.D. Fla. Apr. 12, 2023) (finding that production of text message screenshots were improper as they did not contain metadata and other relevant information). As counsel for Vinci represented in its email to Case-Mate dated April 18, 2024, "Per SDNY case-law, context matters and thus even allegedly non-responsive or irrelevant text messages must be produced," if the Court requires Case-Mate to produce unredacted and non-responsive material, then Vinci should also be held to the same standard and be compelled to produce its text messages in the proper form and in their entirety or, as Case-Mate suggests above, to produce unaltered text message strings to a magistrate judge or special master for determination as to the propriety of Vinci's withholding information from Case-Mate.

Finally, Vinci continues to abuse the 12-hour process by providing the letters late at night. Case-Mate received this letter at 10:32 p.m. Case-Mate respectfully requests that the Court restrict the hours that count against the 12-hour timeline to be between the reasonable, working hours of 8 a.m. and 8 p.m. ET.

Respectfully Submitted,

/s/ *Paul Del Aguila*
Counsel for Vinci Brands LLC

/s/ *Lyndsey Stults*
Counsel for Case-Mate, Inc.