Application **DENIED**.  "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up).  By **May 14, 2024**, Case-Mate shall produce its unredacted text message conversations as directed by the Dkt. 347 order.  By **May 14, 2024**, Vinci shall produce its text message conversations in the same form required of Case-Mate.  The parties may modify the date of production by mutual agreement.  All future discovery disputes shall be directed towards Judge Figueredo.  So Ordered.

Dated: May 7, 2024
        New York, New York

_____
        **LORNA G. SCHOFIELD**
    **UNITED STATES DISTRICT JUDGE**


RE:     ***Vinci Brands LLC v. Coach Services, Inc., et al.* Case No. 1:23-cv-05138-LGS**
        **Letter Motion for Reconsideration of the Court's Order Regarding**
        **Production of Unredacted Text Messages [ECF 347]**

Dear Judge Schofield[1]:

        Defendant Case-Mate, Inc. ("Case-Mate") submits this letter seeking limited relief on reconsideration from the Court's Order on discovery dated April 30, 2024 (ECF 347 (the "Order")) to ensure equal treatment and parity between the parties and to avoid imposing an unproportionate burden on Case-Mate. *See Lubrizol Corp. v. Int'l Bus. Machines Corp.*, No. 1:21-CV-00870-DAR, 2023 WL 3453643, at *5 (N.D. Ohio May 15, 2023) (holding that the same protocol for producing messages should apply to both parties).

        Case-Mate respectfully requests that the Court modify its Order to allow Case-Mate to reproduce responsive text messages in an alternative format, like that Vinci Brands LLC ("Vinci") used, and to withhold unresponsive and irrelevant text messages that Case-Mate previously redacted, just as Vinci did. Case-Mate further requests that the Court allow fourteen (14) days from the issuance of its order for Case-Mate to reproduce the responsive text messages. If Case-Mate's Motion for Reconsideration is denied, it asks the Court to order Vinci to produce all of the text messages between the individuals for whom it has produced selective screenshots or excel spreadsheets in complete, unredacted form. Case-Mate should not be punished improperly by having to reveal its non-responsive, sensitive business and personal information to a competitor simply because it produced the text message conversations in proper form and consistent with the requirements of Federal Rule of Civil Procedure ("Rule(s)") 34(b)(2)(E), when Vinci chose to skirt the Rules and avoid having to produce the same.

---

[1] Case-Mate addresses its Letter Motion for Reconsideration to Judge Schofield, but will re-direct the Motion to Magistrate Judge Figueredo if the Court deems it appropriate in light of the Order of Reference to a Magistrate Judge issued on May 1, 2024.

Honorable Lorna G. Schofield, U.S.D.J.
May 6, 2024
Page 2

**I.        Background Facts—Dispute Regarding Production of Redacted Text Messages.**

This request for reconsideration arises out of a discovery dispute between the parties regarding the production of redacted text message strings. In response to Vinci's written discovery requests, Case-Mate produced text message strings in their original format which contained relevant and responsive text messages, but also included highly confidential and sensitive business messages and non-responsive and irrelevant personal and private text messages between fact witnesses. (*See* ECF 327 at 3.) Accordingly, Case-Mate redacted sensitive, non-responsive and irrelevant text messages from the text message strings.

Rather than providing text messages in their native format or as text message strings fully extracted from the fact witness's devices, Vinci produced individual text messages in the form of screenshots and Excel spreadsheets that did not retain their original formatting or provide any relevant context. Vinci also appeared to selectively produce text messages based on its own interpretation of what was responsive or relevant, without revealing what, if any, information was withheld. *Id*.

On April 19, 2024, counsel for Vinci and Case-Mate filed a Joint Letter on Vinci's Motion to Compel Case-Mate, Inc. to Produce Unredacted Text Messages and Case-Mate's Requests for (i) Protective order under Rule 26 and (ii) appointment of a special master under Rule 53 ((ECF 327) (the "Joint Letter")). Vinci's counsel sought to compel the reproduction of every single text message string previously produced by Case-Mate with all redactions removed other than those based on privilege. Vinci argued that the Second Circuit disfavors allowing parties to redact non-responsive portions of responsive documents. Case-Mate noted that a text message string is not a single document, but a compilation of multiple messages spanning long periods of time and discussing countless varying topics. Accordingly, Case-Mate had not redacted portions of relevant documents, but had redacted separate, non-responsive messages. Nonetheless, Case-Mate proposed a solution: to reproduce only the responsive and relevant text messages in an unredacted non-native format, such as screenshots and excel spreadsheets. Notably, this is the exact method of production Vinci employed to produce text messages to Case-Mate.

