

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Erika C. Birg
T: 404.322.6110
erika.birg@nelsonmullins.com

201 17th Street NW, Suite 1700
Atlanta, GA 30363
T: 404.322.6000 F: 404.322.6050
nelsonmullins.com

June 18, 2024

**Via ECF**

The Honorable Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse, S.D.N.Y.
500 Pearl Street
New York, NY 10007

      RE:    *Vinci Brands, LLC v. Coach, Inc., et al.*, Civil Action No. 1:23-cv-05138-LGS
             *Case-Mate's Letter Motion for Discovery Conference and Order Compelling*
             *Vinci To Produce Certain Documents in Response to Written Discovery Requests*

Dear Judge Figueredo:

      Pursuant to Rule II.c.2 of Your Honor's Individual Practice in Civil Cases, Case-Mate, Inc. ("Case-Mate") respectfully requests that this Court enter an Order compelling Vinci Brands, LLC ("Vinci") to produce documents responsive to Case-Mate's written discovery request. Case-Mate requests that the Court compel Vinci to produce ***with metadata*** (1) the Sales Agency and Services Agreement between Onward Brands, LLC ("Onward Brands") and Vinci dated June 5, 2023 (VINCI078322) (the "Sales Agency Agreement"), including any and all drafts; and (2) the Disclosure Schedules to the Asset Purchase Agreement ("APA") between Onward Brands and Vinci dated June 5, 2023 (VINCI073150) (the "Disclosure Schedules"), including any and all drafts.  Case-Mate has requested this information from Vinci for weeks, including in a deficiency letter on May 13, 2024, and emails on June 6 and 10, 2024, but Vinci continues to refuse to agree to produce the requested information.

      On May 10, 2024, during the deposition of Charles Tebele, Kate Spade introduced documents as exhibits that Vinci had not previously produced to Case-Mate, but should have: specifically, (i) the Sales Agency Agreement and (ii) APA Disclosure Schedules in connection with Onward Brands and ACS Group Acquisitions LLC's ("ACS") take-over of Vinci's business. ACS produced the documents in *Coach Services, Inc. and Kate Spade, LLC v. Vinci Brands LLC and ACS Group Acquisitions LLC*, Civil Action No. 1:23-cv-05409-LGS (the "5409 Action"),[1] but those documents should have been in Vinci's control, and Vinci should have produced them to Case-Mate in response to Case-Mate's Third Request for Production No. 9 dated March 27, 2024, which requested Vinci to produce: **"[a]ny contracts or agreements between Vinci and Onward Brands, LLC, including any amendments, addendums, schedules, or modifications thereto."**

---

[1] Case-Mate has not received any production of documents from ACS and the first time Case-Mate became aware of these documents was at Mr. Tebele's deposition.

**CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | ILLINOIS | MARYLAND | MASSACHUSETTS | MINNESOTA**
**NEW YORK | NORTH CAROLINA | OHIO | PENNSYLVANIA | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA**

Hon. Valerie Figueredo
June 18, 2024
Page 2

On April 26, 2024, Vinci responded to that request, in part:

> Vinci states that it has already produced responsive documents to Case-Mate pursuant to the parties' previously agreed upon protocol, search parameters, and any Court Orders modifying the same. Further answering, Vinci will supplement its production with relevant, non-privileged documents responsive to this Request, to the extent such documents have not already been produced in response to Case-Mate's First Requests, Second Requests or otherwise, within its possession, custody, and control to the extent they exist and can be located after a diligent search and reasonable inquiry.

Vinci subsequently produced (for the first time) the Sales Agency Agreement on May 10, 2024, after the deposition of Charles Tebele. But Vinci produced it ***without any metadata***, meaning Case-Mate cannot tell when it was created and who drafted it. This is highly unusual because the ESI protocol in the case [ECF 233] requires metadata, and the majority of documents have metadata because they are created with a computer. There are also no drafts, which is suspect, given that if it was an arms-length document, it would have been negotiated.

On May 13, 2024, Case-Mate sent a deficiency letter to Vinci asking Vinci to produce both the Sales Agency Agreement and the Disclosure Schedules, including all drafts, with metadata by May 15, 2024 (the "Deficiency Letter").[2] Vinci did not respond.

Case-Mate followed-up with Vinci by email on June 6, and on June 7, Vinci counsel responded, in circular fashion, simply pointing Case-Mate back to the Sales Agency Agreement produced. In response to the request for the Disclosure Schedules, Vinci asked for "clarity" on what Disclosure Schedules Case-Mate seeks. But Vinci is aware of the Disclosure Schedules that Case-Mate seeks because the Disclosure Schedules were introduced at Charlie Tebele's deposition on May 10, 2023 as Exhibit 852 (ACS004723). Vinci's feigned ignorance is baffling.

On June 10, 2024, Case-Mate again requested that Vinci produce the Sales Agency Agreement and drafts (VINCI078322) with metadata. Case-Mate also directed Vinci to the Disclosure Schedules as introduced at Charlie Tebele's deposition. To date, Vinci has stubbornly refused to agree to produce the requested information.

Case-Mate respectfully requests the Court compel Vinci to produce (1) the Sales Agency and Services Agreement between Onward Brands and Vinci dated June 5, 2023 (VINCI078322), and (2) the Disclosure Schedules to the Asset Purchase Agreement between Onward Brands and Vinci dated June 5, 2023 (VINCI073150), including any and all drafts with all metadata. There is no reason for Vinci to hide the ball on the creation of these critical documents that pertain directly to whether Vinci has standing for these claims and its alleged damages.

---

[2] Case-Mate identified additional production deficiencies by Vinci that were raised in the May 13th Deficiency Letter but are not the subject of this request to compel. Case-Mate will raise all discovery issues in advance of the upcoming July status conference so that the Court has time to review in advance of the issues being heard at the conference.

Hon. Valerie Figueredo
June 18, 2024
Page 3

*******

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Erika C. Birg*

Erika C. Birg (Counsel for Case-Mate, Inc.)

---

**MEMO ENDORSED**

_____
HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
             DATED:    June 24, 2024

This Motion will be discussed at the conference scheduled for July 15, 2024.