## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCI BRANDS LLC,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COACH SERVICES INC., KATE SPADE,<br>LLC, TAPESTRY, INC., and CASE-MATE,<br>INC.,<br><br>　　　　　　Defendants. | Civil Action No. 1:23-cv-05138 |

## DEFENDANT CASE-MATE, INC.'S
## ANSWER TO SECOND AMENDED COMPLAINT,
## COUNTERCLAIMS, AND THIRD-PARTY CLAIMS

1.　　Case-Mate, Inc. ("Case-Mate") admits that Vinci Brands, LLC ("Vinci") pleads claims for damages and injunctive relief against Kate Spade Defendants (as Defined in the Second Amended Complaint) and against Case-Mate for allegedly violating a Non-disclosure Agreement with Vinci, for violating the covenant of good faith and fair dealing in its role as Vinci's lender, for allegedly violating a fiduciary duty to Vinci, for allegedly tortiously interfering with Vinci's license agreement with Kate Spade, and for allegedly tortiously interfering with Vinci's existing contracts and business relationship with suppliers and customers. Case-Mate denies all claims Vinci asserts against it in the second

Amended Complaint and denies that Vinci is entitled to any compensatory damages or other relief from Case-Mate. Case-Mate denies any remaining allegations against it.

2.      Case-Mate admits that Vinci is a Delaware LLC. Case-Mate denies that Latkovic and Pollack are members of Vinci directly. Case-Mate admits Latkovic is a citizen of Ohio and Pollack is a citizen of Florida. Case-Mate denies Vinci is in any business as of the date of this Answer. Case-Mate denies that Vinci has any portfolio of owned or licensed brands as of the date of this Answer. Case-Mate denies any remaining allegations in Paragraph 2.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Case-Mate admits that this Court has jurisdiction over it pursuant to the Siena Loan Agreement, which chose New York as the exclusive jurisdiction. Case-Mate denies all remaining allegations in Paragraph 8.

9.      Admitted.

10.     Admitted. Case-Mate refers to Exhibit A as the "Incipio License Agreement."

11.    Case-Mate admits that Vinci accurately quotes the language of the Incipio License Agreement but for the word "Marks," which is typed as "Mark(s)" in the Incipio License Agreement. Case-Mate is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 11.

12.    Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.    Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 as the language is a paraphrase and not a direct quote from the Incipio License Agreement.

14.    Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 as the language is a paraphrase and not a direct quote from the Incipio License Agreement.

15.    Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 as the language is a paraphrase and not a direct quote from the Incipio License Agreement.

16.    Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 as the language is a paraphrase and not a direct quote from the Incipio License Agreement.

17.     Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 as the language is a paraphrase and not a direct quote from the Incipio License Agreement.

18.     Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 as the language is a paraphrase and not a direct quote from the Incipio License Agreement.

19.     Case-Mate admits Vinci accurately quotes the Incipio License Agreement but for the word "agreed," which is inaccurate. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 19.

20.     Case-Mate admits Vinci accurately quotes selected phrases from Sections 12.2 and 12.3 of the Incipio License Agreement. Case-Mate is without knowledge or information sufficient to form a believe as to the truth of any remaining allegations in Paragraph 20.

21.     Case-Mate admits Vinci accurately quotes certain phrases in the Incipio License Agreement but alters the order, and is missing quotation marks, so Case-Mate denies that Vinci quoted the License Agreement accurately. Case-Mate is without knowledge or information sufficient to form a believe as to the truth of any remaining allegations in Paragraph 21.

22.    Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 as the language is a paraphrase and not a direct quote from the Incipio License Agreement

23.    Case-Mate admits Vinci accurately quotes phrases in the Incipio License Agreement. Case-Mate is without knowledge or information sufficient to form a believe as to the truth of any remaining allegations in Paragraph 23. Case-Mate admits jurisdiction is proper.

24.    Case-Mate admits that there are amendments to the Incipio License Agreement. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.

25.    Case-Mate admits a Consent Assignment is attached as Exhibit B. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, including as to the timing or execution of the Consent.

26.    Case-Mate admits a Fourth Amendment is attached as Exhibit C. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 as to the timing or execution of the fourth Amendment.

27.    Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.    Case-Mate admits that Vinci attaches a Consent Agreement as Exhibit D. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29.    Case-Mate admits Vinci attaches a Sixth Amendment as Exhibit E. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30.    Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 as the language is a paraphrase and not a direct quote from the Incipio License Agreement.

31.    Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 as the language is a paraphrase and not a direct quote from the Incipio License Agreement.

32.    Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 as the language is a paraphrase and not a direct quote from the Incipio License Agreement.

33.    Case-Mate admits Vinci accurately quotes phrases in the Incipio License Agreement. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 33.

34.     Case-Mate admits Vinci accurately quotes phrases in the Incipio License Agreement. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 34.

35.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 35.

36.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 36.

37.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 37.

38.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 38.

39.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 39.

40.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 40.

41.     Case-Mate admits Vinci accurately quotes phrases in the Incipio License Agreement. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 41.

42.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 42.

43.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 43.

44.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 44.

45.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 45.

46.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 46.

47.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 47.

48.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 48.

49.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 49.

50.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 50.

51.     Case-Mate is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 51.

52.     Case-Mate admits there was some labor issue at the Foxconn factory based on publicly available information. Case-Mate is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52.

53.    Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.    Case-Mate admits Vinci attaches a letter dated December 1, 2022 as Exhibit F. Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60.

61.    Case-Mate admits that Exhibit F reflects a payment plan. Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61.

62.    Case-Mate admits that Vinci attaches a December 13, 2022 email as Exhibit G. Case-Mate lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62.

