UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCI BRANDS LLC,<br><br>              Plaintiffs,<br>  vs.<br><br>COACH SERVICES, INC., KATE SPADE, LLC, TAPESTRY, INC., and CASE-MATE, INC.<br><br>              Defendants. | Civil Action No. 1:23-CV-05138 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO FILE CERTAIN EXHIBITS TO ITS SECOND AMENDED COMPLAINT UNDER SEAL**

Plaintiff Vinci Brands LLC ("Plaintiff" or "Vinci"), by its attorneys, Benesch Friedlander Coplan & Aronoff, for its Memorandum of Law in Support of its Motion to File Certain Exhibits To Its Second Amended Complaint Under Seal ("Motion to File Under Seal"), states as follows:

**INTRODUCTION**

As demonstrated herein and in the accompanying Motion to File Certain Exhibits to Its Second Amended Complaint Under Seal, good cause exists to seal and/or redact Exhibits A, C, E, F, H, I, J, L, R, and S to Plaintiff's Second Amended Complaint. As stated in Plaintiff's Motion to File Under Seal, these exhibits either reference or incorporate terms of the parties' License Agreement, which is the contract at issue, or contain specific information that would prove valuable to competitors if made available to them. In accordance with the Court's September 27, 2023 Order (ECF 161), these exhibits should be sealed and/or redacted.

**BACKGROUND**

On or about April 25, 2014, Incipio Technologies, Inc. ("Incipio") and Kate Spade, entered

23431740 v1

into a License Agreement, and entered into various amendments to the same over the course of several years, all of which incorporated the terms of the License Agreement. Vatis Dec., ¶ 1. The License Agreement contains a broad confidentiality clause that obligates Plaintiff to keep the information therein confidential. Vatis Dec., ¶ 2. Certain exhibits to the Second Amended Complaint contain Vinci's confidential and highly sensitive business information. On September 27, 2023 the Court issued an Order granting in part and denying in part the parties' various motions to file under seal, permitting the License Agreement and amendments thereto to be filed under seal and to redact specific business information that would prove valuable to competitors if made available to them.

## LEGAL STANDARD

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 20060. First, a court must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Finally, the Court must balance competing considerations against the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). One consideration that may override the

presumption of public access is preserving the secrecy of "specific business information and strategies, which if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F.Supp.3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted). Importantly, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Further, in the past the Second Circuit has allowed sealing of judicial documents containing protected or confidential information when the need for the same properly arises. *See Mersen USA EP Corp. v. TDK Elecs. Inc.*, 594 F.Supp.3d 570, 585-88 (S.D.N.Y. 2022) (complaint filed under seal because it contained confidential business information).

## ARGUMENT

Here, as illustrated by the contemporaneously filed Vatis Declaration, the contents of the specific exhibits meet the standard for sealing. While the exhibits are judicial documents that play a central role in this Court's exercise of its Article III judicial power, allowing access to the same will necessarily negatively impact the privacy interests of the parties to the Licensing Agreement, as the parties are contractually bound to keep the information and terms set forth therein confidential. Even beyond the bounds of the confidentiality agreement, Plaintiff's F, H, I, J, L, R, and S include Plaintiff's highly confidential and sensitive business information which, if publicly known, could harm Plaintiff's business. Simply put, the potential public interest (if any) in learning the specifics of the License Agreement and certain dealings between private actors is outweighed by the interest in protecting the confidentiality agreed to by the parties to the License Agreement and protecting Plaintiff's continued viability as a going concern.

The proposed sealing is narrowly tailored to achieve the goal of protecting the

confidentiality of the terms and conditions that the parties agreed to keep confidential and Vinci's highly confidential and sensitive business information. Plaintiff proposes filing under seal only the materials which describe or detail the terms and conditions set forth in the License Agreement or which contain Vinci's confidential and sensitive business information which, if publicly know, could harm Plaintiff's business.

## **CONCLUSION**

For the reasons set forth above, and as set forth in the Vatis Declaration, Plaintiff respectfully request that the Court grant its Motion for Leave to file Certain Exhibits to its Second Amended Complaint Under Seal.

Dated: November 3, 2023

Respectfully submitted,

By: /s/ Michael Vatis
Michael Vatis

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
1155 Avenue of the Americas, 26th Floor
New York, NY 10036
Tel: 646.593.7050
mvatis@beneschlaw.com

*Attorney for Plaintiff*