

Michael A. Vatis
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Direct Dial:  646.328.0494
Fax:  646.755.3397
mvatis@beneschlaw.com

July 26, 2024

Hon. Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   *Vinci Brands LLC v. Coach Services, Inc.* – 1:23-cv-05138-LGS – Pre-Motion to Dismiss Letter re Case-Mate, Inc.'s Counterclaims and 3rd Party Claims

Dear Judge Schofield:

Pursuant to Rule III.C.2 and III.A.1 of Your Honor's Individual Rules and Procedures for Civil Cases, Plaintiff/Counterclaim Defendant Vinci Brands LLC, and Third Party Defendants Candlewood Partners, LLC, CWD Armor Management, LLC, and Onward Brands LLC (collectively, "Defendants") submit this joint letter outlining the reasons Case-Mate, Inc.'s counterclaims and third-party claims ("Counterclaim") should be dismissed and proposing a briefing schedule for one or more motions to dismiss the Defendants anticipate filing (individually or jointly).

**Insufficient process**. Case-Mate has never served Candlewood, CWD Armor, or Onward with its Counterclaim.  Instead, it served them with *Vinci's* Second Amended Complaint.  A summons without the correct pleading attached cannot constitute service and is grounds for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4). *E.g.*, *Gianatasio v. D'Agostino*, No. 11 CIV. 3095 RWS, 2011 WL 5244961, at *2 (S.D.N.Y. Nov. 2, 2011).

**Candlewood, CWD and Onward are not proper third-party defendants**. Case-Mate does not allege that Candlewood, CWD Armor, or Onward are liable for all or part of any of the claims Vinci brought against Case-Mate.  This makes them improper third-party defendants under Rule 14, warranting dismissal of the Counterclaim. *See Res. Funding Corp. v. Congrecare, Inc.*, No. 91 CIV. 8163 (RWS), 1994 WL 24825, at *10 (S.D.N.Y. Jan. 21, 1994).

**The Court lacks personal jurisdiction over Candlewood and CWD Armor**. Case-Mate fails to recite even perfunctory allegations that could give rise to a plausible inference that Candlewood and CWD Armor—which are alleged to be Ohio limited liability companies whose principal place of business is Ohio and whose members are citizens of Ohio and Florida—are subject to this Court's personal jurisdiction under New York's long-arm statute.  The Counterclaim does not allege, nor could it, that these entities had "continuous and systematic" contacts with New York sufficient to exercise general jurisdiction. *See, e.g., Brown v. Showtime Networks, Inc.*, 394. F. Supp. 3d 418, 432-33.  Nor does it allege that Candlewood or CWD transacted business within New York, let alone that Case-Mate's claims arise from any such business. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013).

***Case-Mate fails to allege vicarious/contributory or alter ego liability***. Case-Mate does not attribute any direct misconduct to Candlewood or CWD Armor, instead relying on theories of vicarious/contributory liability or alter-ego liability.  As alleged by Case-Mate, as of June 5, 2023, ACS or Onward — *not* Candlewood or CWD Armor — had taken control of Vinci's business and purchased Vinci's assets.  Counterclaim ¶¶ 10, 14, 15.  The conduct Case-Mate complains of all occurred *after* these transactions. Under the Counterclaim's own narrative, Candlewood and CWD Armor cannot be held vicariously or contributorily liable for acts or omissions that occurred after they sold Vinci and ceded control to others.

Case-Mate's allegations of alter ego similarly fail. Candlewood and CWD Armor cannot have been alter egos of a company that, according to the Counterclaim, they no longer owned or controlled.  Furthermore, conclusory statements about Candlewood's and CWD Armor's financial interest and control over Vinci do not even constitute "magic words" for an alter-ego pleading, let alone give rise to a plausible inference that Vinci was their alter ego.  Allowing these scantily pled claims to proceed would run afoul of the well-settled principle that "New York courts apply a presumption of separateness to corporations and are hesitant to disregard the corporate form." *Digilytic Int'l FZE v. Alchemy Fin., Inc.*, No. 20 CIV. 4650 (ER), 2022 WL 912965, at *5 (S.D.N.Y. Mar. 29, 2022). It is well established that "conclusory allegations of an alter ego are insufficient to survive a motion to dismiss." *Kalin v. Xanboo, Inc*, 526 F. Supp. 2d 392, 403 (S.D.N.Y. 2007)

