UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VINCI BRANDS LLC,

                              Plaintiff,                           **23-cv-5138 (LGS) (VF)**

                    -against-                                      **ORDER**

COACH SERVICES, INC. et al,

                             Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      Vinci's request (ECF No. 469) for an order authorizing it to serve a subpoena on Kelly Maclean by certified mail and e-mail is **GRANTED**. Federal Rule of Civil Procedure 45 "requires delivering a copy" of a subpoena to the "named person." Fed. R. Civ. P. 45(b)(1). Rule 45 does not "explicitly demand personal service" of a subpoena. JPMorgan Chase Bank, N.A. v. IDW Group, LLC, No. 08-CV-9116 (PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009). Where a party was reasonably diligent in previously attempting personal service, courts have authorized alternative means of service. See, e.g., QED, LLC v. Faber Daeufer & Itrato, P.C., No. 20-CV-2767 (VEC) (SLC), 2020 WL 5642256, at *1 (S.D.N.Y. Sept. 22, 2020). Vinci's process server attempted to serve Ms. Maclean at her home address on April 12, 2024, April 13, 2024, April 14, 2024, April 15, 2024, April 22, 2024, April 23, 2024, and April 25, 2024. See ECF Nos. 473-6, 473-7. There is no merit to Case-Mate's argument that these attempts do not show reasonable diligence, because the dates and times are not sufficiently varied. See ECF No. 475. The process server attempted to serve Ms. Maclean on various weekdays, as well as on weekends (April 13-14, 2024) and during various times of day, including early morning, mid-morning, mid-day, afternoon, and early evening. See ECF No. 473-6, 473-7 (describing efforts at service, days, and time of day). Additionally, service via certified mail, with a copy sent via e-

mail, has been found to be sufficient to comport with due process because it is reasonably calculated to provide the witness with notice of the subpoena and an opportunity to object. See, e.g., JP Morgan Chase Bank, 2009 WL 1313259, at *2 (concluding that service via certified mail was sufficient for Rule 45 subpoena); Knopf v. Esposito, No. 17-CV-5833 (DLC), 2020 WL 6589593, at *1-2 (S.D.N.Y. Nov. 11, 2020) (authorizing service via e-mail of Rule 45 subpoena).

Lastly, Case-Mate requests a protective order (ECF No. 475), prohibiting Vinci from serving the subpoena on Ms. Maclean, arguing, at bottom, that the discovery sought from Ms. Maclean is not relevant and amounts to a fishing expedition. A party lacks standing to challenge a non-party subpoena on the basis of relevance or burden. Universitas Educ., LLC v. Nova Group, Inc., No. 11-CV-1590 (LTS) (HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013). And to the extent Case-Mate cites any potential delay to discovery in this case as the basis for quashing the subpoena to Ms. Maclean, at the last conference with the Court on August 20, 2024, no party (except, perhaps, for Vinci) believed that the September 30, 2024 discovery deadline was feasible and thus it appeared to the Court that the parties would likely need an extension of the discovery deadline in any case. Accordingly, Case-Mate's request for a protect order is **DENIED** without prejudice to Ms. Maclean raising any objections to the subpoena, in the appropriate court, once she has been served with the subpoena.

**SO ORDERED.**

DATED:   New York, New York
         August 27, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 469.

2