UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vinci Brands LLC<br><br>      Plaintiff and Counterclaim Defendant,<br><br>  v.<br><br>Coach Services Inc., Kate Spade, LLC, Tapestry, Inc., and Case-Mate, Inc.,<br><br>      Defendants,<br><br>  and<br><br>Case-Mate, Inc.,<br><br>      Counterclaimant,<br><br>  v.<br><br>Vinci Brands LLC, Candlewood Partners, LLC, CWD Armor Management, LLC, Onward Brands, LLC, and ACS Group Acquisitions, LLC,<br><br>      Counterclaim Defendants. | Civil Action No. 1:23-cv-05138-LGS-VF |

**MEMORANDUM OF CWD ARMOR MANAGEMENT, LLC AND CANDLEWOOD HOLDING, LLC IN SUPPORT OF THEIR MOTION TO DISMISS CASE-MATE'S AMENDED COUNTERCLAIMS**

Counterclaim Defendants CWD Armor Management, LLC ("Armor") and Candlewood Partners, LLC, ("Candlewood") respectfully submit this memorandum of law in support of their motion to dismiss (the "Motion"), pursuant to Fed. R. Civ. P. 12(b)(2), the Amended Counterclaims of Case-Mate, Inc. ("Case-Mate"). Simply put, this Court does not have personal jurisdiction—general, specific, or otherwise—over Armor or Candlewood. Resisting this clear reality, Case-Mate contends that they are both alter egos of Vinci Brands, LLC ("Vinci"). But this theory is neither adequately pled nor supported by any facts that withstand the scrutiny the Rules require. Armor and Candlewood therefore should be dismissed.

As demonstrated below, Case-Mate has not only failed to allege sufficient facts to support the theory that Armor or Candlewood is the alter ego of Vinci, but it has loaded its Amended Counterclaim ("Counterclaims") with allegations that are demonstrably false according to documents and uncontroverted testimony in Case-Mate's possession. Because it has failed after two attempts to muster any basis to bring these parties before this Court, Case-Mate should not be permitted to amend its counterclaims again, and the Counterclaim against Armor and Candlewood should be dismissed with no opportunity to re-plead.[1]

**I.     PRELIMINARY STATEMENT**

Case-Mate does not allege that either Armor or Candlewood is incorporated in New York, has its principal place of business in New York, or conducts continuous and systematic business activities in New York. It also does not allege that its claims against Armor or Candlewood arise out of or relate to any contacts or activities actually conducted by those entities in New York. Thus,

---

[1] As shown in other contexts, Case-Mate's approach to this litigation is designed to increase cost and hardship for their own sake. Because the jurisdictional defect in the Amended Counterclaim is so apparent, Movants submit that the concurrent attempts to demand discovery from them in this venue are inappropriate, and intend to request a protective order to that effect if Case-Mate persists in imposing that burden before this Motion is decided. Your Honor's Rule III.C.2's provision for "extraordinary circumstances" applies here not only because of Case-Mate's extreme tactics but because of the extreme deficiency of its formulaic pleading and the lack of personal jurisdiction over Movants.

1

Case-Mate cannot establish that this Court has general or direct specific jurisdiction over Armor and Candlewood. Its last resort is a familiar one in this Court: threadbare claims that personal jurisdiction arises from their status as "alter egos" of an existing party, Vinci.

There are two problems with this approach. First, the factual grounds for alter ego jurisdiction that Case-Mate supplies are false. Despite months of discovery regarding the structure and operations of Vinci and its relationship to Armor and Candlewood, Case-Mate repeatedly misrepresents the companies' relationships – inaccurately stating that Armor is the owner of Vinci (it is not) and failing to confront the real relationships among the parties, in which all corporate formalities were observed. The record disproves the hackneyed announcements that Armor, Candlewood, and non-party individuals had "dominant control" over Vinci such that Vinci, with tens of millions of dollars in revenue a year, was essentially "a shell company with no independent existence."

As shown below and in the attached Declaration of Steve Latkovic ("Latkovic Decl."), which is uncontroverted by any document in the record, Armor and Candlewood are not alter egos of Vinci but are separate and distinct legal entities. Vinci is a producer and seller of mobile technology accessories. Prior to certain of its assets being purchased by Onward Brands, LLC ("Onward") in June 2023, Vinci had its own employees, corporate records, assets, and finances, and made its own operational decisions. Armor was a contract counterparty, providing oversight and management services to Vinci's business for a fee. Candlewood is an investment banking company involved with a wide array of investments. In 2023, Vinci engaged Candlewood and another non-party investment banking company to assist with the sale of Vinci's assets.

