UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vinci Brands LLC<br><br>        Plaintiff and Counterclaim Defendant,<br><br>   v.<br><br>Coach Services Inc., Kate Spade, LLC, Tapestry, Inc., and Case-Mate, Inc.,<br><br>        Defendants,<br><br>   and<br><br>Case-Mate, Inc.,<br><br>        Counterclaimant,<br><br>   v.<br><br>Vinci Brands LLC, Candlewood Partners, LLC, CWD Armor Management, LLC, Onward Brands, LLC, and ACS Group Acquisitions, LLC,<br><br>        Counterclaim Defendants. | Civil Action No. 1:23-cv-05138-LGS-VF |

### DECLARATION OF STEVE LATKOVIC IN SUPPORT OF CWD ARMOR MANAGEMENT, LLC'S AND CANDLEWOOD PARTNERS, LLC'S MOTION TO DISMISS

I, Steve Latkovic, declare:

1. I am one of two members of Vinci Brands, LLC, a Limited Liability Company organized under the laws of the State of Delaware ("Vinci").

2. I am one of two members of Candlewood Holdings, LLC, a Limited Liability Company organized under the laws of the State of Ohio ("Holdings").

3. I am a manager of CWD Armor Management, LLC, a Limited Liability Company organized under the laws of the State of Ohio ("Armor").

4. I am the Managing Partner of Candlewood Partners, LLC, a Limited Liability Company organized under the laws of the State of Ohio ("Candlewood"). At the time of the events described in the complaint my title was Managing Director.

5. I make this Declaration in Support of Armor's and Candlewood's Motion to Dismiss Case-Mate's Amended Counterclaims.

6. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could testify competently to them.

7. The companies listed above are all separate, and each makes its own decisions.

8. The second member of Vinci is Glenn Pollack. I own a 25% stake in Vinci and Mr. Pollack owns a 75% stake. Neither Armor, Candlewood, nor Holdings owns any share of Vinci.

9. Armor is the manager of Vinci pursuant to a Management Agreement between Vinci and Armor, and under that Management Agreement, provides management consultation and services to Vinci.

10. Operational decisions of Vinci were made, until its business was destroyed last year, by its own officers. Vinci employed its own personnel who ran Vinci's day-to-day business operations, including but not limited to preparing and maintaining Vinci's financial records.

11. When Vinci sold many of its assets after the events described in the Complaint in this case, neither Candlewood, Holdings, nor Armor received any of the proceeds. Vinci still owes Armor significant sums for unpaid management fees, as Vinci was unable to pay them in the wake of the events described in the Complaint.

12. At the time we purchased Vinci and at all times thereafter until it began to face severe business difficulties, Vinci had adequate capitalization to carry forward its business, and a reasonable expectation that its revenue and assets could service the loans it had incurred.

No decisions related to its capital structure were made by any of Candlewood, Holdings, or Armor.

13. Candlewood is an investment banking company.

14. In 2023, Vinci engaged Candlewood to assist with the sale of Vinci's assets. Vinci did not ultimately pay Candlewood for this work. In addition to Candlewood, Vinci also engaged another investment banking company, D.A. Davidson, to assist with the sale.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2024.

_____
Steve Latkovic