UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vinci Brands LLC<br><br>   Plaintiff and Counterclaim Defendant,<br><br> v.<br><br>Coach Services Inc., Kate Spade, LLC, Tapestry, Inc., and Case-Mate, Inc.,<br><br>   Defendants,<br><br> and<br><br>Case-Mate, Inc.,<br><br>   Counterclaimant,<br><br> v.<br><br>Vinci Brands LLC, Candlewood Partners, LLC, CWD Armor Management, LLC, Onward Brands, LLC, and ACS Group Acquisitions, LLC,<br><br>   Counterclaim Defendants. | Civil Action No. 1:23-cv-05138-LGS-VF |

Defendant Vinci Brands LLC ("Vinci"), for its answer to Counterclaimant Case-Mate, Inc.'s ("Case-Mate") Amended Counterclaims, states as follows:

1. Vinci admits that Case-Mate has filed Amended Counterclaims against Vinci and other parties, but denies that it or any other party is liable to Case-Mate for any of the claims referenced in Paragraph 1 of Case-Mate's Amended Counterclaims.

## PARTIES

2. Vinci lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Case-Mate's Amended Counterclaims.

3. Vinci admits that it is a limited liability company organized under the laws of Ohio. Vinci denies the remaining allegations contained in Paragraph 3 of Case-Mate's Amended Counterclaims.

4. The allegations in Paragraph 4 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci denies that CWD is the sole owner of Vinci. Further answering, Vinci lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of Case-Mate's Amended Counterclaims.

5. The allegations in Paragraph 5 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Case-Mate's Amended Counterclaims.

6. The allegations in Paragraph 6 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Case-Mate's Amended Counterclaims.

7. The allegations in Paragraph 7 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Case-Mate's Amended Counterclaims.

8. Vinci admits that Candlewood employees, working under a contract, assisted in preparing financial and marketing information in connection with the contemplated sale of Vinci's

assets. Further answering, Vinci denies the remaining allegations in Paragraph 8 of Case-Mate's Amended Counterclaims.

9. To the extent the allegations in Paragraph 9 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 9 of Case-Mate's Amended Counterclaims.

10. To the extent the allegations in Paragraph 10 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 10 of Case-Mate's Amended Counterclaims.

11. To the extent the allegations in Paragraph 11 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci admits that, in 2023, Latkovic did not appoint a replacement CEO and that Marshall Clark, Josh Phillips and Jason Bingham served as Chief Operating Officer, Chief Revenue Officer, and Chief Financial Officer, respectively, of Vinci. Further answering, Vinci denies the remaining allegations in Paragraph 11 of Case-Mate's Amended Counterclaims.

12. To the extent the allegations in Paragraph 12 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 12 of Case-Mate's Amended Counterclaims.

13. Vinci admits that it borrowed funds from Siena through a revolving line of credit. Vinci further admits that Siena swept funds from Vinci's bank accounts. Vinci denies the remaining allegations in Paragraph 13 of Case-Mate's Amended Counterclaims.

14. Vinci denies the allegations in Paragraph 14 of Case-Mate's Amended Counterclaims.

## JURISDICTION AND VENUE

15. To the extent the allegations in Paragraph 15 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 15 of Case-Mate's Amended Counterclaims.

16. To the extent the allegations in Paragraph 16 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 16 of Case-Mate's Amended Counterclaims.

17. To the extent the allegations in Paragraph 17 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci admits that it is a citizen of Ohio and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of Case-Mate's Amended Counterclaims.

18. The allegations in Paragraph 18 of Case-Mate's Amended Counterclaims set forth legal conclusions, to which no response from Vinci is required.

19. The allegations in Paragraph 19 of Case-Mate's Amended Counterclaims set forth legal conclusions, to which no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 19 of Case-Mate's Amended Counterclaims.

20. The allegations in Paragraph 20 of Case-Mate's Amended Counterclaims set forth legal conclusions, to which no response from Vinci is required.

