**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Vinci Brands LLC<br><br>    Plaintiff and Counterclaim<br>    Defendant,<br><br>  v.<br><br>Coach Services Inc., Kate Spade, LLC,<br>Tapestry, Inc., and Case-Mate, Inc.,<br><br>    Defendants,<br><br>  and<br><br>Case-Mate, Inc.,<br><br>    Counterclaimant,<br><br>  v.<br><br>Vinci Brands LLC, Candlewood Partners, LLC,<br>CWD Armor Management, LLC, Onward<br>Brands, LLC, and ACS Group Acquisitions,<br>LLC,<br><br>    Counterclaim Defendants. | Civil Action No. 1:23-cv-05138-LGS-VF |

  Defendant Onward Brands LLC ("Onward"), for its answer to Counterclaimant Case-Mate, Inc.'s ("Case-Mate") Amended Counterclaims, states as follows:

  1.  Onward admits that Case-Mate has filed Amended Counterclaims against Onward and other parties, but denies that it or any other party is liable to Case-Mate for any of the claims referenced in Paragraph 1 of Case-Mate's Amended Counterclaims.

**<u>PARTIES</u>**

  2.  Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Case-Mate's Amended Counterclaims.

3.      Onward admits that Vinci is a limited liability company organized under the laws of Ohio. Onward denies the remaining allegations contained in Paragraph 3 of Case-Mate's Amended Counterclaims.

4.      The allegations in Paragraph 4 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Case-Mate's Amended Counterclaims.

5.      The allegations in Paragraph 5 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Case-Mate's Amended Counterclaims.

6.      Onward admits that it is a limited liability company organized under the laws of Delaware with its principal place of business in New York. Onward further admits its members are citizens of New York. The remaining allegations in Paragraph 6 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of Case-Mate's Amended Counterclaims.

7.      The allegations in Paragraph 7 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Case-Mate's Amended Counterclaims.

8.      The allegations in Paragraph 8 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is

required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Case-Mate's Amended Counterclaims.

9.    The allegations in Paragraph 9 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Case-Mate's Amended Counterclaims.

10.    The allegations in Paragraph 10 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Case-Mate's Amended Counterclaims.

11.    The allegations in Paragraph 11 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Case-Mate's Amended Counterclaims.

12.    The allegations in Paragraph 12 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Case-Mate's Amended Counterclaims.

13.    The allegations in Paragraph 13 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Case-Mate's Amended Counterclaims.

14.     The allegations in Paragraph 14 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Case-Mate's Amended Counterclaims.

### JURISDICTION AND VENUE

15.     To the extent the allegations in Paragraph 15 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Onward is required. To the extent a response is required, Onward denies the allegations in Paragraph 15 of Case-Mate's Amended Counterclaims.

16.     To the extent the allegations in Paragraph 16 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Onward is required. To the extent a response is required, Onward denies the allegations in Paragraph 16 of Case-Mate's Amended Counterclaims.

17.     Onward admits that it is a citizen of New York. Onward lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of Case-Mate's Amended Counterclaims.

18.     The allegations in Paragraph 18 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Case-Mate's Amended Counterclaims.

19.     Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Case-Mate's Amended Counterclaims.

20.    To the extent the allegations in Paragraph 20 of Case-Mate's Amended Counterclaims set forth legal conclusions, no response from Onward is required. To the extent a response is required, Onward admits that it is a citizen of New York. Onward lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 20 of Case-Mate's Amended Counterclaims.

## FACTUAL ALLEGATIONS

21.    The allegations in Paragraph 21 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Case-Mate's Amended Counterclaims.

22.    The allegations in Paragraph 22 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Case-Mate's Amended Counterclaims.

23.    The allegations in Paragraph 23 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Case-Mate's Amended Counterclaims.

24.    The allegations in Paragraph 24 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Case-Mate's Amended Counterclaims.

25.     The allegations in Paragraph 25 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of Case-Mate's Amended Counterclaims.

26.     The allegations in Paragraph 26 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of Case-Mate's Amended Counterclaims.

27.     The allegations in Paragraph 27 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of Case-Mate's Amended Counterclaims.

28.     The allegations in Paragraph 28 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Case-Mate's Amended Counterclaims.

29.     The allegations in Paragraph 29 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Case-Mate's Amended Counterclaims.

