UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vinci Brands LLC,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>Coach Services, Inc., Kate Spade, LLC, Tapestry, Inc. and Case-Mate, Inc.,<br><br>　　Defendants,<br><br>and<br><br>Case-Mate, Inc.,<br><br>　　Counterclaim Plaintiff,<br><br>　　vs.<br><br>Vinci Brands LLC, Candlewood Partners, LLC, CWD Armor Management, LLC, Onward Brands, LLC, and ACS Group Acquisitions, LLC,<br><br>　　Counterclaim Defendants. | Civil Action No. 1:23-cv-05138-LGS-VF |

**CWD ARMOR MANAGEMENT, LLC's AND CANDLEWOOD
PARTNERS, LLC's REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS CASE-MATE, INC.'S AMENDED COUNTERCLAIM**

Case-Mate, Inc. ("Case-Mate) attempts to mislead the Court by mischaracterizing its own Amended Counterclaim. The Amended Counterclaim itself asserts that it was *Onward Brands, LLC* ("Onward") and *ACS Group Acquisitions, LLC* ("ACS") that controlled Vinci Brands, LLC ("Vinci") during the entire time of the alleged tortious activity, not CWD Armor Management, LLC ("Armor") or Candlewood Partners, LLC ("Candlewood").  Moreover, Armor and Candlewood are not creating a "factual dispute;" they are challenging the sufficiency of the allegations in the Amended Counterclaim on the ground that, even where they seem to allege facts, those allegations are belied by uncontroverted—and incontrovertible—documents and other evidence that Case-Mate already possesses.[1]  And most of the alter-ego allegations are merely conclusory or based only on "information and belief," and are therefore insufficient to make the even a *prima facie* showing that Armor and Candlewood are alter egos of Vinci.

Case-Mate's Amended Counterclaim should be seen for what is—a desperate, last-ditch, attempt to needlessly expand the scope of this litigation. The Amended Counterclaims against Armor and Candlewood should therefore be dismissed.

**ARGUMENT**

In order to survive a motion to dismiss for lack of personal jurisdiction, Case-Mate must make a *prima facie* showing of personal jurisdiction based on nonconclusory factual allegations. *See, e.g., Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010); *Holmes v. Apple,* 797 Fed. Appx. 557, 559 (2d Cir. 2019) (citation omitted); *JCorps Int'l, Inc. v. Charles & Lynn Schusterman Family Found.*, 828 Fed. Appx. 740, 742 (2d Cir. 2020). Because Case-Mate is basing personal jurisdiction over CWD and Candlewood solely on the argument that they are "alter egos" of Vinci,

---

[1] Case-Mate cites cases establishing that it could have submitted its own evidence, but it chose — tellingly — not to do so.

2

it must aver facts sufficient to show that Armor and Candlewood "exert[ed] so much control" over Vinci during the alleged tortious activities that they "do not exist as separate entities," (*In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 247 (2d Cir. 2023)), and Vinci was a mere shell for them. *CesFin Ventures LLC v. Al Ghaith Holding Co. PJSC,* No. 121CV01395PGGSDA, 2022 WL 18859076, at *4 (S.D.N.Y. Dec. 10, 2022). 278–79 (S.D.N.Y. 2015), *aff'd*, 637 F. App'x 53 (2d Cir. 2016).[2] Case-Mate's Amended Counterclaim utterly fails to aver such facts. Indeed, the Amended Counterclaim itself completely contradicts the notion that Armor and Candlewood so controlled Vinci such that they were its alter ego.

