

October 7, 2024

Timothy R. Beyer
Partner
Direct:   +1 303 866 0481
tim.beyer@bclplaw.com

BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street  Suite 4100
Denver  CO  80203 4541
T: +1 303 861 7000
F: +1 303 866 0200
bclplaw.com

Hon. Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse, S.D.N.Y.
500 Pearl Street, New York, NY 10007

**Via ECF**

**Re:   *Kate Spade LLC et al. v. Vinci Brands LLC et al.* (1:23-cv-05409-LGS-VF) & *Vinci Brands LLC v. Kate Spade LLC et al.* (1:23-cv-05138-LGS-VF) – Letter Motion to Seal**

Dear Judge Figueredo:

Pursuant to Your Honor's Individual Rule I(g)(2), Kate Spade LLC, Coach Services, Inc., and Tapestry, Inc. (together, "KSNY") respectfully request Your Honor's approval to seal narrow portions of the exhibits annexed to KSNY's opposition to Vinci's and ACS's letter motions to redepose Jacquelynne de Lagarde, Charlotte Warshaw, and KSNY, and Vinci's letter motion to depose Liz Fraser. Vinci Action, ECF No. 532; Vinci Action, ECF No. 539.

"It is beyond question that a court may issue orders prohibiting disclosure of documents or information." *F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1948)); *see also See* ECF No. 161 at pp. 4-5 in Vinci Action, Case No. 23-cv-05138 and ECF No. 108 at pp. 4-5 in KSNY Action, Case No. 23-cv-05409 ("Sealing Order")).

As this Court previously held, examples of "higher values" that overcome the presumption of public access to court-filed documents include "the confidentiality of sensitive commercial information." *See* Sealing Order, p. 2 (citing *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021)).[1] The Court has permitted the sealed filing of the License Agreement (including its amendments), as well as "financial information such as licensing fees and the Siena loan amount, production timelines and information about manufacturers, suppliers or distributors." *See* Sealing Order, pp. 4-5.

---

[1] *See also Mersen USA EP Corp. v. TDK Elecs. Inc.*, 594 F. Supp. 3d 570, 585-88 (S.D.N.Y. 2022) (sealing permitted where document contained purported confidential trade information that is subject of the litigation); *Pro. Sound Servs., Inc. v. Guzzi*, No. 02 CIV. 8428(DC), 2003 WL 22097500, at *1 (S.D.N.Y. Sept. 10, 2003*), aff'd*, 159 F. App'x 270 (2d Cir. 2005) (complaint filed under seal to keep customer names confidential).

- Exhibit 1 seeks to seal "sensitive commercial information", including references to executives' strategy and decision-making with respect to licensees, partnerships, and collaborations with other entities.
- Exhibit 2 seeks to seal a draft of the 6th Amendment to the License Agreement and "licensing fees"—specifically, the total amount of GMR for Contract Year 9.
- Exhibit 3 seeks to seal "information about manufacturers, suppliers or distributors."

Redacted versions of Exhibits 1, 2, and 3 have been filed with KSNY's opposition. Highlighted, under seal copies are annexed to this letter.

We thank the Court for its attention to this matter.

Respectfully Submitted,

Timothy R. Beyer

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated:** 10/8/24

The motion to seal is hereby GRANTED. The Clerk of Court is directed to permanently seal Exhibits 1-3 at ECF No. 557 in 23cv5138 and ECF No. 387 in 23cv5409.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 555 in 23cv5138 and ECF No. 386 in 23cv5409.