UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATE SPADE LLC, et al.,

                              Plaintiffs,        **23-CV-05409 (LGS) (VF)**
                                                **23-CV-05138 (LGS) (VF)**
              -against-
                                                   **ORDER**

VINCI BRANDS LLC, et al.,

                              Defendants.
------------------------------------------------------------------X
ACS GROUP ACQUISITION LLC,

                              Counterclaim Plaintiff,

              -against-

KATE SPADE LLC, et al.,

                              Counterclaim Defendants.
------------------------------------------------------------------X
VINCI BRANDS LLC

                              Plaintiff,

              -against-

COACH SERVICES INC., et al.,

                              Defendants.
------------------------------------------------------------------X
CASE-MATE, INC.,

                              Counterclaim Plaintiff,

              -against-

VINCI BRANDS LLC, et al.,

                              Counterclaim Defendants.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge.**

At this time, Vinci's request that Case-Mate be compelled to identify what it did to identify, collect, and produce documents responsive to Vinci's Request for Production Nos. 70, 71, and 72 (see Kate Spade LLC v. Vinci Brands LLC, No. 23 Civ. 5409 (LGS) (VF), ECF No. 390 at 1-8 (S.DN.Y. Oct. 9, 2024)) is denied. Vinci can raise this issue again at a future conference if it is not resolved following a further meet and confer between Case-Mate and Vinci.

Case-Mate's request that the confidentiality designation of the Asset Purchase Agreement, which Vinci designated Highly Confidential—Attorneys' Eyes Only ("AEO"), be reduced to Confidential is granted. Under Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "The burden to show good cause falls on the party seeking a protective order." Trellian Pty, Ltd. v. adMarketplace, Inc., 2021 WL 363965, at *3 (S.D.N.Y. Feb. 3, 2021); accord Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 71 (S.D.N.Y. 2010). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (internal quotation marks omitted); see also Allen v. City of New York, 420 F. Supp. 2d 295, 302 (S.D.N.Y. 2006) (good cause under Rule 26(c) requires demonstrating a "clearly defined and serious injury" that would result from disclosure).

The purpose of an "Attorneys' Eyes Only" designation is "to protect one party from injury—usually injury to the party's business—that might occur if the information is revealed to the party's competitor." Gerffert Co. v. Dean, 2012 WL 2054243, at *5 (E.D.N.Y. June 6, 2012). Vinci argues that Onward, a party to the Asset Purchase Agreement, "competes actively every day against Case-Mate in the marketplace for brand licenses." See ECF No. 390 at 25. Vinci further argues that "[t]erms and conditions, valuation, and other elements of the [Agreement] are heavily protected trade secrets." Id. As an initial matter, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Duling, 266 F.R.D. at 71 (quoting Schiller v. City of New York, 2007 WL 136149, at *5 (S.D.N.Y. Jan. 17, 2007)). "[T]he harm must be significant, not a mere trifle." Id. The moving party must establish "particular and specific facts" rather than "conclusory assertions," that justify the imposition of a protective order. Hallmark Licensing LLC v. Dickens Inc., 2018 WL 6573435, at *6 (E.D.N.Y. Dec. 13, 2018).

The Court has reviewed the Asset Purchase Agreement. See Kate Spade, No. 23 Civ. 5409, ECF No. 394. Vinci does not identify a specific provision that it claims contains trade secrets. Nor does there appear to be any specific trade secret information discussed in the agreement. To the extent Vinci might claim that the names of its customers and/or suppliers constitute a trade secret, that information is not contained in the agreement that the Court reviewed. See ECF No. 394 at 21. Nor does the agreement identify specific "material contracts" or "intellectual property agreements" being delivered by Vinci to Onward as part of the sale. See ECF No. 394 at 16-18. The agreement contains the terms of the sale from Vinci to Onward without disclosure of the names of any of Vinci's customers or suppliers, or any discussion of

