UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VINCI BRANDS LLC,

                        Plaintiff,                    **23-cv-5138 (LGS) (VF)**
                                                                               **23-cv-5409 (LGS) (VF)**

        -against-

COACH SERVICES, INC. et al,                                   **ORDER**

                        Defendants.
------------------------------------------------------------------X
KATE SPADE LLC et al,

                        Plaintiffs,

        -against-

VINCI BRANDS LLC and ACS GROUP
ACQUISITIONS LLC,

                        Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       On November 15, 2024, the parties submitted a joint letter raising various discovery disputes. See ECF No. 613. The Court held a conference on November 19, 2024, to discuss those disputes, some of which were resolved at the conference. Addressed below are the discovery disputes for which the Court did not give a ruling at the conference.

- Issue No. 1: Tebele and Haddad's request to depose Charlotte Warshaw, Jonathan Malki, Jim Capiola, and Steve Marzio for three hours each. As it relates to Ms. Warshaw, the request is denied. At the conference on October 15, 2024, Mr. Vatis, the attorney for Vinci Brands LLC was also representing the then-newly added defendants, Mr. Tebele and Mr. Haddad. See 10/15/24 Hr'g Tr. at 20. At that

1

conference, ACS and Vinci sought to reopen the deposition of Ms. Warshaw. Aware that the individual defendants had just been added due to the filing of an amended complaint, the Court asked Mr. Vatis whether the then-pending request was "the full scope of what the parties want" because the Court did not want "a letter . . . later on seeking to reopen these people again so that the individual defendants have an opportunity to depose them." Id. at 21-22. Mr. Vatis represented to the Court that "[t]his would be the full. This is all. We wouldn't be coming back, seeking additional time for the individuals." Id. at 22. That representation was unambiguous, whether standing alone or viewed in light of the prior discussion with the Court. The record of the October 15 conference does not support the individual defendants' argument that Mr. Vatis's representation was limited and dependent on the Court granting Vinci's request to reopen Ms. Warshaw's deposition. However, as it relates to Jim Capiola, Jonathan Malki, and Steve Marzio, those individuals were not the subject of the discussion at the October 15 conference. And although Mr. Vatis's representation could apply to them as well, the individual defendants, given how recently they were added as parties, have not had an opportunity to depose any witness. As such, their request to depose Mr. Capiola, Mr. Malki, and Mr. Marzio is granted. However, all of those individuals have already been deposed for at least a full day. And although not parties to the litigation, Mr. Tebele and Mr. Haddad have been involved in this case since its inception, given their connection to Vinci, ACS, and Onward. The allegations against Mr. Tebele and Mr. Haddad stem from their roles at Vinci, ACS, and Onward. And ACS, Vinci, and Onward all have similar defense interests. Given all this, it is very likely that the deposition testimony already elicited by Vinci, ACS,

2

and Onward will be pertinent to Mr. Haddad's and Mr. Tebele's defense of the claims now asserted against them. As such, the request to depose Mr. Capiola, Mr. Malki, and Mr. Marzio is granted but limited to two hours each.

- <u>Issue No. 2: Kate Spade's third-party depositions.</u> As discussed at the conference, Kate Spade will submit to the Court a representative sample of documents showing marketing and/or sales of Kate Spade branded goods by ACS or an agent of ACS to retailers after December 2023.

- <u>Issue No. 3: Case-Mate's response to Onward RFP Nos. 54-56.</u> As discussed at the conference, Kate Spade and Case-Mate will produce communications concerning the approval of agreements between Case-Mate and a distributor or third-party logistics. If after reviewing such communications, there is evidence that Kate Spade was provided a copy of any such agreement, Case-Mate will produce that agreement to Onward under an "attorneys' eyes only" designation.

- <u>Issue No. 4: Compliance with the Court's April 20, 2024 Order at ECF No. 249</u>. Kate Spade requests that ACS be compelled to search Mr. Tebele's and Mr. Haddad's Onward email addresses without a search term limiting the population of documents to those that contain "Kate Spade" or some variation of Kate Spade's name. The request, however, would be unduly burdensome and not proportionate to the needs of the case given ACS's representation that hit reports show that approximately 18,000 documents would need to be reviewed. Nevertheless, Kate Spade has shown that applying a search term related to Kate Spade's name (*i.e.*, "Kate Spade," "KSNY," "KS") may not capture all responsive documents, such as those where Kate Spade's products are discussed solely by reference to a product, or

3

order number. The parties are therefore directed to meet and confer to discuss and agree to search terms that would limit the population of documents that have to be reviewed but would capture discussions of Kate Spade's products where Kate Spade's name is not used in those discussion. If this issue is not resolved before the next conference, Kate Spade can raise the issue again at that conference.

- <u>Issue No. 5: ACS's response to Kate Spade's RFP Nos. 29, 31, and 37</u>. For RFP No. 29, ACS has indicated that it will produce the supporting document and calculations underlying the loan ledger previously produced to Kate Spade. If the information to be produced by ACS is not sufficient to show actual transfers from ACS to Vinci, then Kate Spade can raise this issue again at the December conference. For RFP No. 31, to address ACS's burden argument, the parties are directed to meet and confer to limit the request for financial statements to a specific time period. Upon an agreement as to time period, ACS is directed to produce responsive documents under an "attorneys' eyes only" designation. For RFP No. 37, ACS is directed to produce responsive documents to the extent the funds transferred between ACS and either of SVES, EZ Apparel, Salmon Murciano, and/or Gabriel Zeitouni relate to the marketing or sale of Kate Spade goods.

 **SO ORDERED.**

DATED: New York, New York
    November 25, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge