UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vinci Brands LLC<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>Coach Services Inc., Kate Spade, LLC, Tapestry, Inc., and Case-Mate, Inc.,<br><br>    Defendants,<br><br>and<br><br>Case-Mate, Inc.,<br><br>    Counterclaimant,<br><br>v.<br><br>Vinci Brands LLC, Candlewood Partners, LLC, CWD Armor Management, LLC, Onward Brands, LLC, and ACS Group Acquisitions, LLC,<br><br>    Counterclaim Defendants. | 23-CV-5138 (LGS) (VF)<br><br>**ORDER** |

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On December 17, 2024, Vinci Brands LLC submitted a letter motion requesting that the Court issue letters rogatory to three Canadian entities. See ECF No. 669. Kate Spade, LLC, Tapestry, Inc. and Case-Mate, Inc. oppose the issuance of the letters rogatory. See ECF Nos. 672, 675. For the reasons discussed herein, Vinci's letter motion is **GRANTED**.

Under Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781(b)(2), federal courts are authorized to issue letters rogatory, enabling a U.S. litigant to obtain non-party discovery from a foreign entity. Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co., 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012). "In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contained in Rule 26." Id. "Courts routinely issue

1

[letters rogatory] where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." <u>Netherby Ltd. v. Jones Apparel Group, Inc.</u>, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005). Vinci has made that showing here. The three Canadian entities all had a prior contractual and/or business relationship with Vinci relating to the purchase of Kate Spade-branded merchandise, and consequently information in their possession is relevant to Vinci's tortious interference claims against Kate Spade and Case-Mate. <u>See</u> ECF No. 669 at 2-3. As requested by Kate Spade and Case-Mate, however, the letters rogatory should be amended to include a request for all communications with Onward, ACS Group Acquisition LLC, Sonny Haddad, and Charles Tebele. <u>See</u> ECF No. 672 at 3. Accordingly, Vinci is directed to provide amended letters rogatory to include requests seeking communications from the Canadian entities as outlined herein. Vinci is further instructed that the amended letters rogatory should include a signature block for the undersigned, as the letters rogatory submitted at ECF Nos. 669-2, 669-3, and 669-4 include signature blocks for Judge Schofield.

   The Clerk of Court is respectfully directed to terminate the motion at ECF No. 669.

   **SO ORDERED.**

DATED:  New York, New York
      December 30, 2024

                    _____
                    VALERIE FIGUEREDO
                    United States Magistrate Judge