UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vinci Brands LLC<br><br>   Plaintiff and Counterclaim Defendant,<br><br> v.<br><br>Coach Services Inc., Kate Spade, LLC, Tapestry, Inc., and Case-Mate, Inc.,<br><br>   Defendants,<br><br> and<br><br>Case-Mate, Inc.,<br><br>   Counterclaimant,<br><br> v.<br><br>Vinci Brands LLC, Candlewood Partners, LLC, CWD Armor Management, LLC, Onward Brands, LLC, and ACS Group Acquisitions, LLC,<br><br>   Counterclaim Defendants. | 23-CV-5138 (LGS) (VF)<br><br>**<u>ORDER</u>** |

**VALERIE FIGUEREDO, United States Magistrate Judge:**

  As discussed at the conference on January 14, 2025, the parties may serve supplemental answers to previously served contention interrogatories by **<u>February 7, 2025</u>**. Prior to the conference the parties raised several discovery disputes, all of which were discussed at the conference. <u>See</u> ECF Nos. 689, 695. Below are rulings for the discovery disputes that were not resolved during the conference.

  Vinci's and Onward's request that Kate Spade and Case-Mate provide revised responses to Onward's Interrogatory No. 1 is denied. The interrogatory does not seek information that is relevant to any of Onward's claims or defenses in this action.

  Vinci's request that Kate Spade and Case-Mate equally share in the fees and

1

expenses associated with Vinci's motion for leave to issue letters rogatory is denied. Case-Mate and Kate Spade both opposed the motion (see ECF Nos. 672, 675), and Vinci has not identified any authority that permits the shifting of these costs to another party, particularly in light of the default rule that each party in a litigation typically bears its own discovery costs.

By January 21, 2025, Onward will provide a description of its process for collecting and producing relevant text messages belonging to Kristen Trappett.

All parties must designate deposition transcripts as "Highly Confidential-Attorney's Eyes Only" or "Confidential" within five (5) business days of receipt of the final deposition transcript and must provide redacted copies to all parties.

Case-Mate's request that Vinci designate a 30(b)(6) witness to testify about Topic No. 7 is granted. The topic seeks the factual basis for an allegation that Vinci made in its Third Amended Complaint. A corporate witness should be able to testify solely about the facts underlying that allegation.

ACS's request for additional time with Case-Mate's 30(b)(6) witness is granted to the extent that ACS has an additional two (2) hours of time with the witness. ACS has agreed to forgo the depositions of three individuals, freeing up 10 hours of deposition time, for which Case-Mate would otherwise have to prepare witnesses. ACS would thus have total of four (4) hours with Case-Mate's 30(b)(6) witness. That amount of time is sufficient for ACS to inquire about topics relevant to its own claims, including topics related to the Monroe loan. ACS has not shown that it needs five (5) hours with this witness, particularly given that some of the testimony elicited from the 30(b)(6) witness by Vinci, Onward, and/or Candlewood will be relevant to ACS and its defenses against Case-Mate's

counterclaims. Additionally, the witness will already be subject to seven (7) hours of questioning as a 30(b)(6) witness and an additional seven (7) hours of questioning a week prior in his individual capacity.

Kate Spade's request to depose third parties Gabriel Zeitouni, Andrew Cytron, Mercatalyst, Inc., and Merchant Financial Group is denied. As discussed at the conference on December 6, 2024, ACS has consistently denied that it made actual sales of Kate Spade-branded goods after Judge Schofield's December 11, 2023 order. For this reason, Kate Spade was directed to provide documents showing actual sales or marketing of Kate Spade branded goods by ACS or its agents after December 11, 2023, in order to obtain permission to depose these non-parties, given the imminent close of fact discovery and the lengthy number of depositions that remain to be taken. See ECF No. 651 at 56-59. The documentation Kate Spade submitted on December 15, 2024 does not show actual sales by ACS or its agents after December 11, 2023, or marketing of Kate Spade branded goods after December 11. For example, ZEITOUNI008576 shows various payments between October 5, 2023, and December 8, 2023, from either Onward Brands LLC or Sonny Haddad. But neither payment indicates that it was for the sale of Kate Spade-branded goods *after* December 11, 2023. Moreover, Kate Spade can ask Mr. Haddad about these payments or it can ask Onwards during its 30(b)(6) deposition.

**SO ORDERED.**

DATED:   New York, New York
         January 14, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

3