UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VINCI BRANDS LLC,

                        Plaintiff,                  **23-cv-5138 (LGS) (VF)**
                                                      **23-cv-5409 (LGS) (VF)**

       -against-

COACH SERVICES, INC. et al,                              **ORDER**

                        Defendants.
------------------------------------------------------------------X
KATE SPADE LLC et al,

                        Plaintiffs,

       -against-

VINCI BRANDS LLC and ACS GROUP
ACQUISITIONS LLC,

                        Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

        On January 3, 2025, ACS Group Acquisitions LLC ("ACS") filed a letter motion seeking to compel non-party JP Morgan Chase ("Chase") to comply with a subpoena that was served on or about August 9, 2024. See ECF No. 453. ACS served the subpoena on Chase's registered agent and the subpoena sought documents related to a potential acquisition of Vinci Brands LLC and documents concerning Case-Mate's license agreement with Kate Spade, among other things. See ECF No. 453-3; ECF No. 453-2. Chase did not respond to the subpoena. Case-Mate filed a letter in opposition to the motion to compel. See ECF No. 457.

        Typically, "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023); see also

City of Almaty, Kazakhstan v. Ablyazov, No. 15-CV-05345 (AJN) (KHP), 2020 WL 1130670, at *1 (S.D.N.Y. Mar. 9, 2020) ("As a general matter, only recipients of a subpoena have standing to seek a protective order quashing or modifying the subpoena."). However, a non-subpoenaed party has standing to challenge a subpoena to a third party where "it has a privilege, privacy or proprietary interest in the documents sought." Universitas Educ., LLC v. Nova Grp., Inc., No. 11-CV-1590 (LTS) (HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013). "Information regarding a party's financial records may give rise to a privacy interest." Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P., No. 13-CV-1654 (RA) (HBP), 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014). Although Case-Mate typically would not have standing to challenge the subpoena served on Chase, given the nature of the documents sought by ACS's subpoena, it is not clear to the Court that Case-Mate does not have a privacy or other proprietary interest in the documents requested, such that Case-Mate could have standing to challenge ACS's motion to compel Chase's compliance with the subpoena. Further, it is not clear from ACS's motion at ECF No. 453 that it served notice of the motion to compel on Chase.

ACS is directed to submit a letter to the Court by **February 11, 2025**, indicating that it has served notice of the motion to compel and a copy of this order on Chase. If Chase wishes to oppose the motion to compel, it has until Friday **February 28, 2025** to file a letter with the Court either opposing ACS's motion or seeking an extension of time to do so. Finally, if Case-Mate has a privilege, privacy, or proprietary interest in the documents sought in the subpoena—such that it

2

could have standing to challenge the subpoena served on Chase—Case-Mate is directed to file a letter by **February 21, 2025**, explaining the basis for its standing to challenge the subpoena.

    **SO ORDERED.**

DATED:    New York, New York
               February 5, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge