UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCI BRANDS LLC<br><br>        Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>COACH SERVICES INC., KATE SPADE, LLC, TAPESTRY, INC., and CASE-MATE, INC.,<br><br>        Defendants,<br><br>and<br><br>CASE-MATE, INC.,<br><br>        Counterclaimant,<br><br>v.<br><br>VINCI BRANDS LLC, CANDLEWOOD PARTNERS, LLC, CWD ARMOR MANAGEMENT, LLC, ONWARD BRANDS, LLC, and ACS GROUP ACQUISITIONS, LLC,<br><br>        Counterclaim Defendants. | 23-CV-5138 (LGS) (VF)<br><br>**ORDER** |

**VALERIE FIGUEREDO, United States Magistrate Judge.**

At the close of fact discovery, the parties raised various disputes in several letters to the Court. See ECF Nos. 735, 741-42, 759, 764-65. The Court held a conference to address these issues on March 3, 2025. See ECF No. 784 ("3/3/25 Tr."). Below is a resolution of the outstanding issues.

- Case-Mate seeks an order requiring Vinci to properly prepare its Rule 30(b)(6) witness, Steve Latkovic, to testify as to topics 8 and 9 in the Rule 30(b)(6) notice and produce him for additional deposition time or, alternatively, preclude Vinci from arguing that any of its information was a "trade secret" or "confidential information" if it was not specifically identified in Vinci's 30(b)(6) deposition testimony to date. See ECF No. 735 at 1-3. Case-Mate's request is granted as follows: As discussed at the conference (3/3/25 Tr. at 22-23), Vinci will identify specific witnesses, other than its Rule 30(b)(6) witness, that it intends to rely on to support its claim that Case-Mate misappropriated a trade secret or

1

- confidential information. Vinci is precluded from arguing that any of Vinci's information is a trade secret or confidential information if it was not specifically identified in (1) Vinci's Rule 30(b)(6) deposition testimony, (2) the testimony of a specifically identified witness, as discussed at the conference and herein, or (3) Vinci's supplemental response to Interrogatory No. 5. At summary judgment or during expert discovery, Vinci cannot elicit new information from its Rule 30(b)(6) witness or its identified fact witnesses about Vinci's trade secrets or confidential information, if that information was not already testified to during the witness's deposition or disclosed in a document produced by Vinci during fact discovery.

- Case-Mate seeks an order requiring Onward and Vinci to provide an explanation as to the process for collecting, reviewing, and producing text and chat messages from its custodians. See ECF No. 735 at 4. Case-Mate also seeks an order requiring Onward and Vinci to run search terms across all custodial text messages. Id. Case-Mate's request is denied. Vinci and Onward have explained the process by which text messages and communications from other messaging platforms, such as Microsoft Teams and Google Chat, were searched for and collected. See ECF No. 741 at 4-5. Vinci and Onward also explained why the Wang/Haddad chat message from Microsoft Teams was belatedly produced. See 3/3/25 Tr. at 31-32. As Vinci indicated during the conference, it will confirm that there are no additional chat conversations on Microsoft Teams or any other messaging platforms between Wang and Haddad after August 31, 2023. See 3/3/25 Tr. at 34-35.

- Case-Mate seeks an order requiring Onward to produce documents responsive to Case-Mate's Third Set of Requests for Production. See ECF No. 735 at 6. Case-Mate also seeks an order requiring Vinci to produce documents responsive to Case-Mate's Fifth Set of Requests for Production. See ECF No. 735 at 5. Both requests are granted. The requests were timely served before the close of fact discovery and to the extent the requests seek documents not otherwise responsive to earlier document requests, Onward and Vinci are required to produce responsive, non-privileged documents.

- Case-Mate seeks an order requiring Candlewood and CWD to produce documents responsive to Case-Mate's Third Set of Requests for Production. See ECF No. 735 at 5. The request is granted. Case-Mate's request is narrowly targeted at discrete documents and the request was timely made before the close of fact discovery.

- Case-Mate's request for an order requiring ACS to produce documents responsive to Case-Mate's First Requests for Production is granted. See ECF No. 735 at 6-7. To the extent ACS has already produced documents that are directly responsive to a request, it can point Case-Mate to the specific bates numbers for those documents.

- Vinci seeks an order requiring Case-Mate to review the document production of PBD Worldwide, Inc. and de-designate any documents not properly marked as Attorneys'

2

Eyes Only ("AEO"). See ECF No. 759 at 1. Consistent with the protective order, Vinci is directed to identify specific documents it believes were improperly designated AEO. Case-Mate is then directed to re-review any specific documents identified by Vinci to determine if the AEO designation was improperly applied. If after that meet and confer process the parties still have a dispute with regards to the AEO designation of specific documents, the parties can submit a letter to the Court raising the dispute.

- Vinci requests an order requiring all parties to review metadata level privilege logs and produce all non-privileged communications. ECF No. 759 at 3. The parties, however, have been operating under a different process through which a challenge to an assertion of privilege on a specific document can be raised and the party who asserted the privilege can re-review that document, and if the challenge has merit, produce the document. Vinci has not set forth a basis to deviate from that process and require Kate Spade and Case-Mate to conduct a wholesale review of its metadata privilege log. Additionally, as indicated at the conference, Case-Mate has agreed to supplement its metadata privilege log given the subsequent productions. See 3/3/25 Tr. at 77.

- Vinci seeks an in camera review of 22 e-mails that Kate Spade has designated as protected by the attorney-client privilege. See ECF No. 759 at 3. Vinci believes that these e-mails contain non-privileged summaries and discussions between Charlotte Warshaw and Charlie Tebele and/or Steve Martin, the substance of which the individuals involved in the communications could not recall during their respective deposition. See 3/3/25 Tr. at 79-80, 84. The request for an in camera review is granted. Kate Spade is directed to submit to the Court, for in camera review, the 22 e-mails identified by Vinci in Exhibit E to ECF No. 759 by **May 16, 2025**.

- Vinci requests that Case-Mate and Kate Spade be required to log all privileged communications through June 23, 2023. See ECF No. 759 at 3. Case-Mate has already agreed to supplement its privilege log through that date. See 3/3/25 Tr. at 87, 94. Kate Spade logged all privileged communications through the June 14, 2023, which was a previously agreed-upon cut-off date. See 3/3/25 Tr. at 92-93. Vinci has not offered a basis to deviate from that agreed-upon date and require Kate Spade to log privileged communications after that June 14.

- Vinci's requests as it relates to Issue No. 5 in its February 14, 2025 letter at ECF No. 759 is denied. See ECF No. 759 at 4-5. As Case-Mate explained during the conference, it has corrected a prior inadvertent error and collected and produced all responsive e-mails that hit on the Kate Spade domain name "@katespade.com," resulting in a production of 2500 documents. See 3/3/25 Tr. at 95-96, 101.

3

This order resolves the issues raised at ECF Nos. 735, 741-42, 759, and 764-65.

**SO ORDERED.**

DATED:   New York, New York
         May 5, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge