UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
VINCI BRANDS LLC,                                             :
                                                              :
                                    Plaintiff,                :   23 Civ. 5138 (LGS)
                  -against-                                   :
                                                              :   **OPINION & ORDER**
COACH SERVICES, INC., et al.,                                 :
                                                              :
                                    Defendants.               :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Plaintiff Vinci Brands LLC ("Vinci") brings this action against Coach Services, Inc., Kate Spade, LLC ("Kate Spade"), Tapestry, Inc. and Case-Mate, Inc. ("Case-Mate"). On June 27, 2024, Case-Mate filed its answer, counterclaims against Vinci and third-party claims against Candlewood Partners, LLC ("Candlewood"), CWD Armor Management, LLC ("CWD"), Onwards Brands, LLC ("Onward") and ACS Group Acquisitions, LLC ("ACS"). Third-party Defendants CWD and Candlewood move to dismiss Case-Mate's third-party claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. For the following reasons, the motion is denied.

**I.      BACKGROUND**

Familiarity with the underlying facts is assumed. *See Vinci Brands LLC v. Coach Servs., Inc.*, No. 23 Civ. 5138, 2023 WL 5950690, at *1 (S.D.N.Y. Sept. 13, 2023) (granting in part and denying in part the parties' cross-motions for a preliminary injunction), *reconsideration denied*, 2024 WL 3675938 (S.D.N.Y. Aug. 5, 2024).

This action arises out of the termination of a license agreement between Kate Spade as licensor and Vinci as licensee for mobile phone cases and similar products. Kate Spade

terminated its license agreement with Vinci on June 14, 2023. Vinci brought this action on June 16, 2023. On June 26, 2023, Vinci filed an Amended Complaint adding as a Defendant Case-Mate, Vinci's replacement as licensee. Vinci has since filed a Second and Third Amended Complaint. Case-Mate responded with an answer, counterclaims and third-party claims, most recently in the operative document hereafter called the "Third-Party Complaint" (Dkt. No. 768).[1]

The Third-Party Complaint asserts claims against Vinci and, as relevant to this motion, CWD and Candlewood. The Third-Party Complaint alleges personal jurisdiction over CWD and Candlewood based solely on the ground that CWD and Candlewood are alter egos of Vinci, over whom personal jurisdiction is undisputed. Specifically, the Third-Party Complaint alleges that CWD has no employees, is the sole owner of Vinci and has no business other than its ownership interest in Vinci. The Third-Party Complaint alleges that Candlewood is the sole owner of CWD, is indirectly owned and directly controlled by Steve Latkovic and Glenn Pollack, and that Latkovic and Pollack, through CWD and Candlewood, "directed and controlled all of Vinci's affairs," including negotiating a deal with the principals of ACS and Onward for Onward to take over Vinci. The Third-Party Complaint asserts, "By virtue of CWD and Candlewood's control, undercapitalization and diversion of funds from Vinci, CWD and Candlewood each became alter egos of Vinci."

CWD and Candlewood disputed these allegations and moved to dismiss the claims against them for lack of personal jurisdiction. In support of their position, CWD and Candlewood submitted the Declaration of Latkovic (the "Latkovic Declaration"), sworn to on

---

[1] The document is titled "Case-Mate, Inc.'s Answer and Defenses to Vinci Branch, LLC's Third Amended Complaint and Amended Counterclaim" and purports to assert "counterclaims" against third-party defendants, CWD, Candlewood, Onward and ACS, who are third-party defendants and not counterclaims defendants.

2

August 30, 2024, describing himself as one of two members of Vinci, a limited liability company; a manager of CWD and the Managing Partner of Candlewood. The Latkovic Declaration denies that CWD or Candlewood controls Vinci. Specifically, neither CWD nor Candlewood "owns any share of Vinci" or made operational decisions for Vinci. Rather, CWD provided Vinci with management services, and Candlewood, an investment bank, assisted with the sale of Vinci's assets.

## II.    STANDARD

### A.    Rule 12(b)(2)

"[I]n deciding a pretrial motion to dismiss for lack of personal jurisdiction," a district court "may determine the motion on the basis of affidavits alone." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013);[2] *accord Cerovene, Inc. v. Fukuzyu Pharm. Co.*, No. 24 Civ. 464, 2025 WL 764171, at *3 (S.D.N.Y. Mar. 10, 2025). "[W]here a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *Dorchester*, 722 F.3d at 84; *Zama Cap. Advisors LP v. Universal Ent. Corp.*, No. 24 Civ. 1577, 2025 WL 968783, at *7 (S.D.N.Y. Mar. 31, 2025). "A prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion." *Dorchester*, 722 F.3d at 86; *accord Snowbridge Advisors LLC v. Eso Cap. Partners UK, LLP*, 859 F. Supp. 3d 401 (S.D.N.Y. 2022).

To make out a prima facie showing of personal jurisdiction, a plaintiff must establish "a statutory basis for [personal] jurisdiction" and that the exercise of personal jurisdiction comports

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

3

with constitutional due process principles." *Peterson v. Bank Markazi*, 121 F.4th 983, 1002 (2d Cir. 2024). "In the context of personal jurisdiction, due process demands that each defendant over whom a court exercises jurisdiction have some minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 269 (2d Cir. 2023).

Courts "construe the pleadings and affidavits in the light most favorable to [the plaintiff] and resolve all doubts in its favor." *Nat'l Union Fire Ins. Co. of Pittsburgh v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 71 (2d Cir. 2023). However, courts will not resolve "argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013); *accord Bowers v. Grupo Televisa, S.A.B.*, No. 23 Civ. 10870, 2025 WL 579978, at *3 (S.D.N.Y. Feb. 21, 2025).

New York law determines the jurisdictional questions in this case because both parties rely on New York law. *See In re Snyder*, 939 F.3d 92, 100 n.2 (2d Cir. 2019) ("[I]mplied consent is sufficient to establish the applicable choice of law."); *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (noting parties' implied consent to application of New York law where the parties' briefs "assume" that it controlled).

### B.     Alter-Ego Jurisdiction

One way to establish personal jurisdiction over a defendant otherwise lacking contacts with the forum is through alter-ego jurisdiction. *See Platinum & Palladium Antitrust Litig.*, 61 F.4th at 274 ("[I]t is well established that the exercise of personal jurisdiction over an alter ego corporation does not offend due process."). If the defendant "exerts so much control over the

4

subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction," courts can exercise personal jurisdiction over the defendant. *Id.*

To invoke alter-ego jurisdiction in New York, the plaintiff must show that "the record would justify . . . piercing the corporate veil." *Ferrante Equip. Co. v. Lasker-Goldman Corp.*, 258 N.E.2d 202, 204 (N.Y. 1970). "[P]iercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) such domination was used to commit a fraud or wrong against the plaintiff." *Dragons 516 Ltd. v. Knights Genesis Inv. Ltd.*, 211 N.Y.S.3d 268, 269 (1st Dep't 2024) (finding no personal jurisdiction based on an alter ego relationship because plaintiff failed to plead complete domination), *leave to appeal denied*, 252 N.E.3d 532 (N.Y. 2025).

> In considering domination, courts consider factors such as the disregard of corporate formalities; inadequate capitalization; intermingling of funds; overlap in ownership; officers, directors and personnel; common office space or telephone numbers; the degree of discretion demonstrated by the alleged dominated corporation; whether the corporations are treated as independent profit centers; and the payment or guarantee of the corporation's debts by the dominating entity.

*Cortlandt St. Recovery Corp. v. Bonderman*, 207 N.Y.S.3d 52, 55 (1st Dep't 2024), *leave to appeal granted sub nom. Cortlandt St. Recovery Corp. v. Wilmington Tr. Co.*, 250 N.E.3d 1204 (N.Y. 2025); *accord Midson v. Meeting House Lane Med. Prac., P.C.*, 217 N.Y.S.3d 629, 636 (2d Dep't 2024). To satisfy the second requirement of a fraud or wrong, the plaintiff must plead that the defendant, "through [its] domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against [the plaintiff] such that a court in equity will intervene." *Dragons 516 Ltd.*, 211 N.Y.S.3d at 269.

Courts in this circuit have applied a less onerous standard in establishing alter-ego *jurisdiction* than in imposing alter-ego *liability*, requiring only the first prong of complete domination. *See, e.g.*, *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 903-04 (2d Cir.

5

1981) (finding personal jurisdiction over an individual for acts done as an employee based on a prima facie showing that the employer was a shell corporation for the individual, but expressly not requiring allegations of fraud); *Bur-Tex Hosiery, Inc. v. World Tech Toys, Inc.*, No. 23 Civ. 3454, 2024 WL 989841, at *9 (S.D.N.Y. Mar. 7, 2024) (applying sole requirement of "complete domination" to find no alter ego relationship between two entities, and thus no personal jurisdiction); *CesFin Ventures LLC v. Al Ghaith Holding Co. PJSC*, No. 121 Civ. 1395, 2022 WL 18859076, at *4 (S.D.N.Y. Dec. 10, 2022) (collecting cases); *accord Cedar Cap. Mgmt. Grp. Inc. v. Lillie*, No. 656042/2020, 2023 WL 5073948, at *8 (N.Y. Sup. Ct. Aug. 7, 2023) (relying on federal cases to apply less onerous standard for alter ego jurisdiction versus alter ego liability). It is unnecessary to decide which standard applies, however, because the Third-Party Complaint satisfies both.

### III.   DISCUSSION

Personal jurisdiction exists over CWD and Candlewood because the Third-Party Complaint sufficiently alleges facts showing that both entities are alter egos of Vinci. The factual allegations are sufficient to make a prima facie showing that CWD and Candlewood (1) "exercised complete domination of" Vinci and (2) used such domination to commit a tortious act against Case-Mate, namely, the tortious interference with prospective business relations alleged in Count Three. *Dragons 516 Ltd.*, 211 N.Y.S.3d at 269.

#### A.   Complete Domination

The Third-Party Complaint pleads the following facts to make a prima facie showing that CWD and Candlewood exercised complete domination over Vinci: First, CWD, Candlewood and Vinci overlap in ownership. CWD is the sole owner of Vinci and has no business other than its ownership of Vinci. Candlewood is the sole owner of CWD. Candlewood is owned

6

indirectly by Latkovic and Pollack.  Second, the three entities share personnel.  Latkovic, while managing CWD and Candlewood, appointed three officers to Vinci and acted as "the de facto chief executive officer of Vinci."  Latkovic and Pollack directed Candlewood employees to work on behalf of Vinci and CWD by preparing financial information and marketing Vinci's assets for sale.  Third, CWD and Vinci intermingled their funds.  When certain assets of Vinci were sold in June 2023, the buyer paid CWD instead of Vinci.  Finally, while the allegation of CWD's efforts to keep Vinci undercapitalized is conclusory, the allegations that Latkovic caused Vinci to borrow funds from his friends and family, and that CWD and Candlewood marketed and sold certain Vinci assets, support the inference that CWD and Candlewood controlled Vinci's business and finances.  Construed in the light most favorable to Case-Mate, the Third-Party Complaint sufficiently pleads that CWD and Candlewood exercised complete domination over Vinci.

CWD and Candlewood vigorously dispute the factual accuracy of the Third-Party Complaint and contradict it with the Latkovic Declaration.  They are incorrect to assert that their motion to dismiss should be granted based on their submission of "uncontroverted evidence."  The district court case CWD and Candlewood cite in support does not state or imply such a rule and would not be binding in any event.  *See Giuliano v. Barch*, No. 16 Civ. 859, 2017 WL 1234042, at *11-12 (S.D.N.Y. Mar. 31, 2017) (declining to exercise jurisdiction based on the "wholly conclusory" nature of plaintiff's allegations and not due to the defendants' controverting evidence).  At the motion to dismiss stage, a Plaintiff need only make a prima facie showing by pleading facts that, if true, would support jurisdiction.  *Dorchester*, 722 F.3d at 85.  "A prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion."  *Id*. at 86.  The court must "construe the pleadings and affidavits in the light

most favorable to the plaintiff, resolving all doubts in its favor." *V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 131 (2d Cir. 2022).  In *Schwab Short Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103 (2d Cir. 2021), the Second Circuit reversed the District Court's dismissal for lack of personal jurisdiction and held that "it was error for the district court to resolve [a] factual dispute in Defendants' favor" based on the defendants' declarations contradicting the complaint.  *Id*. at 124.  The Court stated, "[T]his is not the stage in the litigation to decide competing factual assertions; in the absence of an evidentiary hearing, it was error for the district court to resolve that factual dispute in Defendants' favor."  *Id*.

### B. Misuse of Domination to Commit a Wrong

The Third-Party Complaint sufficiently pleads that CWD and Candlewood used their domination of Vinci to "commit a . . . wrong against" Case-Mate, the second prong of the veil-piercing analysis.  *Dragons 516 Ltd.*, 211 N.Y.S.3d at 269.  The Third-Party Complaint alleges that Latkovic, acting on behalf of Vinci, CWD and Candlewood, made false statements in the marketplace about Case-Mate, including about "its ability to perform under its license agreement with Kate Spade."  The Third-Party Complaint alleges that "ACS, Candlewood, and CWD agreed to and instructed Vinci personnel to send out communications to manufacturers and customers that disparaged Case-Mate."  The allegations support the inference that CWD and Candlewood, through Latkovic, directed Vinci's allegedly tortious conduct.  Construed most favorably to Case-Mate, the Third-Party Complaint adequately alleges that CWD and Candlewood "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against [Case-Mate] such that a court in equity will intervene."  *Id.*

For the first time in their reply, CWD and Candlewood argued that any allegations regarding their domination are irrelevant because they sold Vinci to ACS and Onward on June 5,

8

2023, before the alleged tortious communications were sent on June 21, 2023. Arguments raised for the first time in the reply brief are deemed waived and need not be considered. *See In re Orion HealthCorp, Inc.*, 95 F.4th 98, 103 n.2 (2d Cir. 2024). In any event, this argument is without merit because the sale of Vinci does not relieve CWD and Candlewood of their alter-ego status if they continued to exercise the requisite domination and control. *See Clingerman v. Ali*, 183 N.Y.S.3d 350, 351 (1st Dep't 2023) (affirming alter-ego relationship sufficient for personal jurisdiction between defendant entities and individual who sold them but still dominated and controlled them after the sale).

The Third-Party Complaint alleges that Vinci (and others) engaged in tortious conduct after the sale: "On or around June 21, 2023, Vinci, ACS, and Onward directly or indirectly sent letters . . . falsely representing that . . . Case-Mate had made 'false' statements about its ability to produce and sell Kate-Spade branded products." The Third-Party Complaint attributes the allegedly false statements to an intentional scheme by "Latkovic (acting on behalf of Vinci, CWD, and Candlewood) and Tebele (acting on behalf of Onward and ACS)." These allegations are sufficient to plead that CWD and Candlewood used their domination of Vinci to commit a wrong against Case-Mate.

IV.   **CONCLUSION**

For the foregoing reasons, CWD and Candlewood's motion to dismiss is **DENIED**. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 484.

Dated: June 11, 2025
      New York, New York

                                               **LORNA G. SCHOFIELD**
                                       **UNITED STATES DISTRICT JUDGE**