UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vinci Brands LLC<br><br>        Plaintiff and Counterclaim Defendant,<br><br>  v.<br><br>Coach Services Inc., Kate Spade, LLC, Tapestry, Inc., and Case-Mate, Inc.,<br><br>        Defendants,<br><br>  and<br><br>Case-Mate, Inc.,<br><br>        Counterclaimant,<br><br>  v.<br><br>Vinci Brands LLC, Candlewood Partners, LLC, CWD Armor Management, LLC, Onward Brands, LLC, and ACS Group Acquisitions, LLC,<br><br>        Counterclaim Defendants. | 23-CV-5138 (LGS) (VF)<br><br>**ORDER** |

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      A telephone conference to address the *ex parte* dispute at ECF No. 861 is hereby scheduled for **Friday, July 25, 2025 at 11:00 a.m.** Vinci Brands LLC's ("Vinci") former counsel at Benesch Friedlander Coplan & Aranoff and its current counsel at Dickinson Wright are directed to attend the telephone conference. Dial-in information will be sent directly to the parties by e-mail.

      The conference will be an *ex parte* proceeding because the dispute at ECF No. 861 could require the disclosure of information protected by the attorney-client privilege. The dispute stems from the withdrawal of Vinci's former counsel from the case. *See* ECF Nos. 822, 839, 841. Motions to withdraw, and related papers, are "routinely filed under seal when necessary to

1

preserve the attorney-client relationship." See, e.g., Broidy v. Glob. Risk Advisors LLC, No. 19-CV-11861 (MKV) (JW), 2023 WL 5447267, at *2 (S.D.N.Y. Aug. 24, 2023). Further, the practice to hold *ex parte* proceedings or review documents *in camera* is "a practice both long-standing and routine" in disputes implicating the attorney-client privilege. See, e.g., In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d 379, 386 (2d Cir.2003).

    The Court has reviewed the materials submitted at ECF No. 861, and the materials do not appear to concern discovery in this case or Case-Mate and Kate Spade. Accordingly, Case-Mate, Inc., Coach Services, Inc., Kate Spade LLC, and Tapestry, Inc. are not entitled, as of now, to access the filing at ECF No. 861, and nor are they entitled to attend the conference on July 25, 2025. See Thekkek v. LaserSculpt, Inc., No. 11-CV-4426 (HB) (JLC), 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (allowing papers filed in support of a motion to withdraw to be filed *ex parte* because "the confidential information they contain pertains only to the attorney-client relationship"). The requests at ECF Nos. 866 and 868 are therefore denied. After the conference on July 25, if it becomes apparent that an issue concerning Case-Mate or Kate Spade or discovery in this matter is implicated, the Court can address whether the transcript of the July 25 conference should be unsealed or whether an additional conference with all of the parties should be held. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 866.

    **SO ORDERED.**

DATED:    New York, New York  
              July 22, 2025

_____  
VALERIE FIGUEREDO  
United States Magistrate Judge