**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Vinci Brands LLC<br><br>       Plaintiff and Counterclaim<br>       Defendant,<br><br>   v.<br><br>Coach Services Inc., Kate Spade, LLC,<br>Tapestry, Inc., and Case-Mate, Inc.,<br><br>       Defendants,<br><br>   and<br><br>Case-Mate, Inc.,<br><br>       Counterclaimant,<br><br>   v.<br><br><br>Vinci Brands LLC, Candlewood Partners, LLC,<br>CWD Armor Management, LLC, Onward<br>Brands, LLC, and ACS Group Acquisitions,<br>LLC,<br><br>       Counterclaim Defendants. | **23-CV-5138 (LGS) (VF)**<br><br>**ORDER** |

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On May 23, 2025, Case-Mate submitted a letter, seeking to compel the production of certain documents from ACS, consistent with the Court's prior May 5, 2025 order. See ECF No. 830; see also ECF No. 815. In particular, Case-Mate seeks to compel ACS to produce documents responsive to Case-Mate's First Set of Requests for Production, dated November 7, 2024. The Court held a conference on August 12, 2025 to address the dispute. Following the conference, ACS submitted two agreements to the Court for *ex parte* review: a document titled "Co-Litigation Agreement" and a document titled "Common Interest Agreement." ACS has withheld both documents on the grounds of privilege.

1

Beginning with the Common Interest Agreement, the agreement is akin to a joint defense agreement and courts have concluded that such agreements are protected from disclosure by the work-product doctrine. See, e.g., R.F.M.A.S., Inc. v. So, No. 06-CV-13114 (VM) (MHD), 2008 WL 465113, at *1 (S.D.N.Y. Feb. 15, 2008). Accordingly, ACS appropriately withheld production of the agreement and properly included it in its privilege log.

As to the Co-Litigation Agreement, however, ACS has not carried its burden of demonstrating or explaining how the document is privileged or work product. The document does not contain anything that would qualify as an expression of attorney mental processes. Because the document is responsive to RFP Nos. 11-13 and it is not otherwise privileged, ACS is directed to produce the Co-Litigation Agreement.

Further, as discussed at the conference on August 12, 2025, ACS is directed to produce documents responsive to Case-Mate's First Set of Requests for Production, dated November 7, 2024. To the extent ACS supplemented its objections to those RFPs after the close of fact discovery, the supplemental objections are overruled as untimely. Additionally, the initial objections that were timely raised by ACS were overruled at the March 3 conference (and in the subsequent May 5 order), when the Court ordered ACS to produce responsive documents. Finally, because these document requests were discussed at the March 3, 2025 conference, ACS cannot point to its prior production of documents to argue that it has satisfied its obligation to provide responsive, non-privileged documents.

In its letter motion, Case-Mate sought an award of attorney's fees incurred in seeking ACS's compliance with the May 5 order. See ECF No. 830 at 3. Under Federal Rule of Civil Procedure 37(a)(5), "if a motion to compel is granted: 'the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or

2

attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion.'" Wager v. G4S Secure Integration, LLC, No. 19-CV-03547 (MKV) (KNF), 2021 WL 293076, at *3 (S.D.N.Y. Jan. 28, 2021) (emphasis in original) (quoting Fed. R. Civ. P. 37(a)(5)(A)). An award of costs and fees under Rule 37(a)(5) is improper, however, if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's [objections were] substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(i)-(iii). As discussed at the August 12 conference, to the extent ACS believed it had complied with the May 5 order by pointing Case-Mate to documents in ACS's production, that belief is understandable in light of the ambiguity in the wording of the May 5 order. As such, an award of fees here would be unjust, given that, as discussed at the conference, the Court's order could have been clearer.

The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 830.

**SO ORDERED.**

DATED:    New York, New York
          August 14, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

3