UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vinci Brands LLC<br><br>   Plaintiff and Counterclaim Defendant,<br><br> v.<br><br>Coach Services Inc., Kate Spade, LLC, Tapestry, Inc., and Case-Mate, Inc.,<br><br>   Defendants,<br><br> and<br><br>Case-Mate, Inc.,<br><br>   Counterclaimant,<br><br> v.<br><br><br>Vinci Brands LLC, Candlewood Partners, LLC, CWD Armor Management, LLC, Onward Brands, LLC, and ACS Group Acquisitions, LLC,<br><br>   Counterclaim Defendants. | 23-CV-5138 (LGS) (VF)<br><br>**<u>ORDER</u>** |

**VALERIE FIGUEREDO, United States Magistrate Judge.**

  At ECF No. 886, Vinci contends that "[d]espite Case-Mate's failure to meet and confer before raising any discovery dispute, this Court entertained Case-Mate's Motion to Compel, asked Case-Mate to identify the specific document requests still at issue, and then heard argument for nearly two hours on those requests." ECF No. 886 at 1. Because this statement misrepresents the events that led to the August 12 conference, below the Court recounts the relevant procedural history.

  The deadline for the close of fact discovery in this case was January 31, 2025. Before the close of fact discovery, Case-Mate timely served on Vinci a Fifth Set of Requests for Production (the "RFPs"). See ECF No. 884-3. Vinci served objections and responses to those RFPs on

1

January 30, 2025, one day before the close of fact discovery. See ECF No. 733-2. Because Vinci refused to produce any document responsive to any request, Case-Mate, on January 31, 2025, filed a letter seeking the Court's intervention. ECF No. 733. Given the imminent deadline for the close of fact discovery, Case-Mate had no time to attempt a meet and confer before raising the dispute with the Court. On February 5, 2025, Vinci submitted a response to Case-Mate's letter. ECF No. 741. On March 3, 2025, the Court heard argument on the merits of Case-Mate's letter motion. ECF No. 784. On May 5, 2025, the Court entered an order which resolved the discovery disputes that were raised prior to the March 3 conference by any party (see ECF No. 750) and had not already been resolved on the record during that conference. See ECF No. 815. As is relevant here, the Court granted Case-Mate's request for an order "requiring Vinci to produce documents responsive to Case-Mate's Fifth Set of Requests for Production." ECF No. 815 at 2. The failure to meet and confer was thus excused in light of the lack of time to schedule such a meeting before the close of fact discovery. Moreover, the Court overruled Vinci's objection that Case-Mate's RFPs were untimely. See ECF No. 815 at 2.

As this timeline makes plain, the August 12 conference was not the first time that Case-Mate's RFPs were addressed. The August 12 conference was necessary because despite the Court's May 5 order, Vinci had not complied with the order and produced documents responsive to Case-Mate's RFPs. See, e.g., ECF No. 827. Instead, on June 6, 2025—after the close of fact discovery, after the March 3 hearing to discuss Case-Mate's RFPs, and after the Court's May 5 order compelling Vinci to respond to those RFPs—Vinci served supplemental objections and responses to the RFPs. See ECF No. 845 at 1. To the extent Vinci now suggests that Case-Mate's motion to compel should be limited to specific RFPs discussed at the conference on August 12 (see ECF No. 886), that argument ignores that (1) specific RFPs were used to aid the discussion

but not to limit the extent of the Court's prior order or Case-Mate's letter motion, (2) Case-Mate's motion to compel was granted in its entirety on May 5, and (3) counsel raised no argument at the August 12 conference (during which the Court gave everyone who wanted to speak ample time to do so) that Vinci was taking the position that only the RFPs discussed at the conference were the subject of the motion to compel. Moreover, as Case-Mate has now shown, Vinci's expert relied on documents in his expert report that were responsive to Case-Mate's RFPs, but which were not previously produced by Vinci during fact discovery. See ECF No. 888.

At the conference on August 12, Vinci argued that it should not be required to search for documents after January 30, 2024, in responding to Case-Mate's RFPs, because the parties had mutually agreed to that date as a cut-off for the search for responsive documents. ECF No. 890 at 20. Notably, Vinci did not raise that objection in its January 31, 2025 objection and responses to Case-Mate's RFPs. See ECF No. 733-2; see also ECF No. 890 at 20. Nor did Vinci raise that argument at the March 3 conference. ECF No. 784. Conversely, Case-Mate contends that any agreement concerning a date cut-off was limited to specific RFPs and is not applicable to the document requests in Case-Mate's Fifth Set of RFPs. See, e.g., ECF No. 29-30. The Court did not rule on this issue at the August 12 conference because it asked the parties to provide some support for the contention that there was an agreement to limit the search for responsive documents in Case-Mate's Fifth Set of RFPs to January 30, 2024. It appears now that neither side can produce such support. See ECF Nos. 884, 886, 888.

As a compromise, to the extent any of the document requests in Case-Mate's Fifth Set of RFPs seek documents that can be located by Vinci without the use of a search string (*i.e.*, so-called go-get documents like agreements, drafts of agreements, balance sheets, financial

3

statements, ledgers, or amendments to agreements)[1], Vinci is hereby ordered to locate and produce such documents that are relevant and not otherwise protected from disclosure by the attorney-client privilege or work-product doctrine. Vinci is directed to locate such documents even if they were created after January 30, 2024. However, to the extent any of Case-Mate's RFPs seek e-mail communications or other documents for which Vinci would need to conduct a search using key words or search terms in order to locate responsive documents, Vinci is only ordered to search for and produce such documents that are responsive and not privileged through January 30, 2024.

**SO ORDERED.**

DATED:    New York, New York
          August 26, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

---

[1] For the avoidance of doubt, this list is illustrative and not meant to be a comprehensive definition of "go-get documents."