UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                     :
VINCI BRANDS LLC,                                    :
                              Plaintiff and          :
                              Counterclaim           :          23 Civ. 5138 (LGS)
                              Defendant,             :
                                                     :                ORDER
                     -against-                       :
                                                     :
COACH SERVICES INC., KATE SPADE, LLC,                :
TAPESTRY, INC., and CASE-MATE, INC,                  :
                              Defendants,            :
                                                     :
and                                                  :
                                                     :
CASE-MATE, INC.,                                     :
                              Counterclaim           :
                              Plaintiff,             :
                                                     :
                     -against-                       :
                                                     :
VINCI BRANDS, LLC; CANDLEWOOD                         :
PARTNERS, LLC, CWD ARMOR                              :
MANAGEMENT, LLC, ONWARD                               :
BRANDS, LLC, and ACS GROUP                            :
ACQUISITIONS, LLC,                                   :
                              Counterclaim           :
                              Defendants.            :
                                                     :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on August 27, 2025, Case-Mate, Inc. ("Case-Mate") filed a motion for entry

of default against Counterclaim Defendants CWD Armor Management, LLC and Candlewood

Partners, LLC (the "Candlewood Parties") (Dkt. No. 895).

        WHEREAS, on August 28, 2025, the Court directed the Clerk of Court to enter a

certificate of default as to the Candlewood Parties (Dkt. No. 900), and on September 2, 2025, the

Clerk of Court entered a Certificate of Default against the Candlewood Parties (Dkt. No. 904).

WHEREAS, on September 10, 2025, the Court issued an order to show cause why default judgment should not be entered and set a hearing for October 7, 2025 (Dkt. No. 908).

WHEREAS, on September 19, 2025, Case-Mate filed a motion for default judgment against the Candlewood Parties (Dkt. No. 914).

WHEREAS, pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." Courts consider the following factors in determining whether good cause exists: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry*, 779 F.3d 182, 186 (2d Cir. 2015); *accord G&G Closed Circuit Events, LLC v. Shahzad*, No. 20 Civ. 7487, 2021 WL 1163824, at *1 (S.D.N.Y. Mar. 26, 2021).

WHEREAS, on September 12, 2025, the Candlewood Parties filed a joint letter motion to set aside the clerk's certificate of default (Dkt. No. 909). The joint letter explained that the Candlewood Parties did not willfully disregard Case-Mate's Amended Counterclaims, and their failure to file a timely Answer was due to inadvertent docketing oversight. The letter explained that that the Candlewood Parties have meritorious defenses in their proposed Answer and Affirmative Defenses and that Case-Mate will suffer no prejudice if the default is set aside. It is hereby

**ORDERED** that the Certificate of Default is **set aside and vacated**, based on the Court's finding that the Candlewood Parties have shown good cause for doing so. This finding is based on the fact that the Candlewood Parties have made various efforts to participate in this proceeding, including participating in discovery. It appears that the Candlewood Parties did not willfully disregard Case-Mate's Amended Counterclaims. It also appears that the Candlewood

Parties have meritorious defenses in their proposed Answer and Affirmative Defenses. Case-Mate will suffer no prejudice if the default is set aside. For these reasons, the Court finds good cause for setting aside and vacating the Certificate of Default. It is further

**ORDERED** that Case-Mate's motion for default judgment is **DENIED**. It is further

**ORDERED** that the hearing scheduled for **October 7, 2025, at 3:00 P.M.**, is **cancelled**. It is further

**ORDERED** that the Candlewood Parties' request for leave to file their Answer and Affirmative Defenses is **GRANTED**. The Candlewood Parties shall file their Answer and Affirmative Defenses by **September 25, 2025**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 914.

Dated: September 22, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE