UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VINCI BRANDS LLC,

                        Plaintiff,                              **23-cv-5138 (LGS) (VF)**

               -against-                                    **ORDER**

COACH SERVICES, INC. et al,

                       Defendants.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

On July 17, 2025, Vinci raised a challenge to the use by Case-Mate of the attorneys-eyes-only ("AEO") designation on 8 documents it produced to Vinci. See ECF Nos. 863, 886. Vinci contends that these 8 documents were improperly designated AEO because they do not contain confidential information. Case-Mate opposed the request to declassify the documents. ECF No. 871. The issue was discussed at the conference on August 12, 2025. See ECF No. 890 ("Tr.") at 125-141.

- CM095681/CM095682. These documents contain a design created by Case-Mate during license negotiations with Kate Spade that occurred around early 2023. The design is proprietary and not publicly available. Disclosure of the design would be competitively harmful to Case-Mate because Onward is still in the business of making phone cases and thus competes with Case-Mate. See Tr at 134-35. To the extent Vinci wants to argue that this design by Case-Mate relied on a prior design by Vinci, even with an AEO designation, the design documents can be shared with Vinci's expert who can make such an argument. Additionally, Vinci's request to reopen the 30(b)(6) deposition so that a witness can answer questions about these two documents is denied. As Vinci acknowledged during the conference, Vinci knew

before the close of fact discovery that Case-Mate and Kate Spade were potentially in discussions about a licensing relationship in early 2023, and Vinci obtained testimony to that effect from at least one witness. Tr. at 136-137. Vinci has not demonstrated that it would be prejudiced from an inability to question a Case-Mate witness about this particular design, particularly because it already knew that Case-Mate and Kate Spade were having discussions about a licensing relationship, and there is no indication that the design in these documents was provided to Kate Spade. See Tr. at 140-41.

- CM053793/CM008852. Vinci acknowledges that these August and September 2023 emails between Case-Mate and Kate Spade contain competitively sensitive business information, but argue that such information is contained within one section of the e-mail string. ECF No. 863 at 2. Vinci wants Case-Mate to redact the portions of the e-mail string that contain highly confidential information and produce the remainder of the e-mail string without the AEO designation. Id. Case-Mate objects in part because it contends that the Protective Order does not provide for the question of confidentiality to be designated on a page-by-page basis within a single document. ECF No. 871 at 2. Not so. Paragraph 7 of the Protective Order states that "[d]esignation of documents or other material as containing Confidential Information or 'Highly Confidential – Attorneys' Eyes Only Information' . . . may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend 'Confidential' or 'Highly Confidential – Attorneys' Only' *on each page deemed Confidential* in a manner that does not interfere with the legibility of the

2

document." ECF No. 233 at ¶ 7 (emphasis added). Case-Mate's interpretation ignores the language in the Order that permits each party to affix the legend for AEO of confidentiality "on each page *deemed* Confidential" within a document. The addition of the "deemed Confidential" language following the "each page" reference indicates an intent for the party producing the document to ascertain, for each page in that document, whether that page contains material that should be designated AEO or confidential. If, as Case-Mate argues, the confidentiality designation is made to an entire document without regard to the information on each page within the document, then there would have been no need for the "deemed Confidential" language in the paragraph. The Protective Order, however, does not provide a mechanism for less than an entire page to be designated AEO; the designation is on a page-by-page basis within a document.

As it concerns CM53793, the portion that Vinci acknowledges is arguably confidential is contained within the same page as the portion of the discussion that Vinci contends is not highly-sensitive commercial information. But the language in the Protective Order does not indicate that the parties contemplated that only a portion of a page would be designated AEO or confidential. Regardless, even if the Protective Order had provided for such a mechanism, the entire discussion in CM53793 concerns a request to renegotiate business terms between Case-Mate and Kate Spade and Case-Mate's basis for requesting that renegotiation. As Vinci sold its assets to Onward and Onward competes with Case-Mate, the entire e-mail was properly designated AEO given that Case-Mate before making its "requested term

3

changes," identified factors that it believed had negatively impacted the licensing relationship and warranted a renegotiation.

CM008852 contains the e-mail string from CM053793, which as explained was properly designated AEO. The remainder of the e-mail string does not appear to contain information that might be considered highly confidential licensing related information. And Case-Mate has not argued otherwise as it relates to the e-mail discussion in the first two pages of the e-mail string, that precede, the e-mail from CM053793. Case-Mate instead argues that redacting non-confidential information is expensive and time-consuming, but that argument rings hollow when the redactions would only be necessary to two pages in an e-mail string. As such, Case-Mate is hereby directed to reproduce CM008852 with the e-mail from August 25, 2023 (CM053793) redacted.

- CM024709. The entire document was properly designated AEO because it contains the identity of Canadian customers of Kate Spade approved for Case-Mate and details regarding Case-Mate's position in the Canadian market. This information is competitively sensitive to Case-Mate because it competes with Onward and Onward is not otherwise privy to this information.

- CM80162. For the reasons discussed with regards to CM008852/CM053793, the portions of this text string that discuss Case-Mate's pricing information should be redacted and the remainder of the text messages produced. However, as discussed for CM053793, because the Protective Order does not provide a mechanism for less than

4

an entire page to be designated AEO or confidential, if any portion of a text string on one page is confidential, Case-Mate can deem the entire page confidential.

- <u>CM15953, CM005147</u>. It is not apparent that the discussions in CM15953 and CM005147 contains information that should have been designated as "confidential" under the Protective Order. Both documents should be reproduced without the designation.

- <u>CM044076</u>. This document was designated confidential and therefore Vinci can share the document with its client and independent experts. The text message string contains information, such as family pictures and telephone numbers, of a personal nature. Given that the confidentiality designation does not preclude Vinci's lawyers from sharing the document with its client or experts, requiring Case-Mate to go through this text message string (which is lengthy) to redact out the irrelevant, personal information is costly and burdensome.

- <u>CM042985</u>. This document was properly designated as confidential given the discussions about a potential business relationship with a contractor.

The Clerk of Court is hereby respectfully directed to terminate the letter motion at ECF No. 863.

**SO ORDERED.**

DATED:   New York, New York
         October 22, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge
