**DICKINSON WRIGHT** PLLC

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: December 1, 2025

The parties' motion to seal is GRANTED. Pursuant to the filing here and at ECF No. 975, the Clerk of the Court is respectfully directed to maintain the sealing at ECF No. 953-1 and remove the restrictions from 953, 953-2, 953-3, and 953-4. The Clerk of the Court is additionally requested to maintain the sealing at ECF No. 969-1 and remove the restrictions from 969, 969-2, 969-3, and 969-4. The Clerk of the Court is further directed to close the motions at ECF Nos. 968 and 974.

**VIA ECF**

The Honorable Valerie Figueredo
Daniel Patrick Moynahan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:    *Vinci Brands, LLC v. Coach Servs. Inc., et al.*, No. 1:23-cv-05138;

### Letter Seeking Sealing of Exhibit A to ECF 952 and 968

Dear Judge Figueredo:

Pursuant to ECF 970, Vinci Brands, LLC and Charles Tebele (the "Moving Parties") respectfully requests that the Exhibit E to ECF 952 and 968 remained sealed. Good cause exists to permanently seal Exhibit E, as it includes personal, confidential, and financially sensitive information. Accordingly, Vinci designated Exhibit E as "Confidential" under the Stipulation and Confidentiality Agreement and Order ("Confidentiality Agreement") (ECF 106). Such personal, confidential, and financially sensitive information is of no value to the public and should be protected, as contemplated by the Confidentiality Agreement.

A three-part analysis determines whether a document relating to a lawsuit should be made openly available. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). If the Court determines that the materials to be sealed are judicial documents (step one), then the Court must determine the weight of the presumption of access (step two), based on the "value of such information to those monitoring the federal courts." *See id.; see also United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Then the Court "must balance competing considerations against" the presumption of access (step three). *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). Because private financial information implicates significant privacy interests, such information is routinely sealed as it overcomes the strong presumption of public access. *See City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 5345, 2021 1177737, at *2 (S.D.N.Y. March 29, 2021) (granting motion to seal private financial information).

Here, Exhibit E contains the private banking information of two individuals, Charles Tebele and Michael Haddad. Such information is precisely the type of private financial information that warrants protection by this Court.

DICKINSON WRIGHT PLLC

Hon. Valerie Figueredo
November 25, 2025
Page 2

We thank you for your continued attention to this matter.

Respectfully submitted,

DICKINSON WRIGHT PLLC

/s/ *Paul A. Del Aguila*
Paul A. Del Aguila

*One of the Counsel for Vinci Brands, LLC and
Charles Tebele*