**DICKINSON WRIGHT**PLLC

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: December 15, 2025**

The request to seal is GRANTED. The Clerk of the Court is respectfully directed to seal the document at ECF No. 982-2 at the "SELECTED PARTIES" viewing level and close the motions at ECF Nos. 982 and 999.

December 12, 2025

**VIA ECF**

The Honorable Valerie Figueredo
Daniel Patrick Moynahan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *Vinci Brands, LLC v. Coach Servs. Inc., et al.*, No. 1:23-cv-05138;

**Letter Seeking Sealing of Exhibit 1 to Declaration of Erika Birg in ECF 982**

Dear Judge Figueredo:

Pursuant to ECF 985, Vinci Brands, LLC, Candlewood Holdings, LLC, Candlewood Partners, LLC, CWD Armor Management, LLC, Sonny Haddad, and Charles Tebele (the "Moving Parties") respectfully request that Exhibit 1 to the Declaration of Erika Birg (ECF 981 and 982), filed in support of Case-Mate, Inc.'s Opposition to Lazare Potter's Motion to Withdraw. remained sealed or, in the alternative, be publicly filed with redactions.  Good cause exists to permanently seal Exhibit 1 as it includes the confidential and sensitive business and financial information of the Moving Parties and non-parties, as well as the private information of Mr. Tebele and Mr. Haddad. [1]  Such confidential, financially sensitive, and personal information is of no value to the public and should be protected.

A three-part analysis determines whether a document relating to a lawsuit should be made publicly available. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). If the Court determines that the materials to be sealed are judicial documents (step one), then the Court must determine the weight of the presumption of access (step two), based on the "value of such information to those monitoring the federal courts." *See id.; see also United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Then the Court "must balance competing considerations against" the presumption of access (step three). *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted).  Confidential and sensitive business and financial information are compelling reasons for the sealing of documents. *See In re: B&C KB Holding GMBH*, 2023 WL 2021299 (S.D.N.Y. Feb. 14, 2023) ("courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information") and *In re China*

---

[1] Accordingly, Vinci and Candlewood designated Exhibit 1 as "Confidential" under the Stipulation and Confidentiality Agreement and Order ("Confidentiality Agreement") (ECF 233).

Hon. Valerie Figueredo
December 12, 2025
Page 2

*Construction Bank Corp.*, 2025 WL 3484796 (S.D.N.Y. Dec. 5, 2025) (sealing financial information regarding sources of revenue). The same holds true for confidential personal information, which implicates privacy interests, *In re: B&C KB Holding GMBH*, 2023 WL 20231299, and the confidential information of non-parties, *Johnson v. Esports Entertainment Group, Inc.*, 2023 WL 6035668, * 2 (S.D.N.Y. Sept. 14, 2023).

Here, while Exhibit 1 is technically a judicial document (as it was filed in support of Case-Mate's Opposition to Lazare Potter's Motion to Withdraw), it is ancillary to the resolution of that Motion. In fact, for the reasons set forth in Lazare Potter's Reply in Support of the Motion to Withdraw, the Court need not consider Exhibit 1 when ruling on the motion, which it granted earlier today. (ECF 998).

Accordingly—and because Exhibit 1 was filed in connection with a non-dispositive motion which has already been granted—the weight accorded to the presumptive right to public access to Exhibit 1 is a low or modest one. *See, e.g.*, *United States v. Amadeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (documents that play only a negligible role in the performance of Article III duties carry a low presumption).

Here, Exhibit 1 contains the confidential and sensitive business information of the Moving Parties. Specifically, Exhibit 1 contains business strategies and potential sources of revenue, the disclosure of which could harm the business of the Moving Parties and of non-parties, CWD Armor Management LLC, CWD Armor Lender LLC, Steve Latkovic, and Glenn Pollack. *See In re China Construction Bank Corp.*, (sealing information regarding sources of revenue); *Johnson*, 2023 WL 6035668 at *2 (sealing business and financial records of non-parties). Indeed, the parties to Exhibit 1 considered the information contained therein as Confidential and included a confidentiality clause to protect against disclosure. And when weighed against the modest presumption of access to a document filed in connection with a non-dispositive motion, the potential harm caused by public disclosure of Exhibit 1 is greater than that modest presumption of access. Accordingly, the Moving Parties respectfully submit that Exhibit 1 should be sealed in its entirety.

In the alternative, the Moving Parties respectfully submit that the Court allow them to submit a proposed redacted version of the Co-Litigation Agreement, to included redactions of the confidential and sensitive business and financial information, as well as redactions of personal data. *See Dinosaur Financial Group LLC v. S&P Global, Inc.*, 2025 WL 2977725, * 3 (S.D.N.Y. Oct. 21, 2025) (allowing redaction of strategic business practices and financial information).

We thank you for your continued attention to this matter.

DICKINSON WRIGHT PLLC

Hon. Valerie Figueredo
December 12, 2025
Page 3

Respectfully submitted,

DICKINSON WRIGHT PLLC

/s/ *Paul A. Del Aguila*
Paul A. Del Aguila

*One of the Counsel for Vinci Brands, LLC, Candlewood Partners, LLC, CWD Armor Management LLC, Charles Tebele, and Sonny Haddad*