**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

VINCI BRANDS LLC,

Plaintiff,

-against-

**23-CV-5138 (LGS) (VF)**

COACH SERVICES, INC., et al.,

**23-CV-5409 (LGS) (VF)**

Defendants.

---------------------------------------------------------------X

**OPINION & ORDER**

KATE SPADE LLC, et al.,

Plaintiffs,

-against-

VINCI BRANDS LLC and ACS GROUP ACQUISITIONS LLC,

Defendants.

---------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

Defendant Coach Services Inc., Kate Spade LLC, and Tapestry, Inc. (collectively, “KSNY”) moved to exclude the supplemental expert reports submitted by Vinci Brands, LLC (“Vinci”) and ACS Group Acquisition LLC (“ACS”) as untimely and for sanctions against Vinci and ACS pursuant to Federal Rules of Civil Procedure 26 and 37. See ECF No. 921. Vinci and ACS oppose KSNY’s motion. See ECF Nos. 934, 937. The Court held a conference to discuss this issue on October 17, 2025. See ECF No. 943.[1] For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

[1] This issue was also briefed in the related case, Kate Spade LLC et al. v. Vinci Brands LLC, 23-CV-5409. ECF Nos. 577, 582, 583. For ease of reference, the Court refers to the motions filed in Case No. 23-CV-5138, unless otherwise noted.

**BACKGROUND**[2]

On October 3, 2025, KSNY filed a letter motion to exclude the supplemental expert reports produced by Vinci and ACS, arguing that the reports were untimely and prejudicial. ECF No. 921 at 1.[3] Specifically, KSNY takes issue with the supplemental reports from ACS's damages expert Robert Lorenzo ("Lorenzo"), and Vinci's damages experts Ronald Friedman ("Friedman"), and Timothy Croushore ("Croushore"). Id. KSNY argues that Vinci and ACS engaged in improper "sandbagging" by revising their experts' errors at the eleventh hour, even though the errors had been identified by KSNY's experts weeks earlier. Id. KSNY seeks preclusion of the supplemental expert reports. Id. at 3. In the alternative, KSNY argues that it should be awarded its fees and costs incurred in (1) preparing this motion and preparing for the October 17 conference, (2) preparing its experts' analysis of the untimely reports, and (3) preparing for and taking any additional depositions. ECF No. 921 at 3.

Both Vinci and ACS argue that their supplemental expert reports were timely filed. See ECF No. 934 at 2; ECF No. 937 at 1-2. ACS also counters that the "supplement" provided by Lorenzo merely clarifies "several clerical and calculation inconsistencies" and "certain document references." ECF No. 937 at 1-2. ACS offered to reopen Lorenzo's deposition, which KSNY accepted. Id. at 2-3. Vinci, for its part, argues that the "supplemental reports clarify the initial reports . . . by refining and correcting calculations" that ultimately reduce the damages sought by Vinci. ECF No. 934 at 1. Vinci concedes that "the supplemental reports introduced revised damages calculations" and also offered to reopen Friedman's and Croushore's depositions. Id.

---

[2] The Court presumes the parties' familiarity with the relevant factual and procedural background of this case. The background information recounted herein is limited to that which is relevant to the instant motion.

[3] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the electronically generated pagination in those documents.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the duty to "supplement or correct" expert reports as it concerns "information included in the report and to information given during the expert's deposition" before the close of expert discovery. See Fed. R. Civ. P. 26(e)(2). Rule 37(c) of the Federal Rules of Civil Procedure provides the applicable sanctions, if any, for a party's untimely disclosure under Rule 26. Under Rule 37(c), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Rule 37(c) further provides that a court may "order payment of reasonable expenses, including attorney's fees, caused by the failure" to disclose or "may impose other appropriate sanctions." Fed R. Civ. P. 37(c)(1)(A), (C).

Despite the seemingly self-executing nature of the preclusion sanction contained in Rule 37, imposition of sanctions remains within the trial court's discretion; the text of the rule provides that, after affording the dilatory party an opportunity to be heard, the Court has the discretion to impose less severe sanctions. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2d Cir. 2006). Courts have "broad discretion" to determine the nature of any sanction that should be imposed under Rule 37 "based on all the facts of the case." AAIpharma Inc. v. Kremers Urb. Dev. Co., No. 02-CV-9628 (BSJ) (RLE), 2006 WL 3096026, at *5 (S.D.N.Y. Oct. 31, 2006) (citation omitted).

The preclusion of evidence is a "harsh remedy" and "should be imposed only in rare situations." Izzo v. ING Life Ins. & Annuity Co., 235 F.R.D. 177, 186 (E.D.N.Y. 2005) (quoting Update Art, Inc. v. Modiin Publ'n, Ltd., 843 F.2d 67, 71 (2d Cir. 1988)); see also, e.g., Ebewo v. Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) ("Courts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised

with discretion and caution."). "Before [granting] the extreme sanction of preclusion," a court "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." Outley v. City of N.Y., 837 F.2d 587, 591 (2d Cir. 1988).

It is KSNY's burden to show that Vinci and ACS "failed to timely disclose information" to support Rule 37 sanctions. See Lee Valley Tools, Ltd. v. Indus. Blade Co., 288 F.R.D. 254, 260 (W.D.N.Y. 2013) (citing In re Sep. 11th Liab. Ins. Coverage Cases, 243 F.R.D. 114, 124 (S.D.N.Y. 2007)). Vinci and ACS then bear the burden to prove that the late disclosure "was harmless or that there was substantial justification for the delay." See Peerless Network, Inc. v. AT&T Corp., No. 15-CV-870 (VM) (VF), 2022 WL 3700141, at * 4 (S.D.N.Y. Aug. 26, 2022).

## DISCUSSION

The party seeking sanctions must show that its adversary failed to timely disclose information required by Rule 26. See In re September 11th Liab. Ins. Coverage Cases, 243 F.R.D. at 125. KSNY has shown that here. ACS's and Vinci's supplemental reports are untimely because although the reports were submitted prior to the close of expert discovery, they came after the experts' depositions and addressed information that was known or available to the experts months earlier.

The deadline for the parties to serve opening expert reports was May 9, 2025, and the deadline to serve rebuttal expert reports was July 31, 2025; expert discovery was set to close on September 19, 2025. ECF No. 792 at 2; ECF No. 840 at 2; ECF No. 860 at 2; ECF No. 905 at 2. None of the Court's scheduling orders for expert discovery discussed a deadline for supplemental expert reports.

ACS produced Lorenzo's expert report on May 9, 2025. ACS provided an errata sheet on September 13, 2025. Lorenzo sat for a deposition on September 15, 2025. And Lorenzo provided his supplemental report on September 19, 2025, four days after his deposition. ECF No. 937 at 1.

Vinci's experts, Croushore and Friedman, submitted their expert reports on May 9, 2025. Friedman submitted a rebuttal report on July 31, 2025. Croushore and Friedman were deposed on September 4 and 5, 2025. And both experts submitted their supplemental reports on September 19, 2025, two weeks after their respective depositions. ECF No. 934 at 2. Friedman supplemented both his opening and rebuttal reports.

Despite serving the supplemental reports before the close of expert discovery, ACS and Vinci should have been aware of the errors addressed in those supplemental reports as early as July 31, 2025, when KSNY's experts pointed them out. ECF No. 921 at 2. The reports are therefore untimely. See Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 433 (S.D.N.Y. 2004) (noting that the duty to supplement is triggered where "a party, or more frequently [its] lawyer, obtains actual knowledge that a prior response is incorrect") (citation omitted); Sec. & Exch. Comm'n v. Ripple Labs, Inc., No. 20-CV-10832 (AT) (SN), 2022 WL 1154348, at *1 (S.D.N.Y. Apr. 19, 2022) (sanctioning plaintiff for serving supplemental expert report "on the last day of expert discovery . . . months after opening and rebuttal expert reports had been served," where "[t]he Court-issued discovery schedule contemplated opening and rebuttal expert reports but did not discuss supplemental reports").

However, despite their untimeliness, an analysis of the Softel factors does not warrant the harsh sanction of preclusion. When determining whether to preclude late discovery, courts consider the so-called Softel Factors: (1) the reasons for the delay in providing evidence; (2) the importance of the evidence precluded; (3) the prejudice to the opposing party from having to address the new evidence; and (4) the possibility of a continuance. Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997); see also Rekor Sys., Inc. v. Loughlin, No. 19-CV-7767 (LJL), 2022 WL 2063857, at *8 (S.D.N.Y. June 8, 2022) (quoting Rosado v.

Soriano, No. 16-CV-3310 (RA), 2021 WL 4192863, at *1 (S.D.N.Y. Aug. 6, 2021)) ("Preclusion is considered 'a drastic remedy' that is generally disfavored within the District.").

As to the first factor, neither ACS nor Vinci explain the delay in serving the supplemental reports. Instead, both contend that the reports were timely because they were served before the close of expert discovery. See ECF No. 937 at 1-2; ECF No. 934 at 2. But as discussed, the errors addressed in these supplemental reports were identified by KSNY months earlier and thus the supplemental reports should have been served earlier. For example, as it concerns Friedman, he did not discount to present value his calculation of lost future profits in his initial expert report, despite admittedly never having failed to do so. ECF No. 921 at 2-3; ECF No. 943 at 18-19. KSNY identified that error on July 31, 2025. ECF No. 921 at 2; ECF No. 943 at 19-20. This is an error Vinci's counsel could have, and should have, corrected before Friedman's deposition. As for ACS's expert, Lorenzo, KSNY's experts identified Lorenzo's errors in their rebuttal reports submitted on July 31, 2025. ECF No. 921 at 1. Yet, Lorenzo did not submit his errata sheets until September 13, 2026, and September 19, 2026. ECF No. 937 at 1-2.

Ultimately, however, this factor weighs against preclusion, because the reports were served before the close of fact discovery, and none of the Court's scheduling orders included a deadline for serving supplemental reports. See Ruffin v. Rana, No. 11-CV-5406 (MHD), 2013 WL 4834368, at *8 (S.D.N.Y. Sep. 4, 2013) (declining to exclude medical experts' examination reports where reports were served prior to deadline for expert discovery); Essilor Int'l SAS v. J.P. Morgan Chase Bank, N.A., No. 22-CV-3361 (LJL), 2024 WL 3905974, at *1-2 (S.D.N.Y. Aug. 22, 2024) (finding first Softel factor weighed against preclusion where party served untimely expert report prior to the close of expert discovery).

With respect to the second factor, the importance of the evidence precluded, this factor weighs slightly against preclusion. See Camacho v. Barrier Grp. Inc., No. 22-CV-1156 (AEK), 2024 WL 5200047, at *8 (S.D.N.Y. Dec. 23, 2024) (quoting Haas v. Delaware & Hudson Ry. Co., 282 F. App'x 84, 86 (2d Cir. 2008) (summary order)) ("Where evidence is of 'obvious importance' to a party's claims or defenses, the second factor weighs against preclusion."). KSNY argues that this factor favors preclusion because the "corrections result in relatively minor adjustments to the damages opinions" of ACS's and Vinci's experts, explaining that "Friedman's highest lost profits opinion, for example, changed from $75.3 million to $58.15 million; Croushore's damages opinion was revised from a range of $76 million–$85 million to $73 million–$82 million; and Lorenzo's values did not change at all (still $220 million)." ECF No. 921 at 2. In response, ACS avers that preclusion is not warranted because "while the supplemental errata does not modify the methodology, analysis, or final damages number, it does clarify the data [ ] Lorenzo considered in implementing his methodologies." ECF No. 937 at 3. And Vinci asserts that its "supplemental reports revise and clarify the specific damages sought by Vinci in this litigation," which is "critical evidence." ECF No. 934 at 2.

ACS and Vinci submitted the supplemental reports prepared by their respect experts to the Court for review. See ECF No. 943 at 38. A review of Lorenzo's "amendments" to his report shows that Lorenzo changed several financial figures by millions, such as changing "$165,640,000" to "$170,130,000," "$181,550,000" to "$187,555,000," "$41,640,000" to "$6,012,000," and "$40,000,000" to "$4,470,000." See id. at 27-28. Lorenzo also added sources for the balance sheet analysis that he conducted for three different time periods; his original report did not specifically identify the source documents for the numbers underlying his analysis and instead listed all sources collectively on the last page of the report. Id. at 23-27. As to

Friedman, Vinci's expert, his supplemental reports contain new exhibits and large sections of Friedman's original and rebuttal reports were altered by information contained in the supplemental reports. In particular, Friedman clarified his 2023 damages analysis in the scenario where Vinci's termination occurs on July 18, 2023, clarified his 2023 lost contribution margin calculation, reconciled his post-termination sales against July 18, 2023 inventory, reduced the inventory value by the cost of goods actually sold, and clarified the present value of his damages calculations. Friedman also added five paragraphs and a table to the conclusion of his opening report to clarify and conservatively update his damages methodology, added additional criticism of one of KSNY's experts, and appended seven new exhibits to his opening report and three new exhibits to his rebuttal report. Finally, Croushore's supplement added two updated valuation analyses of Vinci's damages.

Given these significant clarifications and revisions, particularly as it concerns the specific amount of damages sought by Vinci, the second Softel weighs against preclusion. See IBM Corp. v. Micro Focus (US), Inc., No. 22-CV-9910 (VB), 2024 WL 3346078, at *2 (S.D.N.Y. July 8, 2024) ("[E]ven evidence affecting a relatively small portion of the total damages may be sufficiently important under the second [ ] factor to justify denying preclusion."); Williams v. E. Meadow Union Free Sch. Dist., No. 21-CV-3310 (NJC) (JMW), 2025 WL 218829, at *6 (E.D.N.Y. Jan. 16, 2025) (finding that second factor "favor[ed] admitting [the expert]'s report because an alteration in the amount of damages awarded to Plaintiff correlates with an importance of the evidence"); see also Ripple Labs, Inc., 2022 WL 1154348, at *2 ("The second factor, the importance of [plaintiff's expert]'s testimony, supports allowing the report. I take no position on the report's evidentiary value but credit [plaintiff]'s claim that it is important to the case.").

Turning to the third factor, any prejudice to KSNY can be mitigated by permitting it to reopen the depositions of Lorenzo, Friedman, and Croushore. See Essilor Int'l SAS, 2024 WL 3905974, at *2 (concluding that third Softel factor weighed against preclusion because "any prejudice to [plaintiff] can be mitigated by permitting [plaintiff] to take the deposition of [defendant's expert]"); Mallet v. Makram, No. 22-CV-1604 (CM), 2026 WL 1693733, at *11 (S.D.N.Y. June 11, 2026) (same). And, indeed, counsel for KSNY conceded during the October 17 conference that "if all of our expenses are paid by [Vinci], then the prejudice is probably removed." ECF No. 943 at 23.

Turning to the final factor, a continuance is possible as a trial date has not been set.[4] See Maldonado v. Town of Greenburgh, No. 18-CV-11077 (KMK) (AEK), 2022 WL 21295040, at *7 (S.D.N.Y. Mar. 31, 2022), aff'd by, 2022 WL 2359800 (S.D.N.Y. June 30, 2022) (concluding that fourth factor "clearly weigh[ed]" against preclusion where no trial date had been set); Mallet, 2026 WL 1693733, at *11 (reasoning that factor weighed against preclusion where "a limited reopening of expert discovery will not disrupt [the Court's] schedule").

In sum, all four Softel factors weigh against preclusion, and thus the harsh remedy of preclusion is not warranted. Still, a shifting of costs "so as to avoid burdening [KSNY] with costs [it] would not have incurred" but for the untimely supplemental reports is appropriate. Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 157, 162 (S.D.N.Y. 2012) ("It is generally appropriate, at a minimum, to require a party that has not complied with its discovery obligations to pay the reasonable fees and costs incurred by the moving party in seeking . . . discovery sanctions."); see also BAT LLC v. TD Bank, N.A., No.

[4] Further, at the time KSNY was seeking to reopen the depositions of Lorenzo, Croushore, and Friedman, a summary judgment briefing schedule had also not yet been entered. See ECF No. 943 at 31-32, 41-44.

15-CV-5839 (RRM) (CLP), 2021 WL 9677801, at *6 (E.D.N.Y. Mar. 22, 2021) (party's failure to provide relevant report prior to expert's deposition, and providing supplemental report 24-hours before deposition, "convinces the [c]ourt that sanctions in the form of some portion of the fees and costs associated with the second deposition may be in order"). Here, the supplemental reports necessitated a reponing of the depositions of ACS's and Vinci's experts.

As discussed, see supra pp. 7, Lorenzo's September 19, 2025 "amendments" changed several figures in his opening report by millions of dollars and added new details about the exact sources of his calculations. And although ACS attempts to characterize Lorenzo's changes as only "clerical and calculation inconsistencies" and "clarif[ication] [of] certain document references" (ECF No. 937 at 1), the changes are significant enough to entitle KSNY to the opportunity to reopen Lorenzo's deposition to question him about those changes. With respect to Friedman and Croushore, as explained supra pp. 7, their supplemental reports revised and clarified the "specific damages sought by Vinci in this litigation," which warrants permitting KSNY to reopen the depositions to question Friedman and Croushore about the revisions and clarifications to "critical evidence." See ECF No. 934 at 2. Given the extensive changes, a reopening of the depositions is appropriate.

As explained at the October 17 conference, Lorenzo's deposition will be reopened for one hour, Croushore's deposition will be reopened for two hours, and Friedman's deposition will be reopened for three hours. ACS and Vinci are ordered to jointly and equally bear KSNY's reasonable attorney's fees for preparing this motion and preparing for the October 17 conference. ACS is ordered to pay KSNY's reasonable attorney's fees for KSNY's experts' analysis of the Lorenzo supplement, and preparing for and taking Lorenzo's additional deposition. Vinci is ordered to pay KSNY's reasonable attorney's fees for KSNY's experts' analysis of the Croushore

and Friedman supplements, and preparing for and taking Croushore's and Friedman's additional depositions.

## CONCLUSION

For the foregoing reasons, KSNY's motion is **DENIED** to the extent it seeks exclusion of the supplemental reports. KSNY's request for an award of attorney's fees and costs is **GRANTED**. ACS and Vinci are ordered to pay KSNY's reasonable attorney's fees and costs as discussed herein.

The Clerk of Court is respectfully directed to close the motion in 23-CV-5138 at ECF No. 921 and the motion in 23-CV-5409 at ECF No. 577.

**SO ORDERED.**

DATED: New York, New York
September 8, 2026

VALERIE FIGUEREDO
United States Magistrate Judge