After conducting an *in camera* review of a very small and limited sample of fourteen unredacted text messages, the Court issued an Order requiring Case-Mate to review its entire document production and ***remove all redactions*** other than for attorney-client privilege or work-product doctrine. (ECF 347.) The Order cited *Al Thani v. Hanke*, No. 20 Civ. 4765, 2022 WL 1684271 (S.D.N.Y. May 26, 2022) and stated "[t]he weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy." (ECF 347.)  Case-Mate now respectfully asks the Court to amend its Order to allow Case-Mate to instead produce responsive and relevant text messages as separate documents in the alternative format Vinci used. The *Al Thani* decision is neither binding precedent nor persuasive authority because it does not apply to the facts of this case. Case-Mate did not redact portions of unresponsive information from responsive documents;

Honorable Lorna G. Schofield, U.S.D.J.
May 6, 2024
Page 3

instead, it redacted separate, unique text messages neither relevant nor responsive to Vinci's requests for production of documents pursuant to the Court's ESI protocol (ECF 233).

All Case-Mate requests is parity and equal treatment before the Court. Case-Mate's proposed solution—to allow Case-Mate to produce text messages in the same formats as Vinci— is consistent with Rule 26, whereas requiring Case-Mate to produce entire strings of unredacted text messages is not proportional as the vast majority of those messages bear no relevance to the needs of this litigation and any introduction of those messages will violate Federal Rules of Evidence ("FRE") 401 and 403. Indeed, Vinci has not even attempted to show proportionality. Instead, this is just a fishing expedition.

Allowing Case-Mate to produce text messages in Vinci's alternative format will not prejudice Vinci. Case-Mate is simply seeking leave to produce responsive text messages in the same format Vinci used. Vinci can hardly argue that subjecting both parties to the same discovery protocol is prejudicial. Instead, it is the parity and equal treatment that is due parties under the Rules. Alternatively, if Case-Mate is required to produce an entire year of its sensitive, irrelevant and non-responsive information then Vinci should be held to the same standard and it should produce all text messages between the individuals, not just the selected portions Vinci chose to reveal by producing only selective texts in Excel files or screen shots.

## II.     The Rules do not Require Parties to Produce Nonresponsive Or Irrelevant Information.

Information is discoverable only "if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26(b)(1) advisory committee's note to 2015 amendment. "The party seeking discovery bears the initial burden of proving the discovery is relevant[.]" *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) (*internal citations omitted*). A party is not required to produce irrelevant documents or information, even if no privilege applies. *See, e.g., Millenium Health, LLC v. Gerlach*, No. 15CV7235WHPJLC, 2015 WL 9257444, at *1 (S.D.N.Y. Dec. 18, 2015).

What this Court has ordered Case-Mate to produce, is highly unusual because the nonresponsive text messages are by definition not relevant to this litigation, and the production of private and personal information and sensitive business information is highly prejudicial when the Court has reviewed only a small sample of documents in camera. In the Joint Letter, Vinci sought to compel Case-Mate to produce all unredacted text message strings for all custodians, and therefore had the burden to demonstrate "***the necessary linkage between the discovery sought and the claims brought and/or defenses asserted in the case***." *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.p.A.*, No. 9 Civ. 601 (ADS), 2009 WL 3757054, at *2 (E.D.N.Y. Nov. 9, 2009) (emphasis added). But Vinci gave the Court absolutely no facts to support its speculative assertion that all text message strings are "relevant to providing context for the other text messages in the chain." (ECF 327.)

Honorable Lorna G. Schofield, U.S.D.J.
May 6, 2024
Page 4

> **A.      Vinci did not meet its burden to demonstrate the relevance of unresponsive text messages.**

A party's conclusory statement that its requests are relevant is insufficient to meet its burden for a motion to compel discovery. *See Bailey v. New York Law School*, No. 16 Civ. 4283 (ER), 2018 WL 11476375, at *1 (S.D.N.Y. Apr. 30, 2018). Vinci's bare assertion that all text message strings for all custodians are relevant to this litigation, without providing any factual support, is a far cry from meeting the required burden.

In the Joint Letter, Vinci misconstrues the holding in *Al Thani v. Hanke*, in which the court noted that "a single text message, standing alone, is oftentimes meaningless without other messages in the text chain to provide context." *Al Thani v. Hanke*, No. 20 CIV. 4765 (JPC), 2022 WL 1684271, at *2 (S.D.N.Y. May 26, 2022). *Al Thani* is factually distinguishable.  There, the text messages at issue were produced in similar format as Vinci in that they were produced as single messages that were input into a table. The *Al Thani* plaintiffs provided the Court with the following excerpt of the text messages at issue:

| | | | | |
|---|---|---|---|---|
| 539 | Alan J. Hanke | Jan 14, 2020 03:05 PM | | Where are your sheik guys from I have a strange |
| 540 | Alan J. Hanke | Jan 14, 2020 03:07 PM | ███████ | |
| 541 | Alan J. Hanke | Jan 14, 2020 03:22 PM | | ███████████ |
| 542 | Alan J. Hanke | Jan 14, 2020 04:53 PM | | Has your 7 and 100 wired yet? |
| 543 | Alan J. Hanke | Jan 15, 2020 11:07 AM | | Please call me very important! |
| 544 | Alan J. Hanke | Jan 15, 2020 01:46 PM | At bank | |
| 545 | Alan J. Hanke | Jan 15, 2020 01:46 PM | | ███████████ |
| 546 | Alan J. Hanke | Jan 15, 2020 01:47 PM | Checking | |
| 547 | Alan J. Hanke | Jan 15, 2020 02:14 PM | 😊 | |
| 548 | Alan J. Hanke | Jan 15, 2020 02:16 PM | | Ty |
| 549 | Alan J. Hanke | Jan 15, 2020 02:35 PM | ███████ | |

*See Al Thani v. Hanke et al.,* Case No. 1:20-cv-4765 (JPC) ECF No. 282. Plaintiffs argued that the redacted messages identified above were in fact highly relevant. The court agreed in finding plaintiffs were entitled to otherwise unresponsive documents that they "reasonably believe place the responsive information in context." *Id*. The *Al Thani* court then identified the specific facts leading to its conclusion that the text messages at issue provided context, as they "were exchanged during the relevant time period," "were between. . .named Defendants," and were "relevant to assessing the nature of the relationship between [the defendants], their business dealings, and their pattern of conduct." *Id*.

Vinci's mere recitation of *Al Thani*'s holding without providing any factual support is insufficient to demonstrate the relevance of the text messages at issue. The outcome of this discovery dispute is fact-specific, and Vinci provided no facts demonstrating that in this case, the text messages at issue are in fact useful to providing context for the relevant and responsive text messages. Text messages which are otherwise irrelevant and unresponsive are not rendered automatically relevant simply due to their proximity to relevant text messages. *See, e.g.*, *Marksman Sec. Corp. v. P.G. Sec., Inc.*, No. 19-62467-CIV, 2021 WL 4990442, at *2 (S.D. Fla. Mar. 19, 2021) (holding that, when the meaning of a text message is apparent, a party does not need to produce surrounding text messages to provide context. Further, the producing party is in the best

Honorable Lorna G. Schofield, U.S.D.J.
May 6, 2024
Page 5

position to determine whether additional context and therefore additional surrounding texts must be produced). Quite simply, requiring a year's worth of unredacted text messages on Vinci's speculation, does not put Vinci to its burden of proof and thus prejudices Case-Mate and the individuals involved in the text messages.

Given Vinci's failure to meet its burden, Case-Mate asks the Court to reconsider and modify its Order requiring Case-Mate to reproduce all text message strings, because Vinci has not established their relevance and consequently has not met its burden to show that they are discoverable. It should not go unnoticed that Vinci has not been held to the same standard as the Court has held Case-Mate. If Case-Mate is forced to produce text messages that are irrelevant and non-responsive simply due to the fact they were sent between fact witnesses, so too should Vinci. For instance, Vinci's current production includes screen shots or excel spreadsheets with singular text messages between relevant fact witnesses that Vinci unilaterally determined to be responsive—instead of entire text message strings. Because Vinci has not produced its text messages as it demands that Case-Mate does, what should be good for Case-Mate should be good for Vinci.

### B.     This Court should reconsider and modify its Order and allow Case-Mate to produce responsive text messages in a similar format used by Vinci.

A text message string is not a single "responsive and relevant document." In opposing Case-Mate's production of text message strings which redacted irrelevant and unresponsive text messages, Vinci argued that a producing party should not "redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy." (ECF 327.) But that is precisely what Vinci did by extracting the text messages into Excel files and then not producing all of the extractions (or by taking screen shots of just certain text messages). Further, Vinci has not provided any rationale or cited to any authority justifying its flat-out rejection of Case-Mate's proposal to reproduce responsive text message conversations in Excel or by screen shot, as Vinci did.

Case-Mate's production of text messages as complete extractions with redactions of irrelevant, confidential, personal, private, and sensitive communications was appropriate and necessary. However, in an effort to resolve this discovery dispute, Case-Mate offered to reproduce its text messages in the same format Vinci used. (ECF 327.) While Vinci has inexplicably rejected that offer, Case-Mate now urges this Court to reconsider its Order and to allow Case-Mate to reproduce the responsive and relevant text messages in the same format as Vinci. This will allow Case-Mate to protect fact witness's private and personal communication, for Case-Mate to protect sensitive business information, and for Vinci to have the context it contends it needs..

Courts in other jurisdictions have expressly allowed parties to withhold irrelevant and unresponsive text messages from production. *See, e.g. Estate of Bailet v. City of Colorado Springs, Colorado*, No. 20-cv-01600, 2021 WL 2912921, at *2 (D. Colo. July 12, 2021) (permitting a party to withhold unresponsive and irrelevant text messages without objection, redaction, or including on a privilege log); *Marksman Sec. Corp. v. P.G. Sec., Inc.*, No. 19-62467-CIV, 2021 WL

…

Honorable Lorna G. Schofield, U.S.D.J.
May 6, 2024
Page 6

4990442, at \*2 (S.D. Fla. Mar. 19, 2021) (holding that when the meaning of a responsive text message is clear and does not require additional context, the producing party need not produce irrelevant "surrounding" text messages); *In re Pork Antitrust Litig.*, No. 18-cv-1776, 2022 WL 972401, at \*14-15 (D. Minn. Mar. 31, 2022) (stating that "[j]ust because there may be some relevant texts within a data set does not make all texts within that set presumptively relevant"). Compounding the issue here is the fact that the text messages are not just irrelevant and non-responsive, but they contain highly sensitive information. In essence, by ordering Case-Mate to produce over a year's worth of unredacted text messages amongst its executive team, Vinci will have access into Case-Mate's confidential communications relating to other transactions and business interests. This would be equivalent to ordering Coca-Cola to turn over its private communications to Pepsi.

This is not a situation in which Case-Mate has produced isolated text messages without any relevant context in a "scattershot" form. *See, e.g., Laub v. Horbaczewski,* 331 F.R.D. 516, 527 (C.D. Cal. 2019). As detailed *supra*, Vinci has not pointed to a single redacted text message that is needed to provide context for responsive text messages or which is otherwise responsive. As such, Vinci has not met its burden to demonstrate the relevance of any of the redacted texts from Case-Mate's original production, nor has it provided any rationale for prohibiting Case-Mate from reproducing relevant and responsive text messages in an alternative format.

Vinci's refusal to agree to Case-Mate's reproduction of responsive and relevant text messages in an alternative format is all the more perplexing **since Case-Mate is simply requesting permission to produce text messages in a format used by Vinci.** Vinci has not advanced any justification for being held to a different standard than Case-Mate. *See Lubrizol Corp. v. Int'l Bus. Machines Corp.*, No. 1:21-CV-00870-DAR, 2023 WL 3453643, at \*5 (N.D. Ohio May 15, 2023) (holding that the same protocol for producing messages should apply to both parties).

**III.    Reproducing All Text Messages For A Nearly Year-Long Period Without Any Redactions Is Not Proportional To The Needs Of The Case.**

This Court has broad discretion to limit discovery that is not proportional to the needs of the case. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014). The court evaluates proportionality by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Beverley v. New York City Health & Hosps. Corp.*, No. 18-CV-08486 (ER), 2024 WL 1342806, at \*6 (S.D.N.Y. Mar. 29, 2024). "The party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Perry v. The Margolin & Weinreb Law Group LLP*, No. 14-CV-3511 (JS) (AKT), 2015 WL 4094352, at \*2 (E.D.N.Y. July 7, 2015).

Vinci's discovery demands are not proportional to the needs of the case and constitute the consummate "fishing expedition." First, allowing Vinci access to a years' worth of Case-Mate's

Honorable Lorna G. Schofield, U.S.D.J.
May 6, 2024
Page 7

*irrelevant,* highly sensitive and confidential business and personal information to a competitor is not proportional to the needs of the case, but instead highly prejudicial to Case-Mate. Second, the Court has already decided that Vinci does not have a strong likelihood of success on the merits for its claims against Case-Mate as to the tortious interference claims, in particular. (*See* ECF 149.) Additionally, Case-Mate's motion to dismiss Vinci's claims remains pending, and will moot these requests entirely if successful. Finally, the scope of the discovery sought is overbroad to the extent that it seeks production of all text messages regardless of relevance or responsiveness, and Vinci has not shown the Court that any unresponsive, previously redacted text messages are relevant.

Case-Mate's custodians retain a constitutional right to individual privacy that includes nondisclosure of personal information contained in text messages. *See Laub v. Horbaczewski*, 331 F.R.D. 516, 521 (C.D. Cal. 2019) (citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)). Nonetheless, Vinci has repeatedly attempted to pry into Case-Mate's and its officers' business out of spite and revenge, intentionally invading Case-Mate's officers' personal and private lives, and should not be allowed to view text message conversations without regard for relevance or responsiveness. *See Advanced Magnesium Alloys Corp. v. Dery*, No. 120CV02247RLYMJD, 2022 WL 3139391, at *4 (S.D. Ind. Aug. 5, 2022) (Defendants ordered to produce the text messages but allowed redactions for any portion of a message that were personal or unrelated business matters); *see also Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088 (RMB), 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) (holding that proportionality and relevance are "'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate.").

## IV.   Request for Relief.

Case-Mate respectfully requests that the Court modify its Order to allow Case-Mate to review its entire document production and reproduce only relevant, responsive text messages in an alternative format (by screen shot or Excel) just as Vinci produced text messages. Case-Mate further requests that, if the Court grants Case-Mate's request and modifies its Order, that the Court allow 14 days from the date of its modified Order to reproduce the relevant text messages.

The requested relief will not prejudice Vinci because Case-Mate is seeking leave to reproduce the text messages in a format used by Vinci. *See Lubrizol Corp.,* No. 1:21-CV-00870-DAR, 2023 WL 3453643, at *5 (holding that the same protocol for producing messages should apply to both parties). Vinci did not produce texts in their original form, but in Excel format or as separate screenshots. Therefore, holding Case-Mate to the same standard and allowing it to produce its text messages in a similar format to Vinci will not prejudice Vinci.

In the alternative, if the Court denies the Motion for Reconsideration, Case-Mate requests that Vinci be held to the same standard. Specifically, Case-Mate requests an order requiring Vinci to produce text message conversations in their entire, unredacted form.

We thank the Court for its attention to this matter.

Honorable Lorna G. Schofield, U.S.D.J.
May 6, 2024
Page 8

Respectfully submitted,

*/s/ Erika C. Birg*
Erika C. Birg

cc:      Counsel of Record (via ECF)

4874-5482-2844 v.6 035234/01524, 7:29 PM, 05/06/2024