63.    Case-Mate admits that Vinci attaches a December 15, 2022 email as Exhibit H. Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63.

64.    Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.    Case-Mate admits Vinci attaches a March 20, 2023 letter as Exhibit I. Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65.

66.    Case-Mate admits Vinci attaches a March 22, 2023 letter as Exhibit J. Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66.

67.    Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.    Case-Mate admits that Vinci attaches a March 31, 2023 letter as Exhibit K. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68.

69.    Case-Mate admits Vinci attaches a Notice of Default as Exhibit L. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69.

70.     Case-Mate admits that it was in discussions with Kate Spade-New York about potential licensing opportunities in March 2023. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70.

71.     Case-Mate admits that in March 2023 it set up a meeting with Kate Spade to discuss potential licensing opportunities. Case-Mate denies the remaining allegations in Paragraph 71.

72.     Case-Mate admits that Kate Spade never mentioned the occurrence of any Force Majeure event relating to Vinci. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Case-Mate admits that it met with Kate Spade executives and negotiated an arms-length license agreement with Kate Spade. Case-Mate denies the remaining allegations of Paragraph 76.

77.     Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.     Admitted.

79.     Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.     Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.     Case-Mate lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.     Case-Mate admits that Siena issued a Notice of Default on February 10, 2023, which is attached as Exhibit M. Case-Mate denies the remaining allegations in Paragraph 82.

83.     Case-Mate admits that Exhibit M says that Siena is reserving its rights. Case-Mate denies the remaining allegations in Paragraph 83.

84.     Denied.

85.     Case-Mate admits that Vinci accurately quotes the Ninth Amendment to the Siena Loan Agreement. Case-Mate denies the remaining allegations in Paragraph 85.

86.     Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.     Case-Mate admits that Siena issued notice of a foreclosure sale under Article 9 of the UCC for all assets securing the Loan and that Siena notified Kate Spade of the anticipated Article 9 sale.

88.   Admitted.

89.   Admitted.

90.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.   Admitted. Siena did not publish the notice because Case-Mate purchased the Loan from Siena and because Case-Mate asked Siena not to publish the notice.

92.   Admitted.

93.   Denied.

94.   Denied.

95.   Denied.

96.   Admitted.

97.   Admitted.

98.   Admitted, but Case-Mate never received any Evaluation Material as it quickly withdrew any indication of interest.

99.   Denied as Vinci does not accurately quote the agreement.

100.  Admitted.

101.  Admitted.

102.  Denied.

103.   Case-Mate admits that it withdrew from consideration of purchasing the incase brand from Vinci on or about February 2, 2023. Case-Mate denies the remaining allegations of Paragraph 103.

104.   Case-Mate admits that it renewed its interest in purchasing the Incase brand from Vinci and that it entered a new confidentiality agreement that Vinci attaches as Exhibit O, but that agreement pertained solely to discussions of Case-Mate purchasing the Incase brand. Vinci and Case-Mate never entered into any agreement governing confidentially surrounding any negotiations of purchasing any other assets of Vinci or other brands. Case-Mate denies the remaining allegations of Paragraph 104.

105.   Case-Mate admits that Exhibit O contains confidentiality restrictions regarding the Incase brand. Case-Mate denies the remaining allegations of Paragraph 105.

106.   Denied.

107.   Case-Mate admits that it meet with Kate Spade executives, including the Kate Spade CEO, on April 26, 2023. Case-Mate denies the remaining allegations of Paragraph 107.

108.   Denied.

109.   Case-Mate admits that it entered into a loan purchase agreement with Siena on May 16, 2023. Case-Mate denies any remaining allegations in Paragraph 109.

110.   Case-Mate admits that it became Vinci's senior lender when it purchased the Loan. Case-Mate denies the remaining allegations of Paragraph 110.

111.   Denied.

112.   Case-Mate admits that Vinci attaches a May 14, 2023 email as Exhibit P. Case-Mate denies the remaining allegations on Paragraph 112.

113.   Case-Mate admits that it negotiated a license agreement with Kate Spade that was executed on June 14, 2023. Case-Mate admits that Kate Spade sent a Notice of Termination dated June 14, 2023. Case-Mate denies any remaining allegations contained in Paragraph 113.

114.   Case-Mate admits that it issued a Notice of Foreclosure on the collateral security the Loan dated May 24, 2023, and that it sent notification to Kate Spade and others of the Notice of Article 9 Sale. Case-Mate denies the remaining allegations of Paragraph 114.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.    Denied.

120.    Admitted.

121.    Case-Mate admits that once the loan was paid off, Vinci owed no debt to Case-Mate. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 121.

122.    Denied.

123.    Case-Mate admits that Vinci was no longer in default on the loan once it was paid off because the Loan was extinguished. Case-Mate is without knowledge or belief as to any remaining allegations in Paragraph 123.

124.    Denied.

125.    Denied.

126.    Case-Mate admits that a Notice of Termination is attached as Exhibit Q. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126.

127.    Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128.    Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128.

129.    Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129.

130.   Case-Mate admits that it became aware of the termination in or about the time that Vinci sued Kate Spade. Case-Mate is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 130.

131.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.

132.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.

133.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133.

134.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Case-Mate admits that after its license agreement for Kate Space branded goods was executed, it notified suppliers and customers that it was the authorized licensee so that it could begin marketing of iPhone cases for the upcoming iPhone launch. Case-Mate is without knowledge as to the specific

suppliers as Vinci did not name them. Case-Mate denies any remaining allegations in Paragraph 138.

139.  Case-Mate admits that a June 15, 2023 email is attached as Exhibit S. Case-Mate denies the remaining allegations of Paragraph 139.

140.  Case-Mate admits it attached a SKU list. Case-Mate denies the remaining allegations of Paragraph 140.

141.  Denied.

142.  Denied.

143.  Denied.

144.  Case-Mate admits that it received and shared a letter of authorization from Kate Spade, which Vinci attacks as Exhibit T. Case-Mate denies the remaining allegations of Paragraph 144.

145.  Admitted.

146.  Case-Mate is without knowledge or information sufficient to form a belief as to the ruth of the allegations in Paragraph 146.

147.  Denied.

148.  Denied.

149.  Denied.

150.   Case-Mate admits that Vinci attaches a June 20, 2023 email as Exhibit U. Case-Mate denies all allegations in Paragraph 150 that are not direct quotes from Exhibit U.

151.   Denied.

152.   Denied.

153.   Denied.

154.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154.

155.   Case-Mate admits that Vinci attaches a Kate Spade letter as Exhibit V and accurately quotes the letter. Case-Mate denies the remaining allegations of Paragraph 155.

156.   Case-Mate admits that Exhibit V refers to Case-Mate as the "exclusive" licensee. Case-Mate denies any remaining allegations in Paragraph 156.

157.   Denied, as Vinci does not accurately quote the letter.

158.   Denied.

159.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160.

161.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161.

162.   Denied.

163.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163.

164.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164.

165.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165.

166.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166.

167.   Case-Mate denies any alleged any interference. Case-Mate is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 167.

168.   Case-Mate denies the third sentence of Paragraph 168. Case-Mate is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 168.

169.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169.

170.   Denied.

171.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.

172.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.

173.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173.

174.   Denied.

175.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175.

176.   Case-Mate admits Vinci attaches a cease and desist letter as Exhibit W, and that Vinci accurately quotes its own letter. Case-Mate denies any remaining allegations in Paragraph 176.

177.   Case-Mate denies the allegations in Paragraph 177 as the cited exhibit (Exhibit M) is a notice of default from Siena and does not contain any of the statements included in this paragraph.

178.   Case-Mate denies the allegations in Paragraph 178 as the cited exhibit (Exhibit M) is a notice of default from Siena and does not contain any of the statements included in this paragraph.

179.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179.

180.    Case-Mate admits Vinci filed this action on June 16, 2023 and sought damages and injunctive relief. Case-Mate denies Vinci's claims.

181.    Case-Mate admits it filed an amended complaint adding Case-Mate on June 23, 2023. Case-Mate denies Vinci's claims.

182.    Admitted.

183.    Case-Mate admits that the Court held a hearing on June 27, 2023. Case-Mate denies Vinci's characterization of representations at the hearing.

184.    Denied.

185.    Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185.

186.    Case-Mate admits Vinci attaches a July 18, 2023 Notice of Termination as Exhibit X. Case-Mate denies the remaining allegations contained in Paragraph 186.

187.    Case-Mate admits the allegations in Paragraph 187 except to the extent Vinci attempts to change the meaning of the Notice of Termination or related events by adding the words "purported" and "purportedly."

188.    Denied.

189.    Denied.

190.    Denied.

191.    Admitted.

192.   Admitted.

193.   Case-Mate admits that neither Siena nor it foreclosed on Vinci's assets securing the loan. Case-Mate denies the remaining allegations in Paragraph 193.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Case-Mate is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 198.

199.   Denied.

200.   Case-Mate is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 200.

201.   Denied.

202.   Case-Mate is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 202.

203.   Case-Mate admits the majority of new phone cases are sold in accord with the launch of a new phone. Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 203.

204.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 204.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 208.

209.   Case-Mate admits Vinci accurately quotes Exhibit H. Case-Mate denies the remaining allegations in Paragraph 209.

210.   Case-Mate admits Vinci accurately quotes Exhibit A. Case-Mate denies the remaining allegations in Paragraph 210.

### <u>RESPONSE TO FIRST CLAIM FOR RELIEF</u>
**Kate Spade Defendants' Alleged Breach of Contract**
**Breach of Section 3.2 of the License Agreement**

211.   Case-Mate states that Paragraphs 211–17 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

212.   Case-Mate states that Paragraphs 211–17 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

213.   Case-Mate states that Paragraphs 211–17 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

214.   Case-Mate states that Paragraphs 211–17 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

215.   Case-Mate states that Paragraphs 211–17 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

216.   Case-Mate states that Paragraphs 211–17 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

217.   Case-Mate states that Paragraphs 211–17 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

**RESPONSE TO SECOND CLAIM FOR RELIEF**
**Kate Spade Defendants' Alleged Breach of Contract**
**Breach of Sections 12.2 and 12.3 of the License Agreement**

218.   Case-Mate states that Paragraphs 218–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

219.   Case-Mate states that Paragraphs 218–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

220.   Case-Mate states that Paragraphs 218–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

221.   Case-Mate states that Paragraphs 218–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

222.   Case-Mate states that Paragraphs 218–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

223.   Case-Mate states that Paragraphs 218–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

224.   Case-Mate states that Paragraphs 218–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

225.   Case-Mate states that Paragraphs 218–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

### RESPONSE TO THIRD CLAIM FOR RELIEF
**Kate Spade Defendants' Alleged reach of Contract**
**Breach of Section 15.2 of the License Agreement**

226.   Case-Mate states that Paragraphs 226–33 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

227.   Case-Mate states that Paragraphs 226–33 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

228.   Case-Mate states that Paragraphs 226–33 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

229.   Case-Mate states that Paragraphs 226–33 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

230.   Case-Mate states that Paragraphs 226–33 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

231.   Case-Mate states that Paragraphs 226–33 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

232.   Case-Mate states that Paragraphs 226–33 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

233.   Case-Mate states that Paragraphs 226–33 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

### RESPONSE TO FOURTH CLAIM FOR RELIEF
**Request for Declaratory Judgment for Allegedly
Invalid and Improper Notice of Termination**

234.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

235.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

236.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

237.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

238.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

239.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

240.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

241.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

242.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

243.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

244.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

245.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

246.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

247.   Case-Mate states that Paragraphs 234–47 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

## RESPONSE TO FIFTH CLAIM FOR RELIEF
### Case-Mate's Alleged Tortious Interference with License Agreement

248.   Case-Mate incorporates the preceding answers as appropriate. Case-Mate denies that incorporating all prior paragraphs and counts into each successive count is allowed.

249.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249.

250.   Case-Mate is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250.

251.   Denied.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Denied.

257.   Denied.

258.   Denied.

## RESPONSE TO SIXTH CLAIM FOR RELIEF
**Case-Mate's Alleged Breach of Duty of Good Faith and Fair Dealing**

259.  Case-Mate incorporates the preceding answers as appropriate. Case-Mate denies that incorporating all prior paragraphs and counts into each successive count is allowed.

260.  Case-Mate admits that the loan agreement Siena assigned to Case-Mate was a valid and enforceable contract. Case-Mate denies that it is currently in force. Case-Mate denies any remaining allegations in Paragraph 260.

261.  Case-Mate admits that it was bound by the terms of the loan agreement for the period in which it was in force. Case-Mate admits that New York law implies a covenant of good faith and fair dealing in contracts generally. Case-Mate denies any remaining allegations in Paragraph 261.

262.  Denied.

263.  Denied.

264.  Denied.

265.  Denied.

## RESPONSE TO SEVENTH CLAIM FOR RELIEF
### Case-Mate's Alleged Unfair Competition

266.   Case-Mate incorporates the preceding answers as appropriate. Case-Mate denies that incorporating all prior paragraphs and counts into each successive count is allowed.

267.   Denied.

268.   Denied.

269.   Denied.

270.   Denied.

271.   Denied.

272.   Denied.

273.   Denied.

274.   Denied.

## RESPONSE TO EIGHTH CLAIM FOR RELIEF
### Case-Mate's Alleged Breach of Fiduciary Duty

275.   Case-Mate incorporates the preceding answers as appropriate. Case-Mate denies that incorporating all prior paragraphs and counts into each successive count is allowed.

276.   Denied.

277.   Denied.

278.   Denied.

279.  Denied.

280.  Denied.

281.  Denied.

282.  Denied.

## RESPONSE TO NINTH CLAIM FOR RELIEF

**Kate Spade Defendants' Alleged
Aiding and Abetting Case-Mate's Breach of Its Fiduciary Duty**

283.  Case-Mate states that Paragraphs 283–86 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

284.  Case-Mate states that Paragraphs 283–86 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

285.  Case-Mate states that Paragraphs 283–86 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

286.  Case-Mate states that Paragraphs 283–86 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

## RESPONSE TO TENTH CLAIM FOR RELIEF
### Case-Mate's Alleged Breach of Confidentiality Agreements

287.   Case-Mate incorporates the preceding answers as appropriate. Case-Mate denies that incorporating all prior paragraphs and counts into each successive count is allowed.

288.   Denied.

289.   Denied.

290.   Denied.

291.   Denied.

292.   Denied.

293.   Denied.

294.   Denied.

295.   Denied.

296.   Denied.

**RESPONSE TO ELEVENTH CLAIM FOR RELIEF**
**The Kate Spade Defendants' Alleged Tortious**
**Interference with Plaintiff's Contracts**

297.   Case-Mate states that Paragraphs 297–306 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

298.   Case-Mate states that Paragraphs 297–306 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

299.   Case-Mate states that Paragraphs 297–306 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

300.   Case-Mate states that Paragraphs 297–306 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

301.   Case-Mate states that Paragraphs 297–306 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

302.   Case-Mate states that Paragraphs 297–306 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

303.   Case-Mate states that Paragraphs 297–306 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

304.   Case-Mate states that Paragraphs 297–306 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

305.   Case-Mate states that Paragraphs 297–306 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

306.   Case-Mate states that Paragraphs 297–306 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

## RESPONSE TO TWELFTH CLAIM FOR RELIEF
### Case-Mate's Alleged Tortious Interference with Plaintiffs Contracts

307.   Case-Mate incorporates the preceding answers as appropriate. Case-Mate denies that incorporating all prior paragraphs and counts into each successive count is allowed.

308.   Case-Mate is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 308.

309.   Denied.

310.   Denied.

311.   Denied.

312.   Denied.

313.   Denied.

314.   Denied.

315.   Denied.

**RESPONSE TO THIRTEENTH CLAIM FOR RELIEF**
**The Kate Spade Defendants' Alleged Tortious Interference**
**with Prospective Business Advantage and/or Business Relationships**

316.   Case-Mate states that Paragraphs 316–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

317.   Case-Mate states that Paragraphs 316–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

318.   Case-Mate states that Paragraphs 316–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

319.   Case-Mate states that Paragraphs 316–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

320.   Case-Mate states that Paragraphs 316–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

321.   Case-Mate states that Paragraphs 316–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

322.   Case-Mate states that Paragraphs 316–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

323.   Case-Mate states that Paragraphs 316–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

324.   Case-Mate states that Paragraphs 316–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

325.   Case-Mate states that Paragraphs 316–25 do not state a claim against Case-Mate and thus Case-Mate is not required to answer. To the extent an answer is required, all factual and legal allegations therein are denied.

**RESPONSE TO FOURTEENTH CLAIM FOR RELIEF**
**Case-Mate's Alleged Tortious Interference with**
**Prospective Business Advantage and/or Business Relationships**

326.   Case-Mate incorporates the preceding answers as appropriate. Case-Mate denies that incorporating all prior paragraphs and counts into each successive count is allowed.

327.   Denied.

328.   Denied.

329.   Denied.

330.   Denied.

331.   Denied.

332.   Denied.

333.   Denied.

334.   Denied.

335.   Denied.

\*      \*      \*

To the extent not specifically admitted above, all factual allegations are denied. Case-Mate denies that Vinci states a claim upon which relief can be granted and denies Vinci is entitled to any relief whatsoever.

\*      \*      \*

40

## AFFIRMATIVE DEFENSES

1.      Vinci fails to state a claim upon which relief can be granted against Case-Mate.

2.      Vinci lacks standing to bring the claims asserted against Case-Mate.

3.      Vinci failed to mitigate any alleged damages.

4.      Vinci is equitably estopped from bringing the claims against Case-Mate.

5.      Vinci's claims for damages are subject to set-off.

6.      Vinci's waived all claims against Case-Mate.

7.      Vinci's claims are barred by the doctrine of unclean hands.

8.      Vinci's claims are barred by its failure to preserve confidentiality.

9.      Vinci's contract claims are barred because any purported breach of an agreement by Case-Mate was not material.

10.     Vinci's contract claims are barred due to fraud in the inducement.

**CASE-MATE'S COUNTERCLAIMS AGAINST VINCI BRANDS, LLC AND THIRD-PARTY CLAIMS AGAINST CANDLEWOOD PARTNERS, LLC, CWD ARMOR MANAGEMENT, LLC, ONWARDS BRANDS, LLC AND ACS GROUP ACQUISITIONS, LLC**

1.      Defendant Case-Mate, Inc. ("Case-Mate") hereby brings counterclaims against Vinci Brands, LLC, and third-party claims against Candlewood Partners, LLC; CWD Armor Management, LLC; Onwards Brands, LLC and ACS Group Acquisitions, LLC (collectively, "Vinci Defendants") for damages and injunctive

relief arising out of false advertising, unfair competition, and deceptive trade practices targeted at Case-Mate by each of the Vinci Defendants as set forth below.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over Case-Mate's counterclaims and third-party claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b) because (i) the claims herein arise out of federal trademark laws as codified in 15 U.S.C. § 1125(a)(1)(B) (*i.e.,* false advertising). This Court also has supplemental jurisdiction over Case-Mate's counterclaims and third-party claims arising under common law or state law pursuant to 28 U.S.C. § 1367(a) because the claims are so related to Case-Mate's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## PARTIES

3.     Case-Mate, Inc. is a Georgia corporation with its principal place of business in Georgia.

4.     Vinci Brands, LLC ("Vinci") is a limited liability company organized under the laws of Ohio, with its principal place of business in Tustin, California. Upon information and belief, Vinci's sole owner is an Ohio limited liability company, whose members are two individuals who are citizens of Ohio and Florida, respectively.

5.     Candlewood Partners, LLC ("Candlewood"), directly or through other single-purpose limited liability companies controlled by Candlewood, directed and controlled all of Vinci's affairs. By virtue of Candlewood's control, Vinci became an alter ego of Candlewood. Candlewood is an Ohio limited liability company with is principal place of business in Ohio. Candlewood's members are citizens of Ohio and Florida, respectively.

6.     CWD Armor Management, LLC ("CWD") is, upon information, a single purpose limited liability company that controls Vinci Brands through its two members, who are citizens of Ohio and Florida, respectively. CWD is an Ohio limited liability company with its principal place of business in Ohio.

7.     Onwards Brands, LLC ("Onward") is a limited liability company organized under the laws of Delaware, with its principal place of business in New York, New York. Upon information and belief, Onward's members are individuals who are citizens of New York or another limited liability company organized under New York law.

8.     ACS Group Acquisitions, LLC ("ACS") is a limited liability company organized under the laws of New York, with its principal place of business in New York. Upon information and belief, ACS's members are citizens of New York.

## FACTUAL ALLEGATIONS

9.     On May 16, 2023, Case-Mate purchased a senior secured loan on which Vinci was the borrower, while Vinci was in default on the loan. Vinci caused members of ACS to pay off the loan on or about June 5, 2023, the same day that

Case-Mate was going to foreclose on Vinci's assets. Case-Mate delayed the auction to foreclose on Vinci's assets by one hour, in good faith, to allow the loan to be paid off, which it was on June 5, 2023.

10.    On or about June 5, 2023, Candlewood and/or CWD, either directly or on behalf of Vinci, entered into a transaction by which ACS—directly or indirectly—took control over Vinci's business of manufacturing, selling, and distributing mobile phone cases and other tech accessories.

11.    ACS has represented in public court filings that it is Vinci's senior lender. In addition, upon information and belief, at that time, ACS directly or indirectly took control over all of Vinci's business, with the blessing and approval of Candlewood, Vinci's owner.

12.    At the time that Candlewood and Vinci (through CWD) entered into the transaction with ACS, Candlewood and CWD had rendered Vinci insolvent. Candlewood and CWD intentionally undercapitalized Vinci, forcing Vinci into situations in which Case-Mate and Vinci's prior lender issued public notices of foreclosure on Vinci's assets.

13.    Upon information and belief, Candlewood and CWD, on behalf of Vinci, sold its Incase brand to ACS or Onward.

14.    In connection with entering into the transaction with Vinci, Candlewood, and CWD, ACS formed Onward, and, upon information and belief, ACS or its members control and direct all affairs of Onward.

15.    Upon information and belief, Vinci, controlled by Candlewood and/or CWD, sold or transferred its assets to Onward. Onward has advertised for sale brands of products previously sold by Vinci, including Incipio, Griffin, and Survivor. Upon information and belief, ACS and/or Onward operate the website incipio.com and onwardbrands.com.

16.    On June 14, 2023, Case-Mate entered into a license agreement with Coach Services, Inc. on behalf of Kate Spade, LLC ("KSNY") granting Case-Mate the right to use certain KSNY trademarks ("KSNY Marks") in connection with the manufacture, advertising, merchandising, promotion, sale, and distribution of mobile phone cases and other technology accessories (the "Kate Spade License Agreement"). Coach Services, Inc. holds the exclusive right to use, exploit, and sublicense all trademark rights owned by KSNY.

17.    That same day, June 14, 2023, KSNY terminated its prior license agreement with Vinci to use KSNY Marks in the same product category as Case-Mate for non-payment.

18.    KSNY sent a supplemental termination of Vinci's rights under that license agreement on or about July 18, 2023 for violation of other provisions of the license agreement.

19.    After June 14, 2023, Vinci, ACS, and Onward directly or indirectly, continued to sell products bearing KSNY Marks without authorization, even though Case-Mate was the only licensee authorized to do so.

20.     On or around June 21, 2023, Vinci, ACS, and Onward directly or indirectly, sent letters to at least six of Case-Mate's suppliers, manufacturers and, upon information and belief to customers, including distributors and retailers of mobile phone cases and accessories falsely representing that Vinci retained a license to manufacture, distribute, and sell products branded with KSNY Marks and asserting that Vinci was the only company that could deliver such products. For example, letters were on Insipio letterhead falsely stating, "Vinci Brands holds a valid and in place license to produce Kate Spade products. . . . Incipio is the only company that can deliver these items. We are the only company in possession of all the necessary design drawings, tooling and molds for the products you assorted, thus we are the only company that has the ability to produce these products. Any statement made by any other company claiming to be able to produce and ship these very products is false."

21.     Vinci and ACS's conduct in sending the letters claiming to be a valid licensee for KSNY products caused confusion and mistake as to the rightful licensee, purposefully interfering with Case-Mate's ability rightfully to manufacture, sell, and distribute the products authorized under its license with KSNY.

22.     Members of Candlewood, CWD, and ACS, and thus also the Vinci and Onward entities, have made it their goal to try to put Case-Mate out of business by making false statements in the marketplace.

23.    On or after July 18, 2023, Vinci, ACS, and Onward, directly or indirectly, continued to sell products bearing KSNY Marks, even though Case-Mate was then the only licensee authorized to do so.

24.    Vinci also previously held a license to manufacture, sell, and distribute mobile phone cases and accessories for Coach Services, Inc. That license expired, and Coach Services, Inc. entered into a new license for Case-Mate to manufacture, sell, and distribute mobile phone cases and accessories with Coach marks.

25.    Thereafter, Onward and ACS, directly or indirectly, continued to sell products bearing Coach marks, even though Case-Mate was then the only licensee authorized to do so.

## LEGAL CLAIMS

### COUNT I – FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. § 1125(a)(1)(B)) AGAINST ALL VINCI DEFENDANTS

26.    Plaintiff re-alleges and incorporates by paragraphs 1–25 as if fully set forth herein.

27.    Vinci Defendants' conduct set forth herein constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

28.    Vinci Defendants continued to advertise and sell products using the KSNY Marks in violation of Vinci's terminated license agreement and Vinci Defendants have made false statements or misrepresentations in commercial advertisements stating that Vinci retained a license to manufacture, distribute, and sell products

branded with KSNY Marks and that Case-Mate was unable to produce and ship products.

29.    These statements are literally false, or at least misleading, deceived a substantial portion of their intended audience and were material in customers' purchasing decisions.

30.    Vinci Defendants' statements were introduced into interstate commerce.

31.    Vinci Defendants' activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Case-Mate's business, reputation, and goodwill. Upon information and belief, Vinci Defendants have made and will continue to make profits and/or gains to which they are not entitled to in law or equity.

32.    Case-Mate has been damaged as a result of Vinci Defendants' actions described herein. Case-Mate alleges, on information and belief, that Vinci Defendants' statements have has resulted in lost sales to Case-Mate, has reduced the business and profits of Case-Mate, and has injured the general reputation of Case-Mate, all to Case-Mate's damage in an amount not yet ascertainable, but will be determined during this action.

33.    Candlewood is liable for Vinci's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Vinci's activities or had the ability to direct Vinci's activities.

34.    CWD is liable for Vinci's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Vinci's activities or had the ability to direct Vinci's activities.

35.    ACS is liable for Onward's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Onward's activities or had the ability to direct Onward's activities.

36.    Case-Mate is entitled to recover from Vinci Defendants their profits from their improper conduct and damages sustained by Case-Mate, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

37.    The actions of Vinci Defendants amount to exceptional circumstances, justifying an award of attorneys' fees to Plaintiff pursuant to 15 U.S.C. § 1117.

### COUNT II – FALSE ADVERTISING IN THE CONDUCT OF BUSINESS – N.Y. GEN. BUS. LAW § 350 AGAINST ALL VINCI DEFENDANTS.

38.    Plaintiff re-alleges and incorporates by paragraphs 1–25 as if fully set forth herein.

39.    Vinci Defendants' conduct set forth herein constitutes false advertising in violation of N.Y. Gen. Bus. Law § 350.

40.    Vinci Defendants continued to advertise and sell products using the KSNY Marks in violation of Vinci's terminated license agreement and Vinci Defendants have made false statements or misrepresentations in commercial advertisements stating that Vinci retained a license to manufacture, distribute, and sell products

branded with KSNY Marks and that Case-Mate was unable to produce and ship products.

41.    These statements are literally false, or at least misleading, deceived a substantial portion of customers and were material in customers' purchasing decisions.

42.    Vinci Defendants' activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Case-Mate's business, reputation, and goodwill. Upon information and belief, Vinci Defendants have made and will continue to make profits and/or gains to which they are not entitled to in law or equity.

43.    Case-Mate has been damaged as a result of Vinci Defendants' actions described herein. Case-Mate alleges, on information and belief, that Vinci Defendants' statements have has resulted in lost sales to Case-Mate, has reduced the business and profits of Case-Mate, and has injured the general reputation of Case-Mate, all to Case-Mate's damage in an amount not yet ascertainable, but will be determined during this action.

44.    Candlewood is liable for Vinci's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Vinci's activities or had the ability to direct Vinci's activities.

45.    CWD is liable for Vinci's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Vinci's activities or had the ability to direct Vinci's activities.

46.    ACS is liable for Onward's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Onward's activities or had the ability to direct Onward's activities.

47.    Case-Mate is entitled to recover from Vinci Defendants their profits from their improper conduct and damages sustained by Case-Mate, in an amount to be proved at trial and to be trebled, pursuant to N.Y. Gen. Bus. Law § 350-e 3.

48.    Case-Mate is entitled to recover its attorneys' fees from Vinci Defendants pursuant to N.Y. Gen. Bus. Law § 350-e 3.

## COUNT III - VIOLATIONS OF THE NEW YORK DECEPTIVE TRADE PRACTICES ACT - N.Y. GEN. BUS. LAW § 349, ET. SEQ. AGAINST ALL VINCI DEFENDANTS.

49.    Plaintiff re-alleges and incorporates by paragraphs 1–25 as if fully set forth herein.

50.    Vinci Defendants' conduct set forth herein constitutes a deceptive trade practice under New York Gen. Bus. Law § 349, *et. seq*.

51.    Vinci Defendants continued to advertise and sell products using the KSNY Marks in violation of Vinci's terminated license agreement and Vinci Defendants have made false statements or misrepresentations in commercial advertisements stating that Vinci retained a license to manufacture, distribute, and sell products branded with KSNY Marks and that Case-Mate was unable to produce and ship products.

52.     These statements were made to vendors and consumers and disparaged the goods and business reputation of Case-Mate by false or misleading representations of fact.

53.     These statements made to vendors and consumers represented Vinci's goods as being authentic and authorized by KSNY when they were not.

54.     These statements caused a likelihood of confusion or of misunderstanding with vendors and consumers as to affiliation, connection, or association with or certification of Vinci's KSNY branded goods by KSNY, and, upon information and belief, vice-versa caused vendors and consumers to doubt that Case-Mate's properly licensed goods were authentic.

55.     Vinci Defendants' activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Case-Mate's business, reputation, and goodwill. Upon information and belief, Vinci Defendants have made and will continue to make profits and/or gains to which they are not entitled to in law or equity.

56.     Case-Mate has been damaged as a result of Vinci Defendants' actions described herein. Case-Mate alleges, on information and belief, that Vinci Defendants' statements have has resulted in lost sales to Case-Mate, has reduced the business and profits of Case-Mate, and has injured the general reputation of Case-Mate, all to Case-Mate's damage in an amount not yet ascertainable, but will be determined during this action.

57.    Candlewood is liable for Vinci's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Vinci's activities or had the ability to direct Vinci's activities.

58.    CWD is liable for Vinci's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Vinci's activities or had the ability to direct Vinci's activities.

59.    ACS is liable for Onward's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Onward's activities or had the ability to direct Onward's activities.

60.    Case-Mate is entitled to recover from Vinci Defendants their profits from their improper conduct and damages sustained by Case-Mate, in an amount to be proved at trial and to be trebled, pursuant to N.Y. Gen. Bus. Law § 349(h).

Case-Mate is entitled to recover its attorneys' fees from Vinci Defendants pursuant to N.Y. Gen. Bus. Law § 349(h).

### COUNT IV - COMMON LAW UNFAIR COMPETITION AGAINST ALL VINCI DEFENDANTS

61.    Plaintiff re-alleges and incorporates by paragraphs 1–25 as if fully set forth herein.

62.    Vinci and Onward by continuing to advertise and hold Vinci out as rightful licensees passed off Vinci's products as being legitimate and authorized by KSNY. Moreover to those vendors that understood Case-Mate was the only licensee of the KSNY marks for such products, Vinci's and Onward's actions of passing off and

their statements that Vinci was the only supplier of such products caused confusion and mistake among vendors and customers as to whether Case-Mate could lawfully manufacture, sell, and distribute the KSNY branded products.

63.    Candlewood is liable for Vinci's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Vinci's activities or had the ability to direct Onward's activities.

64.    CWD is liable for Vinci's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Vinci's activities or had the ability to direct Vinci's activities.

65.    ACS is liable for Onward's actions through vicarious or contributory liability or as an alter ego because it had a financial interest in and directed and controlled all of Onward's activities or had the ability to direct Onward's activities.

66.    Vinci Defendants' activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Case-Mate's business, reputation, and goodwill. Upon information and belief, Vinci Defendants have made and will continue to make profits and/or gains to which they are not entitled to in law or equity.

67.    Case-Mate has been damaged as a result of Vinci Defendants' actions described herein. Case-Mate alleges, on information and belief, that Vinci Defendants' statements have has resulted in lost sales to Case-Mate, has reduced the business and profits of Case-Mate, and has injured the general reputation of

Case-Mate, all to Case-Mate's damage in an amount not yet ascertainable, but will be determined during this action.

68.     Case-Mate is entitled to damages and punitive damages against each of the Vinci Defendants, jointly and severally, in an amount to be determined at trial.

### COUNT V – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS AGAINST ALL VINCI DEFENDANTS

69.     Plaintiff re-alleges and incorporates by paragraphs 1–25 as if fully set forth herein.

70.     Vinci, Onward, Candlewood, CWD, and ACS each agreed with and among one another to interfere with Case-Mate's legitimate exercise of the rights granted to it by KSNY pursuant to the Kate Spade License Agreement, Case-Mate's business relationships with KSNY and Case-Mate's business relationships with its current and future vendors and customers.

71.     For example, on information and belief, ACS and Candlewood and CWD agreed to and instructed Vinci personnel to send out communications to manufacturers and customers intending to disparage Case-Mate and to state, falsely, that Vinci had a right to manufacture, distribute, and sell goods branded with KSNY Marks.

72.     Such false statements made concerning Vinci's right to manufacture, distribute, and sell goods branded with KSNY Marks and that Case-Mate was unable able to produce and ship such products amounted to wrongful conduct for which Vinci Defendants had no privilege.

73.    Vinci Defendants acted knowing that Case-Mate had contractual and business relationships with KSNY and vendors and customers, that Vinci Defendants had no such rights, and that the statements concerning Case-Mate were false and made with malice with the intent to injure Case-Mate.

74.    Upon information and belief, Vinci Defendants' statements caused third parties to discontinue or fail to enter into an anticipated business relationships with the Case-Mate.

75.    By Vinci Defendants' actions, Case-Mate has been damaged and is being damaged.

76.    Case-Mate is entitled to recover damages and punitive damages against each of the Vinci Defendants, jointly and severally, in an amount to be determined at trial.

**COUNT VI – CIVIL CONSPIRACY AGAINST ALL VINCI DEFENDANTS**

77.    Plaintiff re-alleges and incorporates by paragraphs 1–25 as if fully set forth herein.

78.    Vinci, Onward, Candlewood, CWD, and ACS each agreed with and among one another to engage in unfair competition with Case-Mate.

79.    For example, on information and belief, ACS, Candlewood agreed to and instructed Vinci personnel to send out communications to manufacturers and customers intending to disparage Case-Mate and to state, falsely, that Vinci had a right to manufacture, distribute, and sell goods branded with KSNY and Coach marks.

80.    By Vinci Defendants' actions, Case-Mate has been damaged and is being damaged.

81.    Case-Mate is entitled to damages against each of the Vinci Defendants, jointly and severally, in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Case-Mate prays for judgment against Vinci Defendants, jointly and severally, as follows:

Dismissing Vinci's Second Amended Complaint with prejudice and a judgment in favor of Case-Mate;

For compensatory damages in an amount to be determined at trial;

An award of Vinci Defendants' profits and Case-Mate's damages for false advertising under 15 U.S.C. §1125(a), trebled, in an amount to be proven at trial;

An award of Vinci Defendants' profits and Case-Mate's damages for Vinci Defendants' deceptive trade practices and false advertising pursuant to N.Y. Gen. Bus. Law § 349(h) and N.Y. Gen. Bus. Law § 350-e, trebled, in an amount to be proven at trial;

For punitive damages as allowed by law;

For a permanent injunction preventing Vinci Defendants from continuing their unlawful practices;

For attorneys' fees as provided by 15 U.S.C. §1117 and pursuant to N.Y. Gen. Bus. Law § 349(h) and N.Y. Gen. Bus. Law § 350-e 3;

For costs of suit; and

For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiff demands a trial by jury on all issues so triable.

Dated: June 25, 2024                                        Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Benjamin J. Sitter*
Nicole Phe
Nelson Mullins Riley & Scarborough, LLP
330 Madison Avenue, 27th Floor
New York, New York 10017
Telephone: (212) 413-9000
Email: nicole.phe@nelsonmullins.com

Lyndsey Stults (admitted *pro hac vice*)
One Financial Center, Suite 3500
Boston, MA 02111
Telephone: (617) 217-4704
Email: lyndsey.stults@nelsonmullins.com

Erika C. Birg (admitted *pro hac vice*)
K. Paige Nettles (pro hac vice forthcoming)
201 17th Street NW | Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6110
Email: erika.birg@nelsonmullins.com
Email: paige.nettles@nelsonmullins.com

Benjamin J. Sitter (admitted *Pro Hac Vice*)
Six PPG Place Suite 700
Pittsburg, PA 15222
Telephone: (412) 730-3244
Email: ben.sitter@nelsonmullins.com

*Counsel for Case-Mate, Inc.*