***Count I – False Advertising under the Lanham Act (15 U.S.C. § 1125(a)(1)(B))***. Case-Mate's false advertising claim fails because it does not adequately allege that Vinci's statements were literally false or likely to mislead customers. *See C=Holdings B.V. v. Asiarim Corp.*, 992 F. Supp. 2d 223, 242 (S.D.N.Y. 2013). As the Court has already discerned, Vinci's License Agreement makes plain that Vinci had post-termination rights to produce and sell KSNY-branded products. Moreover, Case-Mate's own license agreement with KSNY is expressly *non*-exclusive. Thus, nothing in the Counterclaim plausibly suggests that Vinci in fact was not authorized to produce and sell KSNY-branded products.  Nor does the Counterclaim make any allegation that any other statement by Vinci to its customers and suppliers was false or misleading.

***Counts II and III – False Advertising in the Conduct of Business / Deceptive Trade Practices – N.Y. Gen. Bus. Law §§ 350 and 349* et seq**. Beyond the problems outlined above, Case-Mate's § 349 and § 350 claims fail for two additional reasons.  First, Case-Mate does not, and cannot, allege "significant ramifications for the public at large." *See Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003); *Winner Int'l v. Kryptonite Corp.*, No. 95 CIV. 247 (KMW), 1996 WL 84476, at *3 (S.D.N.Y. Feb. 27, 1996). Second, the Counterclaim fails to allege that any conduct occurred in New York or that any deception was experienced in New York. *See, e.g., Bezuszka v. L.A. Models, Inc.*, No. 04 CIV. 7703 (NRB), 2006 WL 770526, at *15 (S.D.N.Y. Mar. 24, 2006).

***Count IV – Common Law Unfair Competition***. The elements of unfair competition under New York law closely parallel those of the Lanham Act; importantly, however, in New York, a plaintiff must also show "either actual confusion or a likelihood of confusion, and there must be some showing of bad faith on the part of the defendants." *Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 606 (S.D.N.Y. 2012); *Bongo Apparel, Inc. v. Iconix Brand Grp., Inc.*, 18 Misc. 3d

1108(A), 856 N.Y.S.2d 22 (Sup. Ct. 2008). Case-Mate offers only conclusory allegations of confusion, with no specific factual allegations to plausibly suggest actual confusion. Moreover, Case-Mate fails even to allege conclusorily that Defendants acted in bad faith, much less to make the necessary "showing."

*Count V – Tortious Interference with Prospective Business Relations*. Case-Mate's failure to identify any third-party business relationships that it legitimately had, at any relevant time, is fatal to its tortious interference claim. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 115 (2d Cir. 2010). Further, the Counterclaim lacks any allegations plausibly suggesting that: (i) Defendants knew of any such third-party relationships; (ii) that Defendants acted solely out of malice, or with dishonest, unfair, or improper means; or (iii) that any of Case-Mate's relationships were actually injured. *See Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d. Cir. 2003).

*Count VI – Civil Conspiracy.* When "a plaintiff's conspiracy claim 'offers no new allegations beyond those alleged in support of other tort claims,' the conspiracy claim must be dismissed as duplicative." *Pentacon BV v. Vanderhaegen*, No. 23 CIV. 2172 (KPF), 2024 WL 1255992, at *26 (S.D.N.Y. Mar. 25, 2024). That rule applies here. *See also AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, No. 21CV4550VSBRWL, 2024 WL 379952, at *19 (S.D.N.Y. Feb. 1, 2024).

\* \* \*

The Defendants respectfully propose the following briefing schedule.

- Any motions to dismiss and memoranda of law shall be filed on August 23, 2024.
- Any opposition to the motions shall be filed on September 6, 2024.
- Any replies to the opposition shall be filed on September 13, 2024.

This schedule accommodates discovery activities and briefing that are already scheduled for August and will pose no threat to the case calendar.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

/s/Michael A. Vatis

Michael A. Vatis