The only commonalities among Vinci, Armor, and Candlewood are Steve Latkovic and Glenn Pollack. Through their ownership of a non-party holding company, Candlewood Holdings,

2

LLC ("Holdings"), Mr. Latkovic and Mr. Pollack (via a single-member LLC unrelated to Candlewood or Armor) own Candlewood. Mr. Latkovic and Mr. Pollack co-own Vinci. But under well-established law, despite Case-Mate's desire to escalate the dispute to include everyone in sight, Mr. Latkovic's and Mr. Pollack's involvement in each of these entities is woefully insufficient to establish alter ego personal jurisdiction over Armor or Candlewood.

## II.   RELEVANT FACTS AND ALLEGATIONS

Case-Mate claims that this Court has personal jurisdiction over Armor and Candlewood based solely on allegations that are (i) provably and objectively false; or (ii) conclusory nullities in the Rule 12 context.  Specifically, for starters:  Case-Mate alleges Vinci is an Ohio limited liability company. Counterclaim at ¶ 3. It is not; Vinci is organized under the laws of Delaware. Latkovic Decl. at ¶ 1.  Then, Case-Mate alleges that Vinci's sole owner is Armor. Counterclaim at ¶¶ 3, 4.  That is also incorrect. Vinci is owned and has been owned at all relevant times by Mr. Latkovic (25%) and Mr. Pollack (75%). Dkt. 3; Latkovic Decl. at ¶¶ 1, 8. Case-Mate is on notice of these facts from Vinci's pleadings, including Vinci's Rule 7.1 Corporate Disclosure Statement (Dkt. 3) and countless documents produced in discovery. Whatever Case-Mate may have expected, nothing in the Civil Rules insulates these false statements from being disproved and ignored in the current posture.

But the misstatements of fact do not stop there.  Case-Mate also alleges, "upon information and belief," that Armor is a single-purpose limited liability company owned by Candlewood. Counterclaim ¶ 4.  This, too, is wrong. Armor is a management company that serves as Vinci's manager, another fact that Case-Mate knows or should have known from discovery. Latkovic Decl. at ¶ 9. And to set up the misleading premise of its Counterclaim, Case-Mate alleges that the relationship between Candlewood and Vinci is one of parent and subsidiary.   But in truth,

3

as Case-Mate also knows from discovery, Vinci engaged Candlewood to assist Vinci with the sale of its assets (along with another non-party investment banking company). Latkovic Decl. at ¶ 14.

Finally, Case-Mate alleges that Armor and Candlewood purposely kept Vinci undercapitalized and diverted funds from Vinci to themselves when Vinci sold assets to Onward. Counterclaim at ¶¶ 18 – 19. These allegations are also false. Neither Armor nor Candlewood had any involvement in Vinci's capitalization. Latkovic Decl. at ¶ 12. And the funds from Vinci's sale of certain assets to Onward did not go to Armor or Candlewood. *Id*. at ¶ 11.

Once these allegations are disregarded, along with a few ancillary false statements that Case-Mate tosses in speculatively, "upon information and belief," the Counterclaim's alter-ego theory consists solely of conclusory statements that are ignored in this District. The Counterclaims are insufficient, as a matter of law, to support even a *prima facie* showing of personal jurisdiction over Armor or Candlewood. Thus, the Counterclaims against Armor and Candlewood should be dismissed.

### III.   LEGAL STANDARD

#### A.   Federal Rule 12(b)(2)

To survive a Rule 12(b)(2) motion to dismiss, "a plaintiff must make a *prima facie* showing that jurisdiction exists." *Chufen Chen v. Dunkin' Brands, Inc*., 954 F.3d 492, 497 (2d Cir. 2020). Plaintiff must meet the twofold burden of demonstrating "a statutory basis for personal jurisdiction" and that "the exercise of personal jurisdiction ... comport[s] with constitutional due process principles." *Fuld v. Palestine Liberation Org*., 82 F.4th 74, 85 (2d Cir. 2023).

Allegations shown to be inaccurate based on uncontroverted facts cannot serve to make a *prima facie* showing of personal jurisdiction. *See, generally  In re Platinum & Palladium Antitrust Litig.*, 449 F. Supp. 3d 290, 322 (S.D.N.Y. 2020), *aff'd in part, vacated in part, rev'd in part*, 61

4

F.4th 242 (2d Cir. 2023). While pleadings and affidavits are construed in favor of jurisdiction, those facts must satisfy the law: courts will ***not*** resolve "argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013); *accord Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 457 F. Supp. 3d 401, 407 (S.D.N.Y. 2020).

Finally, and importantly, as in every other Rule 12 context "[c]onclusory non-fact-specific jurisdictional allegations or legal conclusions couched as a factual allegation will not establish a *prima facie* showing of jurisdiction." *DeLorenzo v. Viceroy Hotel Grp.*, LLC, 757 F. App'x 6, 8 (2d Cir. 2018).

### B.    Alter Ego Personal Jurisdiction[2]

Distinct entities are treated as one, for jurisdictional purposes, only if there is a finding of alter ego status. *Transfield ER Cape Ltd. v. Indus. Carriers, Inc.*, 571 F.3d 221, 224 (2d Cir. 2009) (applying New York law).[3]  Before treating a parent and subsidiary as "one and the same for purposes of jurisdiction," the plaintiff must "show," Fed. R. Civ. P. 8(a)(2), that the parent company "exerts so much control over the subsidiary that the two do not exist as separate entities." " *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th at 274.  Alter ego personal jurisdiction does not

---

[2] Because Case-Mate specifically alleges that jurisdiction over Armor and Candlewood is based on an alter ego theory, Armor and Candlewood do not address here whether there is general or specific jurisdiction on some other unspecified basis. Neither Vinci, Armor, nor Candlewood is alleged to be incorporated in, have a principal place of business in, or transact business in New York.  Nor did Case-Mate allege that that its claims against Armor or Candlewood arise out of or relate to any contacts or activities by those entities in New York.  *See* Counterclaim *passim*.

[3]  The Second Circuit has yet to address whether the law of the subsidiary's state of incorporation, federal common law, or the law of the forum governs the analysis of alter ego personal jurisdiction.  *CesFin Ventures LLC v. Al Ghaith Holding Co. PJSC*, No. 121CV01395PGGSDA, 2022 WL 18859076, at *4 (S.D.N.Y. Dec. 10, 2022).  Because the pertinent law in New York, federal common law (*see In re Lyondell Chem. Co.*, 543 B.R. 127, 142 (Bankr. S.D.N.Y. 2016)), and in Ohio are generally the same *(see Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*, No. 14 CIV. 804 RWS, 2014 WL 3857053, at *9 (S.D.N.Y. Aug. 5, 2014)), and it is equally clear under each body of law that the Counterclaim fails adequately to allege alter ego status, this Motion relies on the law of the forum state.

require a showing of use or control to commit fraud. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981).

The "critical inquiry" is whether a corporation is used by the alleged "dominating entity" to advance the dominating entity's interests as opposed to "furthering the corporate ends." *Miramax Film Corp. v. Abraham*, No. 01 CV 5202(GBD), 2003 WL 22832384, *8 (S.D.N.Y. Nov. 25, 2003). To guide this analysis, the following factors are considered:

> (1) absence of corporate formalities; (2) inadequate capitalization; (3) movement of funds for personal rather than corporate purposes; (4) overlap in ownership, officers, directors and personnel; (5) common office space and contact information; (6) limited amount of business discretion exercised by the subsidiary; (7) lack of arms' length dealings between the parent and the subsidiary; (8) failure to treat the relevant entities as independent profit centers; (9) payment or guarantee of the subsidiary's debts by the parent; and (10) use by the parent of the subsidiary's property as if the property were owned by the parent.

*Vista Food Exch.*, 2014 WL 3857053, at *9 (citation omitted). No single factor is dispositive. *Id.*

## IV.   ARGUMENT

Case-Mate does not viably allege facts sufficient to show that Armor and Candlewood are alter egos of Vinci for jurisdictional purposes. Some of its alleged facts are false, and the remainder are not facts at all under the Rules.

### A.   **Case-Mate's Demonstrably False Statements Cannot Support Its Alter Ego Theory.**

First, Case-Mate alleges wrongly that Armor owns Vinci. Counterclaim ¶¶ 3-4; *cf.* Latkovic Decl. at ¶¶ 1, 8. Case-Mate also alleges wrongly that Armor has no business other than its ownership interest in Vinci. *Id.* at ¶ 4; *cf.* Latkovic Decl. at ¶ 9. Neither of these statements — which would not appear in the Counterclaim if Case-Mate had just read the documents Vinci produced — can support personal jurisdiction over Armor on alter ego grounds. *See Vista Food Exch.*, 2014 WL 3857053, at *8-9, fn 4.

6

Tellingly, several of Case-Mate's other allegations are presented solely "upon information and belief," without sufficient factual matter. Even if they were true (as they almost uniformly are not), these statements are also insufficient as a matter of law. "Courts in this Circuit look unfavorably upon conclusory pleadings made on information and belief." *Brodie v. Green Spot Foods, LLC*, 503 F.Supp.3d 1, 13 (S.D.N.Y. 2020); *see also Vista Food Exch.*, 2014 WL 3857053, at *9. Specifically, Case-Mate alleges the following "upon information and belief":

- When some of Vinci's assets were sold in June 2023, the buyer paid Armor. Counterclaim at 14.

- Because of undercapitalization he had caused, Mr. Latkovic, personally, "caused" Vinci to borrow funds from Siena Lending ("Siena"), Star Strong Capital, and his friends and family. *Id*. at 13.

Case-Mate does not assert ***any*** facts to support what its belief is founded on. Nor could it: these claims are false or wildly misleading. When some of Vinci's assets were sold to Onward, neither Armor nor Candlewood received any of the proceeds.[4] *Id*. at ¶ 11. When Mr. Latkovic and Mr. Pollack purchased Vinci, and at all times thereafter until it began to face severe business difficulties, Vinci was adequately capitalized, including through ordinary business loans. Latkovic Decl. at ¶ 12. And there is no basis for the implication Mr. Latkovic sought funding on behalf of anyone but Vinci itself.

Under the Rules, these statements are false according to uncontroverted evidence and cannot establish alter-ego personal jurisdiction over Armor or Candlewood. *See, e.g.*, *Giuliano v. Barch*, No. 16 CV 0859 (NSR), 2017 WL 1234042, at *12 (S.D.N.Y. Mar. 31, 2017).

### B. Case-Mate's Conclusory Recitations of the Legal Standard Cannot Establish Alter Ego Personal Jurisdiction.

---

[4] An affiliate of Candlewood, unrelated to Armor, received a new memorialization of a pre-existing Vinci debt it held, but this was not "proceeds" in any sense and, even if it had done the nominal homework to learn of this, Case-Mate could not have viably alleged that it was. No dollars from the transaction flowed to either Candlewood or Armor.

The remaining allegations relied on by Case-Mate in its attempt to show alter-ego personal jurisdiction are purely conclusory and therefore insufficient to establish jurisdiction. *See HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, Case No. 20-cv-00967 (LJL) 2021 WL 918556, at *10 (S.D.N.Y. Mar. 10, 2021) (finding it "insufficient for Plaintiff to assert the conclusion that the entities did not observe corporate formalities and that the…Defendants collectively exercise ultimate control over the same entities and direct the revenues of each"); *see also Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 F. App'x 13, 15 (2d Cir. 2014). Case-Mate conclusorily alleges that:

- Candlewood employees worked on behalf of Vinci and Armor (rather than as hired investment bankers) by preparing financial information and marketing assets for sale. Counterclaim ¶¶ at 8, 14. In doing so, they were personally directed by Mr. Latkovic and Mr. Pollack . *Id*. at ¶¶ 9-10.

- Mr. Latkovic, "on behalf" of Candlewood and Armor, controlled management and operation of Vinci, and by virtue of his role with Candlewood, became Vinci's "de facto" CEO.[5] *Id*. at ¶ 11.

- Mr. Latkovic and Mr. Pollack, "using" Armor and Candlewood, directed and controlled Vinci's affairs. *Id*. at ¶ 12.[6]

- Armor, through an unspecified mechanism, ensured Vinci was insolvent and unable to pay its debts. *Id*. at ¶ 12.

- Armor, through an unspecified mechanism, took money from Vinci improperly. *Id.* at ¶ 14.

- In sum, through an unspecified alchemy, by virtue of Armor's and Candlewood's purported control, undercapitalization, and diversion of funds, Armor and Candlewood each became alter egos of Vinci. *Id.*

---

[5] Case-Mate also alleges that Mr. Latkovic installed three senior "officers" of Vinci. This does nothing to show that Vinci is the alter ego of Candlewood or Armor. Mr. Latkovic is a co-owner of Vinci and legally entitled to make decisions regarding the leadership of his company.

[6] Case-Mate appears to use the various "magic words" associated with different alter ego fact patterns interchangeably. On the one hand, it alleges that Latkovic acted "on behalf of" Candlewood and Armor, Counterclaim at ¶ 11. But in the next breath, it alleges that Messrs. Latkovic and Pollack were "using" Candlewood and Armor to do their bidding." *Id.* at ¶ 12.

8

These allegations are insufficient to establish that Armor and Candlewood are alter egos of Vinci. They are unsupported by any facts, despite the extensive discovery conducted in this case. Further, as Case-Mate tries to hide from the Court, its allegations are belied by important facts, uncontroverted in the record. Vinci engaged the services of Candlewood and another non-party investment banking company (D.A. Davidson) to assist with the sale of Vinci's assets. Latkovic Decl. at ¶ 14. And Armor was Vinci's contractor for management services. *Id*. at ¶ 9. Candlewood and Armor were thus performing services for Vinci; they were not "dominating" it to achieve their own ends at the expense of Vinci's. A bald and unadorned statement to the contrary, without facts stated in support of it, cannot meet Case-Mate's pleading burden.

In similar slapdash fashion, Case-Mate alleges no facts whatsoever to support its conclusory contention that Candlewood and Armor undercapitalized Vinci or diverted funds from Vinci to themselves. Until it fell on hard times — the risk faced by any business, no matter how well it was funded at the outset — Vinci was adequately capitalized, and neither Armor nor Candlewood received the cash proceeds from the Onward sale. *Id*. at ¶¶ 11, 12. Case-Mate's legal opinion to the contrary, founded on no facts, is not a cognizable factual allegation.

Even if they were not rebutted by actual facts that Case-Mate knew (which they are), the Counterclaim's conclusory statements do not give rise to a plausible inference of alter ego status on the part of either Armor or Candlewood. *See In re Terrorist Attacks*, 714 F.3d at 673; *Allianz Glob. Invs.*, 457 F. Supp. 3d at 407; *DeLorenzo*, 757 F. App'x 6 at 8 (2d Cir. 2018); *Bur-Tex Hosiery, Inc. v. World Tech Toys, Inc.*, No. 23 CIV. 3454 (LGS), 2024 WL 989841, at *9 (S.D.N.Y. Mar. 7, 2024).

Under the law firmly established in the precedents of this District and countless others, Case-Mate has not met its burden to show the Court has personal jurisdiction over Armor or

9

Candlewood. *E.g.*, *Long Side Ventures LLC v. Hempacco Co.*, No. 22-CV-08152 (ALC), 2023 WL 6386888, at *10 (S.D.N.Y. Sept. 29, 2023) (dismissing claims for lack of personal jurisdiction due to the plaintiffs' purely conclusory allegations of alter ego status). Case-Mate has not set forth sufficient facts of alleged domination to support its alter ego theory. Accordingly, Case-Mate has failed to establish alter ego personal jurisdiction over Armor or Candlewood. And because Case-Mate has not otherwise alleged the Court has personal jurisdiction over Armor or Candlewood, the Counterclaims should be dismissed.

## V.   CONCLUSION

For the foregoing reasons, Armor and Candlewood request that all claims against them be dismissed. Armor and Candlewood further request that Case-Mate not be permitted to amend its already-once-amended Counterclaim to drag these entities into this New York litigation when it is clear this Court does not have personal jurisdiction over them. Case-Mate already had one bite at the apple, and was on notice from Vinci's pre-motion letter that its allegations of alter ego status were severely lacking. It failed to remedy the glaring weaknesses in its Counterclaims, and its attempts to do so relied on statements shown to be false by easily identifiable documents Case-Mate already had.

Dated: August 30, 2024                              Respectfully submitted,


By: /s/ *Michael A. Vatis*
    Michael A. Vatis (Reg. No. 2258655)
    Rena Andoh (Reg. No. 4220638)
    **BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**
    1155 Avenue of the Americas, Floor 26
    New York, New York 10036
    Telephone: 646.593.7050
    Email: mvatis@beneschlaw.com
           randoh@beneschlaw.com

-- and –

James E. von der Heydt (*admitted pro hac vice*)
Caroline Hamilton (*admitted pro hac vice*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: jvonderheydt@beneschlaw.com
       mmontgomery@beneschlaw.com
       wmcclurg@beneschlaw.com
       chamilton@beneschlaw.com

-- and –

Paul A. Del Aguila (*admitted pro hac vice*)
**DICKINSON WRIGHT LLP**
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
Telephone: 312.641.0060
Facsimile: 844.670.6009
Email: pdelaguila@dickinson-wright.com

-- and –

                                        Russell Capone (Reg. No. 4408324)
                                        Charles Low
                                        **COOLEY LLP**
                                        55 Hudson Yards
                                        New York, New York 10001
                                        Telephone: 212.479.6859
                                        Email: rcapone@cooley.com
                                                    chlow@cooley.com

                                        *Attorneys for CWD Armor Management,*
                                        *LLC and Candlewood Partners, LLC*