**FACTUAL ALLEGATIONS**

21. Vinci denies the allegations in Paragraph 21 of Case-Mate's Amended Counterclaims.

22. Vinci denies the allegations in Paragraph 22 of Case-Mate's Amended Counterclaims.

23. Vinci admits that, in 2021, it borrowed money from Siena via a revolving line of credit. Vinci denies the remaining allegations in Paragraph 23 of Case-Mate's Amended Counterclaims.

24. Vinci denies the allegations in Paragraph 24 of Case-Mate's Amended Counterclaims.

25. Vinci states that the referenced, but not attached, February 2023 letter from Siena speaks for itself and Vinci specifically denies the allegations in Paragraph 25 to the extent the allegations mischaracterize or misstate the contents of the February 2023 letter. Vinci denies the remaining allegations set forth in Paragraph 25 of Case-Mate's Amended Counterclaims.

26. Vinci denies the allegations in Paragraph 26 of Case-Mate's Amended Counterclaims.

27. Vinci states that the referenced, but not attached, "foreclosure notice" and "notices to interested parties" speak for themselves and Vinci specifically denies the allegations in Paragraph 27 to the extent the allegations mischaracterize or misstate the contents of those notices. Further answering, Vinci admits that Siena notified Kate Spade New York of Siena's "foreclosure notice" and the contents set forth therein, by sending the referenced, but not attached, "foreclosure notice" to Vinci and Kate Spade New York.

28. Vinci denies the allegations in Paragraph 28 of Case-Mate's Amended Counterclaims.

29. Vinci admits that Case-Mate, on multiple occasions, expressed interest in purchasing the Incase brand and, to that end, entered into confidentiality agreements with Vinci prohibiting the misuse, misappropriation, or disclosure of Vinci's confidential information. Vinci also admits that other buyers were interested in buying the Incase brand. Further answering, Vinci denies the remaining allegations in Paragraph 29 of Case-Mate's Amended Counterclaims.

30. Vinci admits that Case-Mate, on multiple occasions, expressed an interest in purchasing all of Vinci's assets, including the Incase brand, and, to that end, entered into confidentiality agreements with Vinci prohibiting the misuse, misappropriation, or disclosure of Vinci's confidential information. Further answering, Vinci lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 30 of Case-Mate's Amended Counterclaims.

31. Vinci lacks sufficient knowledge or information to admit or deny allegations as to what Case-Mate understood or did not understand. Further answering, Vinci denies the remaining allegations in Paragraph 31 of Case-Mate's Amended Counterclaims.

32. Vinci denies the allegations in Paragraph 32 of Case-Mate's Amended Counterclaims.

33. Vinci denies the allegations in Paragraph 33 of Case-Mate's Amended Counterclaims.

34. The allegations in Paragraph 34 of Case-Mate's Amended Counterclaims set forth legal conclusions, to which no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 34 of Case-Mate's Amended Counterclaims.

35. Vinci states that the referenced, but not attached, notice of UCC Article 9 foreclosure sale, speaks for itself and Vinci specifically denies the allegations in Paragraph 35 to the extent the allegations mischaracterize or misstate the contents of that notice. Further answering, Vinci denies the remaining allegations in Paragraph 35 of Case-Mate's Amended Counterclaims.

36. Vinci denies the allegations in Paragraph 36 of Case-Mate's Amended Counterclaims.

37. Vinci denies the allegations in Paragraph 37 of Case-Mate's Amended Counterclaims.

38. Vinci denies the allegations in Paragraph 38 of Case-Mate's Amended Counterclaims.

39. Vinci states that the referenced, but not attached, agreement between Onward and Vinci speaks for itself and specifically denies the allegations in Paragraph 39 of Case-Mate's Amended Counterclaims to the extent the allegations mischaracterize or misstate the contents of that agreement. Vinci denies the remaining allegations set forth in Paragraph 39 of Case-Mate's Amended Counterclaims.

40. The allegations in Paragraph 40 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci admits that ACS has represented in public court filings that it is Vinci's senior lender. Vinci lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of Case-Mate's Amended Counterclaims.

41. The allegations in Paragraph 41 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required,

Vinci lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of Case-Mate's Amended Counterclaims.

42. The allegations in Paragraph 42 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of Case-Mate's Amended Counterclaims.

43. The allegations in Paragraph 43 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 43 of Case-Mate's Amended Counterclaims.

44. Vinci denies the allegations in Paragraph 44 of Case-Mate's Amended Counterclaims.

45. To the extent the allegations in Paragraph 45 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 45 of Case-Mate's Amended Counterclaims.

46. The allegations in Paragraph 43 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of Case-Mate's Amended Counterclaims.

47. To the extent the allegations in Paragraph 47 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 47 of Case-Mate's Amended Counterclaims.

48. Vinci states that the referenced, but not attached, License Agreement with KSNY speaks for itself and specifically denies the allegations in Paragraph 48 of Case-Mate's Amended Counterclaims to the extent the allegations mischaracterize or misstate the contents of that agreement. Vinci denies the remaining allegations in Paragraph 48 of Case-Mate's Amended Counterclaims.

49. Vinci states that the referenced, but not attached, July 18, 2023 "supplemental termination" speaks for itself and specifically denies the allegations in Paragraph 49 of Case-Mate's Amended Counterclaims to the extent the allegations mischaracterize or misstate the contents of that "supplemental termination." Vinci denies the remaining allegations in Paragraph 49 of Case-Mate's Amended Counterclaims.

50. Vinci denies the allegations in Paragraph 50 of Case-Mate's Amended Counterclaims.

51. Vinci states that the referenced, but not attached, June 2023 letters speak for themselves and specifically denies the allegations in Paragraph 51 to the extent the allegations mischaracterize or misstate the contents of the referenced letters. Vinci denies the remaining allegations in Paragraph 51 of Case-Mate's Amended Counterclaims.

52. Vinci states that the referenced, but not attached, June 2023 letters speak for themselves and specifically denies the allegations in Paragraph 52 to the extent the allegations mischaracterize or misstate the contents of the referenced letters. Vinci denies the remaining allegations set forth in Paragraph 52 of Case-Mate's Amended Counterclaims.

53. Vinci states that the referenced, but not attached, June 2023 letters speak for themselves and specifically denies the allegations in Paragraph 53 to the extent the allegations

mischaracterize or misstate the contents of the referenced letters. Vinci denies the remaining allegations in Paragraph 53 of Case-Mate's Amended Counterclaims.

54. Vinci states that the referenced, but not attached, June 2023 letters speak for themselves and specifically denies the allegations in Paragraph 54 to the extent the allegations mischaracterize or misstate the contents of the referenced letters. Further answering, Vinci affirmatively states that it Case-Mate's and KSNY's purposeful and intentional misrepresentations to suppliers, distributors, and customers caused the referenced confusion. Vinci denies the remaining allegations in Paragraph 54 of Case-Mate's Amended Counterclaims.

55. Vinci affirmatively states that Case-Mate's representations to suppliers, distributors, and customers during the relevant time period were untruthful and misleading. Vinci denies the remaining allegations in Paragraph 55 of Case-Mate's Amended Counterclaims.

56. Vinci denies the allegations in Paragraph 56 of Case-Mate's Amended Counterclaims.

57. Vinci admits that it held a license to manufacture, sell, and distribute mobile phone cases and accessories for Coach Services, Inc. until that license expired. Vinci lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 57 of Case-Mate's Amended Counterclaims.

58. The allegations in Paragraph 58 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 of Case-Mate's Amended Counterclaims.

## **LEGAL CLAIMS**

### COUNT I
### FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. § 1125(a)(1)(B))
### AGAINST ALL VINCI DEFENDANTS

59. Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

60. Vinci denies the allegations in Paragraph 60 of Case-Mate's Amended Counterclaims.

61. Vinci denies the allegations in Paragraph 61 of Case-Mate's Amended Counterclaims.

62. Vinci denies the allegations in Paragraph 62 of Case-Mate's Amended Counterclaims.

63. The allegations in Paragraph 63 of Case-Mate's Amended Counterclaims set forth legal conclusions to which no response from Vinci is required.

64. Vinci denies the allegations in Paragraph 64 of Case-Mate's Amended Counterclaims.

65. Vinci denies the allegations in Paragraph 65 of Case-Mate's Amended Counterclaims.

66. The allegations in Paragraph 66 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 66 of Case-Mate's Amended Counterclaims.

67. The allegations in Paragraph 67 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 67 of Case-Mate's Amended Counterclaims.

68. The allegations in Paragraph 68 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required,

Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of Case-Mate's Amended Counterclaims.

69. Vinci denies the allegations in Paragraph 69 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages.

70. Vinci denies the allegations in Paragraph 70 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages, including its attorneys' fees.

## COUNT II
## DEFAMATION PER SE
## AGAINST VINCI, ACS, AND ONWARD

71. Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

72. Vinci denies the allegations in Paragraph 72 of Case-Mate's Amended Counterclaims.

73. Vinci denies the allegations in Paragraph 73 of Case-Mate's Amended Counterclaims.

74. Vinci denies the allegations in Paragraph 74 of Case-Mate's Amended Counterclaims.

75. Vinci denies the allegations in Paragraph 75 of Case-Mate's Amended Counterclaims.

76. Vinci denies the allegations in Paragraph 76 of Case-Mate's Amended Counterclaims.

77. Vinci denies the allegations in Paragraph 77 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages.

78. Vinci denies the allegations in Paragraph 78 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages.

## COUNT III
## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS AGAINST ALL VINCI DEFENDANTS

79. Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

80. Vinci denies the allegations in Paragraph 80 of Case-Mate's Amended Counterclaims.

81. The allegations in Paragraph 81 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 81 of Case-Mate's Amended Counterclaims.

82. Vinci denies the allegations in Paragraph 82 of Case-Mate's Amended Counterclaims.

83. Vinci denies the allegations in Paragraph 83 of Case-Mate's Amended Counterclaims.

84. Vinci affirmatively states that Case-Mate's and Kate Spade New York's own failures and misrepresentations caused parties to discontinue or fail to enter into anticipated business relationships with Case-Mate. Further answering, Vinci denies the remaining allegations in Paragraph 84 of Case-Mate's Amended Counterclaims.

85. Vinci denies the allegations in Paragraph 85 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages.

86. Vinci denies the allegations in Paragraph 86 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages, including punitive damages.

## COUNT IV
## CIVIL CONSPIRACY
## AGAINST ALL VINCI DEFENDANTS

87. Vinci realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

88. Vinci denies the allegations in Paragraph 88 of Case-Mate's Amended Counterclaims.

89. The allegations in Paragraph 89 of Case-Mate's Amended Counterclaims are not directed at Vinci, thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations in Paragraph 89 of Case-Mate's Amended Counterclaims.

90. Vinci denies the allegations in Paragraph 90 of Case-Mate's Amended Counterclaims.

91. Vinci denies the allegations in Paragraph 91 of Case-Mate's Amended Counterclaims.

92. Vinci denies the allegations in Paragraph 92 of Case-Mate's Amended Counterclaims.

93. Vinci denies the allegations in Paragraph 93 of Case-Mate's Amended Counterclaims.

94. Vinci denies the allegations in Paragraph 94 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages.

## GENERAL DENIAL

Vinci denies every allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Vinci expressly reserves the right to plead additional affirmative and other defenses should discovery reveal any such defenses in this case. Vinci asserts the following defenses without assuming the burden of proof as to any issue that would otherwise rest upon Case-Mate.

**FIRST AFFIRMATIVE DEFENSE**

The Amended Counterclaim fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Amended Counterclaim is barred or reduced to the extent that Case-Mate failed to mitigate damages.

**THIRD AFFIRMATIVE DEFENSE**

The Amended Complaint is barred, in whole or in part, by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

The Amended Complaint is barred, in whole or in part, by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

The Amended Counterclaim is barred, in whole or in part, by the doctrine of acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**

The Amended Counterclaim is barred, in whole or in part, by laches and other pertinent equitable principles.

**SEVENTH AFFIRMATIVE DEFENSE**

The Amended Counterclaim is barred, in whole or in part, by Case-Mate's failure to provide adequate notice of their claims.

**EIGHTH AFFIRMATIVE DEFENSE**

Vinci denies any and all culpability and liability, but if the Court ultimately finds Vinci liable, then the liability of Vinci, if any, is limited to its equitable share, determined in accordance

with the relative culpability of all persons or entities contributing to the total liability, including named parties and others over whom Case-Mate could have obtained personal jurisdiction with due diligence.

## NINTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred, in whole or in part, by the merger doctrine.

## TENTH AFFIRMATIVE DEFENSE

Case-Mate's alleged damages are subject to offset due to damages caused by Case-Mate to Vinci.

## ELEVENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred as contrary to public policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred by Case-Mate's failure to join an indispensable party.

## FOURTEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred by the lack of dilution, lack of commercial goodwill, prior commercial use, implied license, and actual license and assignment of the trademarks at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred by Case-Mate's failure to act in a commercially reasonable manner.

## SIXTEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred, in whole or in part, because the allegedly defamatory statements are true or substantially true.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Case-Mate's alleged damages, if any, are speculative and hypothetical, and are not cognizable as a matter of law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred, in whole or in part, because Case-Mate fails to allege an underlying tort.

### NINETEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred, in whole or in part, because the allegedly defamatory statements are subject to an applicable privilege.

### TWENTIETH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred, in whole or in party, because Onward lacked knowledge of Case-Mate's contracts and business relationships.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Case-Mate's claims are barred, in whole or in part, because of the intra-conspiracy doctrine.

WHEREFORE, having fully answered Counterclaimant Case-Mate Inc.'s Counterclaim, Counterclaim-Defendant Vinci Brands LLC respectfully requests that the Court dismiss the claims against it in their entirety with prejudice, with Case-Mate to bear the costs of this Counterclaim, including attorneys' fees.

Dated: August 30, 2024                          Respectfully submitted,


                                                By: */s/ Michael A. Vatis*
                                                    Michael A. Vatis (Reg. No. 2258655)
                                                    Rena Andoh (Reg. No. 4220638)
                                                    **BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**
                                                    1155 Avenue of the Americas, Floor 26
                                                    New York, New York 10036
                                                    Telephone: 646.593.7050
                                                    Email: mvatis@beneschlaw.com
                                                           randoh@beneschlaw.com

                                                    -- and –

                                                    James E. von der Heydt (*admitted pro hac vice*)
                                                    Caroline Hamilton (*admitted pro hac vice*)
                                                    **BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**
                                                    127 Public Square, Suite 4900
                                                    Cleveland, Ohio 44114
                                                    Telephone: 216.363.4500
                                                    Facsimile: 216.363.4588
                                                    Email: jvonderheydt@beneschlaw.com
                                                           mmontgomery@beneschlaw.com
                                                           wmcclurg@beneschlaw.com
                                                           chamilton@beneschlaw.com

                                                    -- and –

                                                    Paul A. Del Aguila (*admitted pro hac vice*)
                                                    **DICKINSON WRIGHT LLP**
                                                    55 West Monroe Street, Suite 1200
                                                    Chicago, Illinois 60603
                                                    Telephone: 312.641.0060
                                                    Facsimile: 844.670.6009
                                                    Email: pdelaguila@dickinson-wright.com

                                                    -- and –

                                                    Russell Capone (Reg. No. 4408324)
Charles Low
**COOLEY LLP**
55 Hudson Yards
New York, New York 10001
Telephone: 212.479.6859
Email: rcapone@cooley.com
        chlow@cooley.com

*Attorneys for Vinci Brands, LLC*