30.     The allegations in Paragraph 30 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is

required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Case-Mate's Amended Counterclaims.

31.     The allegations in Paragraph 31 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Case-Mate's Amended Counterclaims.

32.     Onward admits that Tebele and S. Haddad negotiated a deal with Vinci.  The remaining allegations in Paragraph 32 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of Case-Mate's Amended Counterclaims.

33.     The allegations in Paragraph 33 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Case-Mate's Amended Counterclaims.

34.     The allegations in Paragraph 34 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Case-Mate's Amended Counterclaims.

35.     The allegations in Paragraph 35 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of Case-Mate's Amended Counterclaims.

36.     The allegations in Paragraph 36 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of Case-Mate's Amended Counterclaims.

37.     The allegations in Paragraph 37 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward denies the allegations in Paragraph 37 of Case-Mate's Amended Counterclaims.

38.     Onward admits that the foreclosure sale was delayed and that the loan was paid off on June 5, 2023. Onward denies the remaining allegations in Paragraph 38 of Case-Mate's Amended Counterclaims.

39.     Onward states that the referenced, but not attached, agreement between Onward and Vinci speaks for itself and specifically denies the allegations in Paragraph 39 to the extent the allegations mischaracterize or misstate the contents of that agreement. Onward denies the remaining allegations set forth in Paragraph 39 of Case-Mate's Amended Counterclaims.

40.     The allegations in Paragraph 40 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of Case-Mate's Amended Counterclaims.

41.     Onward denies the allegations in Paragraph 41 of Case-Mate's Amended Counterclaims.

42.     Onward denies the allegations in Paragraph 42 of Case-Mate's Amended Counterclaims.

43.     Onward denies the allegations in Paragraph 43 of Case-Mate's Amended Counterclaims.

44.     The allegations in Paragraph 44 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of Case-Mate's Amended Counterclaims.

45.     Onward admits that it purchased some of Vinci's assets. Onward denies the remaining allegations in Paragraph 45 of Case-Mate's Amended Counterclaims.

46.     Onward admits the allegations in Paragraph 46 of Case-Mate's Amended Counterclaims.

47.     The allegations in Paragraph 47 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Case-Mate's Amended Counterclaims.

48.     Onward states that the referenced, but not attached, License Agreement with KSNY speaks for itself and specifically denies the allegations in Paragraph 48 to the extent the allegations mischaracterize or misstate the contents of that agreement. Onward denies the remaining allegations in Paragraph 48 of Case-Mate's Amended Counterclaims.

49.     Onward states that the referenced, but not attached, July 18, 2024 "supplemental termination" speaks for itself and specifically denies the allegations in Paragraph 49 to the extent the allegations mischaracterize or misstate the contents of that "supplemental termination." Onward denies the remaining allegations in Paragraph 49 of Case-Mate's Amended Counterclaims.

50.     Onward denies the allegations in Paragraph 50 of Case-Mate's Amended Counterclaims.

51.     Onward denies the allegations in Paragraph 51 of Case-Mate's Amended Counterclaims.

52.     Onward states that the referenced, but not attached, June 2023 letters speak for themselves and Onward specifically denies the allegations in Paragraph 52 of Case-Mate's Amended Counterclaims to the extent the allegations mischaracterize or misstate the contents of the referenced letters. Onward denies the remaining allegations set forth in Paragraph 52 of Case-Mate's Amended Counterclaims.

53.     Onward states that the referenced, but not attached, June 2023 letters speak for themselves and specifically denies the allegations in Paragraph 53 to the extent the allegations mischaracterize or misstate the contents of the referenced letters. Onward denies the allegations in Paragraph 53 of Case-Mate's Amended Counterclaims.

54.     Onward states that the referenced, but not attached, June 2023 letters speak for themselves and specifically denies the allegations in Paragraph 54 to the extent the allegations mischaracterize or misstate the contents of the referenced letters. Further answering, Onward affirmatively states that it was Case-Mate's and KSNY's purposeful and intentional misrepresentations to suppliers, distributors, and customers that caused the referenced confusion. Onward denies the remaining allegations in Paragraph 54 of Case-Mate's Amended Counterclaims.

55.     Onward denies the allegations in Paragraph 55 of Case-Mate's Amended Counterclaims.

56.     Onward denies the allegations in Paragraph 56 of Case-Mate's Amended Counterclaims.

57.     Onward admits that Vinci held a license to manufacture, sell, and distribute mobile phone cases and accessories for Coach Services, Inc. until the license expired. Onward lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of Case-Mate's Amended Counterclaims.

58.     Onward denies the allegations in Paragraph 58 of Case-Mate's Amended Counterclaims.

## LEGAL CLAIMS

### COUNT I
### FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. § 1125(a)(1)(B)) AGAINST ALL VINCI DEFENDANTS

59.     Onward realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

60.     Onward denies the allegations in Paragraph 60 of Case-Mate's Amended Counterclaims.

61.     The allegations in Paragraph 61 of Case-Mate's Amended Counterclaims are not directed at Onward, thus no response from Onward is required.  To the extent a response is required, Onward denies the allegations in Paragraph 61 of Case-Mate's Amended Counterclaims.

62.     Onward denies the allegations in Paragraph 62 of Case-Mate's Amended Counterclaims.

63.     The allegations in Paragraph 63 of Case-Mate's Amended Counterclaims set forth legal conclusions to which no response from Onward is required.

64.     Onward denies the allegations in Paragraph 64 of Case-Mate's Amended Counterclaims.

65.     Onward denies the allegations in Paragraph 65 of Case-Mate's Amended Counterclaims.

66.     Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of Case-Mate's Amended Counterclaims.

67.     Onward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of Case-Mate's Amended Counterclaims.

68.     Onward denies the allegation in Paragraph 68 of Case-Mate's Amended Counterclaims.

69.     Onward denies the allegations in Paragraph 69 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages.

70.     Onward denies the allegations in Paragraph 70 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages, including attorneys' fees.

**COUNT II**
**DEFAMATION PER SE**
**AGAINST VINCI, ACS, AND ONWARD**

71.     Onward realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

72.     Onward denies the allegations in Paragraph 72 of Case-Mate's Amended Counterclaims.

73.     Onward denies the allegations in Paragraph 73 of Case-Mate's Amended Counterclaims.

74.     Onward denies the allegations in Paragraph 74 of Case-Mate's Amended Counterclaims.

75.    Onward denies the allegations in Paragraph 75 of Case-Mate's Amended Counterclaims.

76.    Onward denies the allegations in Paragraph 76 of Case-Mate's Amended Counterclaims.

77.    Onward denies the allegations in Paragraph 77 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages.

78.    Onward denies the allegations in Paragraph 78 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages.

**COUNT III**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**
**AGAINST ALL VINCI DEFENDANTS**

79.    Onward realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

80.    Onward denies the allegations in Paragraph 80 of Case-Mate's Amended Counterclaims.

81.    Onward denies the allegations in Paragraph 81 of Case-Mate's Amended Counterclaims.

82.    Onward denies the allegations in Paragraph 82 of Case-Mate's Amended Counterclaims.

83.    Onward denies the allegations in Paragraph 83 of Case-Mate's Amended Counterclaims.

84.    Onward denies the allegations in Paragraph 84 of Case-Mate's Amended Counterclaims.

85.     Onward denies the allegations in Paragraph 85 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages.

86.     Onward denies the allegations in Paragraph 86 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages, including punitive damages.

**COUNT IV**
**CIVIL CONSPIRACY**
**AGAINST ALL VINCI DEFENDANTS**

87.     Onward realleges and incorporates herein its answers in the foregoing paragraphs as though fully set forth herein.

88.     Onward denies the allegations in Paragraph 88 of Case-Mate's Amended Counterclaims.

89.     Onward denies the allegations in Paragraph 89 of Case-Mate's Amended Counterclaims.

90.     Onward denies the allegations in Paragraph 90 of Case-Mate's Amended Counterclaims.

91.     Onward denies the allegations in Paragraph 91 of Case-Mate's Amended Counterclaims.

92.     Onward denies the allegations in Paragraph 92 of Case-Mate's Amended Counterclaims.

93.     Onward denies the allegations in Paragraph 93 of Case-Mate's Amended Counterclaims.

94.     Onward denies the allegations in Paragraph 94 of Case-Mate's Amended Counterclaims and denies that Case-Mate is entitled to any damages.

## GENERAL DENIAL

Onward denies every allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Onward expressly reserves the right to plead additional affirmative and other defenses should discovery reveal any such defenses in this case. Onward asserts the following defenses without assuming the burden of proof as to any issue that would otherwise rest upon Case-Mate.

### FIRST AFFIRMATIVE DEFENSE

The Amended Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Counterclaim is barred or reduced to the extent that Case-Mate failed to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Counterclaim is barred, in whole or in part, by the doctrine of acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

The Amended Counterclaim is barred, in whole or in part, by laches and other pertinent equitable principles.

### SEVENTH AFFIRMATIVE DEFENSE

The Amended Counterclaim is barred, in whole or in part, by Case-Mate's failure to provide adequate notice of their claims.

## EIGHTH AFFIRMATIVE DEFENSE

Onward denies any and all culpability and liability, but if the Court ultimately finds Onward liable, then the liability of Onward, if any, is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability, including named parties and others over whom Case-Mate could have obtained personal jurisdiction with due diligence.

## NINTH AFFIRMATIVE DEFENSE

Case-Mate's claimed are barred, in whole or in part, by the merger doctrine.

## TENTH AFFIRMATIVE DEFENSE

Case-Mate's alleged damages are subject to offset due to damages caused by Case-Mate to Onward.

## ELEVENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred as contrary to public policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred by Case-Mate's failure to join an indispensable party.

## FOURTEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred by the lack of dilution, lack of commercial goodwill, prior commercial use, implied license, and actual license and assignment of the trademarks at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred by Case-Mate's failure to act in a commercially reasonable manner.

## SIXTEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred, in whole or in part, because the allegedly defamatory statements are true or substantially true.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Case-Mate's alleged damages, if any, are speculative and hypothetical, and are not cognizable as a matter of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred, in whole or in part, because Case-Mate fails to allege an underlying tort.

## NINETEENTH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred, in whole or in part, because the allegedly defamatory statements are subject to an applicable privilege.

## TWENTIETH AFFIRMATIVE DEFENSE

Case-Mate's claims are barred, in whole or in party, because Onward lacked knowledge of Case-Mate's contracts and business relationships.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Case-Mate's claims are barred, in whole or in part, because of the intra-conspiracy doctrine.

WHEREFORE, having fully answered Counterclaimant Case-Mate Inc.'s Counterclaim, Counterclaim-Defendant Onward Brands, LLC respectfully requests that the Court dismiss the claims against it in their entirety with prejudice, with Case-Mate to bear the costs of this Counterclaim, including attorneys' fees.

Dated: August 30, 2024                  Respectfully submitted,


                                         By:*/s/ Michael A. Vatis*_____
                                            Michael A. Vatis (Reg. No. 2258655)
                                            Rena Andoh (Reg. No. 4220638)
                                            **BENESCH, FRIEDLANDER, COPLAN
                                            & ARONOFF, LLP**
                                            1155 Avenue of the Americas, Floor 26
                                            New York, New York 10036
                                            Telephone: 646.593.7050
                                            Email: mvatis@beneschlaw.com
                                                   randoh@beneschlaw.com

                                            -- and –

                                            James E. von der Heydt (*admitted pro hac
                                            vice*)
                                            Caroline Hamilton (*admitted pro hac vice*)
                                            **BENESCH, FRIEDLANDER, COPLAN
                                            & ARONOFF, LLP**
                                            127 Public Square, Suite 4900
                                            Cleveland, Ohio 44114
                                            Telephone: 216.363.4500
                                            Facsimile: 216.363.4588
                                            Email: jvonderheydt@beneschlaw.com
                                                   mmontgomery@beneschlaw.com
                                                   wmcclurg@beneschlaw.com
                                                   chamilton@beneschlaw.com

                                            -- and –

                                            Paul A. Del Aguila (*admitted pro hac vice*)
                                            **DICKINSON WRIGHT LLP**
                                            55 West Monroe Street, Suite 1200
                                            Chicago, Illinois 60603
                                            Telephone: 312.641.0060
                                            Facsimile: 844.670.6009
                                            Email: pdelaguila@dickinson-wright.com

                                            -- and –

Russell Capone (Reg. No. 4408324)
Charles Low
**COOLEY LLP**
55 Hudson Yards
New York, New York 10001
Telephone: 212.479.6859
Email: rcapone@cooley.com
        chlow@cooley.com

*Attorneys for Onward Brands LLC*