The torts alleged by Case-Mate all occurred after June 14, 2023, when Kate Spade, LLC ("KSNY") ostensibly terminated Vinci's License Agreement and signed an agreement with Case-Mate. *See* Amended Counterclaim ¶¶ 47-54, 56, 61, 74, 80-83, 90. But according to the Amended Counterclaim, by that time *Onward and ACS* were controlling Vinci, not Armor or Candlewood (or, for that matter, Steve Latkovic or Glenn Pollack). The Amended Counterclaim alleges that on June 5, 2023, ACS "purchase[d] a loan Vinci had with another lender" and became Vinci's senior lender. *Id*. at ¶ 40. That same day, ACS formed Onward allegedly for the purpose of purchasing "certain of Vinci's assets" and "operating some or all of Vinci's business." *Id*. at ¶¶ 39, 41. As a result of these transactions, according to the Amended Counterclaim "*ACS directly or indirectly took control of Onward's business, and Onward*, with the blessing and approval of CWD [Armor]

---

[2] Case-Mate repeatedly asserts that the standard for making a *prima facie* showing of alter ego status is "less onerous" or "lenient" on a motion to dismiss per Rule 12(b)(2). *See* Opp. at 2, 3. But the standard is only "less onerous" in that a plaintiff does not need to allege that the defendant used its control of another entity to commit fraud, as it would have to do in order to pierce the corporate veil for liability purposes. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981). Otherwise, the standard for showing alter ego status is the same, and the same factors are considered based on the facts presented. Again, it is Case-Mate that has chosen to maintain an incomplete record rather than supporting its theories with any specific, viable facts — much less evidence to support them.

and Candlewood (Vinci's direct and indirect owners), *took control of Vinci*." *Id*. at ¶ 43 (emphasis added). It was *after* these transactions that, according to the Amended Counterclaim, ACS, Onward, and Vinci engaged in the alleged torts. *See, e.g., id*. at ¶ 49 ("After June 14, 2023, Vinci, ACS, and Onward directly or indirectly continued to sell products bearing KSNY Marks without authorization, even though Case-Mate was the only licensee authorized to do so."); ¶ 50 ("On or around June 21, 2023, Vinci, ACS, and Onward directly or indirectly sent letters to at least six of Case-Mate's suppliers, manufacturers and, upon information and belief to customers, including distributors and retailers of mobile phone cases and accessories, falsely representing that Vinci retained a license to manufacture, distribute, and sell products branded with KSNY Marks and asserting that Vinci was the only company that could deliver such products."). According to the Amended Counterclaim itself, then, it was Onward and ACS that controlled Vinci during the relevant time period, not Armor or Candlewood. Armor and Candlewood therefore cannot have been Vinci's alter egos for purposes of the Amended Counterclaim.

Case-Mate's allegations in the Amended Counterclaim and arguments in its Opposition about common ownership, control, and undercapitalization are irrelevant because these allegations pertain entirely to the period before the alleged tortious activity, and before Onward and ACS allegedly took control of Vinci. *See* Opp. at 3-4 (citing Amended Counterclaim ¶¶ 3-14, 19, 26). Apparently recognizing this fatal flaw in its argument, Case-Mate tellingly fudges: it argues that "*the Vinci Defendants*" generally (which include ACS and Onward), not Armor and Candlewood specifically, "acted under common control," "stripped Vinci of its assets, [and] undercapitalized the company." Opp. at 3-4. But any allegations in the Amended Counterclaim about Armor and Candlewood that are relevant to the alter ego analysis concern the pre-June 5 time period, and are therefore irrelevant.

4

Even if the Amended Counterclaim's allegations about Armor and Candlewood that predated the alleged torts were somehow relevant (and they are not), the allegations would still not suffice.  First, Case-Mate *does not dispute* that key factual allegations in the Amended Counterclaim are false, as pointed out in Armor's and Candlewood's opening brief. For example, Vinci is not owned by Armor; it is owned by Steve Latkovic and Glenn Pollack. Similarly, Vinci is not a subsidiary of Candlewood.  And Vinci is incorporated in Delaware, not Ohio.  These realities, misstated in the Amended Counterclaim, are uncontroverted.

Case-Mate does not dispute these facts because it cannot.  Instead, it contends that it is somehow inappropriate to consider the factual accuracy of the Amended Counterclaim's allegations at the motion-to-dismiss stage.  Opp. at 4-5. But the Court is not required to ignore uncontroverted and incontrovertible facts at the motion to dismiss stage, just because those facts contradict allegations in a complaint. The actual facts are reflected in public records, documents produced during discovery, and uncontradicted testimony (including, but not limited to, the Latkovic Declaration).  In these circumstances, it is entirely appropriate for the Court not to credit the false allegations in the Counterclaim, particularly when Case-Mate does not even try to defend those allegations. *See, e.g., Giuliano v. Barch*, No. 16 CV 0859 (NSR), 2017 WL 1234042, at *12 (S.D.N.Y. Mar. 31, 2017).

Second, since it cannot defend its allegations about Vinci's ownership, Case-Mate attempts to change horses in midstream by arguing that the same individual owned and controlled Armor, Candlewood, and Vinci. Opp. at 6.  But this is a non sequitur, substituting one groundless alter-ego theory for another.  Distinct entities and persons are distinct, unless the appropriate showing is made.  It is well established that common ownership or even control of two entities by a third entity, without more, is not enough to show that the two subsidiary entities are alter egos of each

5

other. *See Miami Prod. & Chem. Co. v. Olin Corp.*, 449 F. Supp. 3d 136, 185 (W.D.N.Y. 2020) ("[I]t is not sufficient to establish one company is the alter ego of another for jurisdictional purposes by alleging that their corporate leadership overlaps."); *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, No. 20-CV-00967 (LJL), 2021 WL 918556, at *10 (S.D.N.Y. Mar. 10, 2021) ("Shared ownership, however, is insufficient basis for this Court to exercise personal jurisdiction under the alter ego theory.").

Third, even if Case-Mate's allegations that Armor and Candlewood undercapitalized Vinci and rendered Vinci insolvent before the alleged tortious conduct were true or relevant (and they are not), those allegations are purely conclusory — recitations of "magic words," not statements of fact. *See* Amended Complaint ¶¶ 21-22. Case-Mate does not offer any factual allegations sufficient to give rise to a plausible inference of undercapitalization, in this case, where a key license was unforeseeably stripped from the company, virtually ensuring the failure of the business. Bald assertions are not enough. Moreover, Case-Mate does not even allege that Armor or Candlewood was responsible for capitalizing or funding Vinci. Those companies are not its owner, and the Amended Counterclaim identifies and other third parties as the source of Vinci's funding. *Id.* at ¶ 13. Thus, Case-Mate's allegations that Armor and Candlewood undercapitalized Vinci and rendered it insolvent are belied by its own factual allegations.

In any event — and again — undercapitalization, without more, is insufficient to pierce the corporate veil. *TradeWinds Airlines, Inc. v. Soros*, 101 F. Supp. 3d 270 at 281.

## CONCLUSION

For the foregoing reasons, and those stated in its opening brief, Armor and Candlewood respectfully request that all claims against them be dismissed for lack of personal jurisdiction.

Dated: October 2, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: *s/ Michael Vatis*
　　　　　　　　　　　　　　　　　　　　Michael A. Vatis
　　　　　　　　　　　　　　　　　　　　James E. von der Heydt (admitted PHV)
　　　　　　　　　　　　　　　　　　　　Caroline R. Hamilton (admitted PHV)
　　　　　　　　　　　　　　　　　　　　**BENESCH, FRIEDLANDER, COPLAN &**
　　　　　　　　　　　　　　　　　　　　　**ARONOFF LLP**
　　　　　　　　　　　　　　　　　　　　1155 Avenue of the Americas, 26th Floor New York, NY 10036
　　　　　　　　　　　　　　　　　　　　Tel: 646.593.7050
　　　　　　　　　　　　　　　　　　　　mvatis@beneschlaw.com
　　　　　　　　　　　　　　　　　　　　jvonderheydt@beneschlaw.com
　　　　　　　　　　　　　　　　　　　　chamilton@beneschlaw.com

　　　　　　　　　　　　　　　　　　　　Paul Del Aguila (admitted PHV)
　　　　　　　　　　　　　　　　　　　　Dickinson Wright
　　　　　　　　　　　　　　　　　　　　55 W. Monroe St. Suite 1200
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60603
　　　　　　　　　　　　　　　　　　　　Tel: 312-641-0060
　　　　　　　　　　　　　　　　　　　　Pdelaguila@dickinson-wright.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for CWD Armor Management, LLC and Candlewood Partners, LLC*