3

any significant agreements or contracts Vinci may have with any of those entities. To the extent the agreement contains valuation information, it is limited to the specific price paid by Onward for Vinci. See ECF no. 394 at 52. The agreement does not contain any analysis, figures, or computation demonstrating how that valuation was determined. Moreover, Vinci has not explained why the purchase price would be a trade secret or commercially sensitive information, the disclosure of which would cause a serious injury to Vinci or Onward. Because Vinci has not demonstrated that an AEO designation is required to protect against a clearly defined, specific, and serious injury, Case-Mate's request to reduce the confidentiality designation is granted. See Cerco Bridge Loans 6 LLC v. Schenker, 2024 WL 3319509, at *1-2 (S.D.N.Y. June 13, 2024).

Vinci's seeks to reopen the depositions of two Kate Spade witnesses: Jacquelynne de Lagarde and Charlotte Warshaw. See Vinci Brands LLC v. Coach Servs., Inc., 23 Civ. 5138 (LGS) (VF), ECF No. 539 at 1-5 (S.D.N.Y. Sept. 30, 2024). The request is denied. Vinci has not shown good cause to merit reopening those two depositions. The documents and communications relied on by Vinci to support its motion were either in Vinci's possession prior to Ms. Warshaw's and Ms. de Lagarde's depositions or do not concern discussions relevant to the instant suit. See Vinci Brands LLC, 23 Civ. 5138 (LGS) (VF), ECF No. 557 at 7-9 (S.D.N.Y. Oct. 7, 2024).

Vinci's renewed request (see Vinci Brands LLC, 23 Civ. 5138 (LGS) (VF), ECF No. 539 at 6) to depose Elizabeth Fraser, Kate Spade's now former CEO, is denied. Vinci argues that recently produced communications between Jim Capiola, Kate Spade's CFO, and Ms. Fraser show that Ms. Fraser was intimately involved in discussions concerning Kate Spade's financial struggles and those struggles allegedly caused Kate Spade to improperly accelerate amounts

4

owed by Vinci under the license agreement with Kate Spade. See id. at 6-8. Contrary to Vinci's argument, Kate Spade produced the text message communications between Capiola and Fraser prior to Capiola's deposition and therefore Vinci could have questioned Capiola about those text messages. Additionally, because the communications were in Vinci's possession, Vinci had an opportunity to rely on those communications in its initial motion to depose Fraser, which was made to, and rejected by, Judge Schofield. See Vinci Brands LLC, 23 Civ. 5138 (LGS) (VF), ECF No. 557 at 2-3. Further, any newly produced text messages do not discuss Vinci and concern discussions about non-responsive topics. To the extent Vinci seeks information about Kate Spade's financial condition, it could have elicited that information from Capiola, Kate Spade's CFO, during his deposition, and it is thus not apparent that Fraser will have any non-duplicative, unique knowledge warranting her deposition at this stage.

      Vinci also relies on Fraser's involvement in the discussions and negotiations with Case-Mate as a basis for seeking her deposition. See Vinci Brands LLC, 23 Civ. 5138 (LGS) (VF), ECF No. 539 at 8-9. But as Kate Spade explains, numerous witnesses have testified that Fraser's participation in those discussions was limited. See Vinci Brands LLC, 23 Civ. 5138 (LGS) (VF), ECF No. 557 at 4-6. Vinci has not demonstrated that Fraser was involved such that she might have unique, non-duplicative knowledge concerning the discussions and negotiations with Case-Mate.

The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 528, 529, 531, 532, 535, and 539 in <u>Vinci Brands LLC</u>, 23 Civ. 5138 (LGS) (VF), and ECF Nos. 382, 383 in <u>Kate Spade</u>, 23 Civ. 5409 (LGS) (VF), as all of the issues raised in those motions were addressed and resolved herein or at the conference on October 15, 2024.

**SO ORDERED.**

DATED:   New York, New York
         October 22, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge